**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States Securities and Exchange Commission,<br><br>    Plaintiff,<br><br>v.<br><br>Jonathan Larmore, et al.,<br><br>    Defendants. | No. CV-23-02470-PHX-DWL<br><br>**ORDER** |

  In this action, the SEC seeks a temporary restraining order ("TRO") and related equitable relief, including the appointment of a receiver and asset freeze. (Doc. 4.) On November 29, 2023, the Court issued an order denying the SEC's request to grant the TRO request without notice to the affected parties, setting a hearing on the TRO request for December 8, 2023, and establishing a briefing schedule. (Doc. 10.)

  Since the issuance of the order setting the TRO hearing, the Court and court staff have received inquiries from a number of non-parties who have expressed a desire to participate in the TRO hearing and be heard on the SEC's requests for relief. However, the general rule is that non-parties are not allowed to participate in court proceedings. Accordingly, any non-party that wishes to heard with respect to the SEC's TRO request must first file a motion to intervene under Rule 24 for the limited purpose of participating in the TRO hearing. *See, e.g., FTC v. MOBE Ltd.*, 2019 WL 6907696, *4 (M.D. Fla. 2019) ("While Synovus was permitted to appear to argue the merits of its relief from the TRO, the Court determined the Reserve Fund belonged to MOBE, was properly frozen, and

ordered it turned over to the receivership. At that point, Synovus' permission for its limited intervention ended. . . . Synovus was never granted full throated intervention."). *See also* 1 Gensler, Federal Rules of Civil Procedure, Rules and Commentary, Rule 24, at 730 (2022) (noting that although "[a] successful intervenor has full party status," "[a] person may seek to intervene—or be permitted to intervene—for a particular purpose only"). Any such motion must be filed by 3:00 pm Arizona time on December 7, 2023. If any party opposes any such limited intervention request, it must respond by 10:00 am on December 8, 2023.

Separately, the Court and court staff have also received inquiries from a number of non-parties who have expressed a desire to simply listen to the TRO hearing via Zoom. The Court respectfully declines to issue Zoom links to such non-parties—to the extent any member of the public wishes to attend this hearing (or any other hearing in federal court), he or she is welcome to do so but must attend in person. In contrast, the Court is allowing the parties and their attorneys to attend the TRO hearing via Zoom in an effort to effectuate Rule 1's mandate to reduce the cost and expense of litigation.

Dated this 6th day of December, 2023.

Dominic W. Lanza
United States District Judge