1

2
David T.B. Audley (IL #6190602)*
**CHAPMAN AND CUTLER LLP**
3
320 S. Canal Street
27th Floor
4
Chicago, IL 60606
Telephone: (312) 845-2971
5
audley@chapman.com
* *Pro Hac Vice Filed and Pending*

6

7
*Attorney for UMB Bank, N.A., as Trustee of the Forum (Louisville, KY) Ground Lease Backed Pass-Through Trust and as Trustee of the Mauna Lani (Kamuela, HI) Group Lease Backed Pass-Through Trust.*

8

9

**UNITED STATES DISTRICT COURT**

10
**DISTRICT OF ARIZONA**

11

12
**Securities and Exchange Commission,**

**Plaintiff,**
13

14
**v.**

**Jonathan Larmore, et al.,**
15

**Defendant.**
16

**No. CV-23-02470-PHX-DLR**

**LIMITED OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND RELATED EQUITABLE RELIEF**

17

18
     UMB Bank, N.A., by and through its undersigned counsel, respectfully makes this
19
limited opposition to the Securities and Exchange Commission's Motion for Temporary
20
Restraining Order and Related Equitable Relief ("*Motion*"), and requests that if this Court grants
21
the Plaintiff's Motion, its order thereon (1) recognize the proceedings currently pending in the
22
United States District Court for the Western District of Kentucky, *UMB Bank, N.A. v. JB Forum*
23
*Land, LLC, et al.,* Case No. 23-CV-575 (the "*Kentucky Foreclosure Matter*") and in the Circuit
24
Court of the Third Circuit of the State of Hawaii, *M360 v. AT ML Leasehold HI, LLC, et al.,* Civil
25
No. 3 CCV-23-259 (the "*Hawaii Foreclosure Matter*") and not grant any authority over the assets
26

- 1 -

being foreclosed upon in both the Kentucky Foreclosure Matter and the Hawaii Foreclosure Matter (inclusive of both the fee simple and leasehold estates in each Matter) to the receiver appointed by this Court; (2) except UMB from any litigation stay ordered by this Court so that UMB may proceed to judgment *in rem* against the Receivership Assets in both the Kentucky Foreclosure Matter and the Hawaii Foreclosure Matter; and (3) confirm that the receiverships appointed in relation to assets involved in both the Kentucky Foreclosure Matter and the Hawaii Foreclosure Matter may continue.  UMB respectfully shows as follows:

1.     UMB Bank, N.A. is a national banking association organized and existing under the laws of the United States of America.

2.     Defendants in the Kentucky Foreclosure Matter are JB Forum Land, LLC ("*JP Forum*"); AT Forum Louisville KY II, LLC ("*AT Forum*"); First Guaranty Bank (*"FGB"*); and Jonathan Larmore ("*Larmore*") (collectively the "*Kentucky Defendants*").  UMB and the Kentucky Defendants are respectfully parties to various loan, mortgage, and security agreements with UMB as lender (the "*Kentucky Loan Documents*") that are the subject of the Kentucky Foreclosure Matter.

3.     Cross Defendants in the Hawaii Foreclosure Matter are JB ML Land HI, LLC ("*JB ML*"); AT ML Leasehold HI, LLC ("*AT ML"*); Jonathan M. Larmore (*"Larmore"*); and Mauna Lani Resort Association ("*Mauna*") (collectively, the "*Hawaii Defendants*").  UMB and JB ML are parties to a Mortgage, Security Agreement, Assignment of Leases and Rents and Fixture Filing (the "*Hawaii Loan Document*") that is the subject of the Hawaii Foreclosure Matter.

4.     The Kentucky Defendants and the Hawaii Defendants are affiliates with Larmore as their principal.

5.     On September 27, 2023, UMB filed a complaint against the Kentucky Defendants alleging defaults under the Kentucky Loan Documents and seeking foreclosure on certain of the

property of the Kentucky Defendants. This action was filed in Kentucky state court but was removed to federal court. On May 24, 2023, the Western District of Louisiana, in a separate case involving certain collateral involved in the Kentucky Foreclosure Matter appointed Trigild, Inc. as the receiver over the Kentucky Defendants' leasehold interests described in the Kentucky Foreclosure Matter (the "*Trigild Receivership*").

6. The total principal indebtedness owed to UMB in connection with the Kentucky Foreclosure Matter is approximately $10,403,464.59, plus fees and costs.

7. A copy of the Trigild Receivership Order is attached hereto as **Exhibit A.**

8. The Kentucky Defendants are either main Defendants, Relief Defendants, or Receivership Entities in the instant action.

9. On September 6, 2023, UMB filed an answer to the Complaint in the Hawaii Foreclosure Matter and asserted a cross claim against JB ML alleging default by JB ML under the Hawaii Loan Document and seeking foreclosure of certain property pledged as security under the Hawaii Loan Document. Previously, on August 31, 2023, the Circuit Court of the Third Circuit of the State of Hawaii granted Plaintiff M360 WH-2FL Seller, LLC's motion for appointment of a receiver in the Hawaii Foreclosure Matter and appointed George R. (Rick) Robinson as receiver over the leasehold estate of certain of the Hawaii Defendants (the "*Robinson Receivership Order*").

10. A copy of the Robinson Receivership Order is attached hereto as **Exhibit B.**

11. The total principal indebtedness owed to UMB in connection with the Hawaii Foreclosure Matter is approximately $16,586,775.95, plus fees and costs.

12. Both Part VII, "Injunction Against Interference With Receiver" (Paragraph 16, et. seq.), and Part VIII, "Stay of Litigation" (Paragraph 18, et. seq.), of the Plaintiff's Proposed Order Appointing Receiver, Freezing Assets, and Imposing Litigation Injunction filed in this action

would ostensibly stay the Kentucky Foreclosure Matter and the Hawaii Foreclosure Matter and divest the above identified receivers from their current control of the receivership assets as defined in the Trigild and Robinson Receivership Orders.

13.     UMB does not generally oppose the relief requested by the Plaintiff in this action, but requests that this Court recognize the receiverships ordered in relation to the Kentucky Foreclosure Matter and the Hawaii Foreclosure Matter, and further order that UMB be permitted to proceed *in rem* against the assets being foreclosed upon in both the Kentucky Foreclosure Matter and the Hawaii Foreclosure Matter.

**WHEREFORE**, UMB prays that its limited opposition be sustained, and that any order appointing a receiver entered in this case recognize the receiverships ordered in relation to the Kentucky Foreclosure Matter and the Hawaii Foreclosure Matter, and further order that UMB be permitted to proceed *in rem* against the assets being foreclosed upon in both the Kentucky Foreclosure Matter and the Hawaii Foreclosure Matter, and for such other and further relief as is justified in the premises.

Dated: December 7, 2023

**CHAPMAN AND CUTLER LLP**

By: /s/David T.B. Audley
        David T.B. Audley (IL # 6190602)
        320 S. Canal St. 27th Floor
        Chicago, IL 60606
        *Pro Hac Vice Filed and Pending*

        *Attorney for UMB Bank, N.A.*

## CERTIFICATE OF SERVICE

I hereby certify that on December 7, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing.


s/ David T.B. Audley

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

| | | |
|---|---|---|
| **FIRST GUARANTY BANK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| | ) | |
| **JONATHAN M. LARMORE;** | ) | |
| **ARCITERRA STRATEGIC RETAIL** | ) | **Docket No.: 5:23-cv-00683** |
| **ADVISOR, LLC; ARCITERRA** | ) | |
| **STRATEGIC RETAIL-WHEATLAND IL,** | ) | |
| **LLC; ARCITERRA STRATEGIC** | ) | |
| **RETAIL-BRIARGATE & LINDEN IL,** | ) | |
| **LLC; ARCITERRA STRATEGIC** | ) | |
| **INCOME CORPORATION -** | ) | |
| **BELLEVILLE CROSSING IL; AT** | ) | |
| **WHEATLAND NAPERVILLE IL, LLC;** | ) | |
| **AT BRIARGATE IL, LLC; AT** | ) | |
| **BELLEVILLE CROSSING IL-INLINE,** | ) | |
| **LLC; AT FORUM LOUISVILLE KY II,** | ) | |
| **LLC; AT BLOOMINGTON IL, LLC;** | ) | |
| **ARCITERRA USB ROCHESTER MN,** | ) | |
| **LLC; AND SPIKE HOLDINGS, LLC,** | ) | |
| | ) | |
| **Defendants** | ) | |

### ORDER OF APPOINTMENT OF RECEIVER

Plaintiff has filed its *Ex Parte* Emergency Consent Motion for Appointment of a Receiver in this case (the "**Motion**").  The Court grants the Motion.

The property subject to the Motion, and this Order, is all right, title and interest, including leasehold interests, of the Defendants in (1) immovable property, the legal descriptions of which are set forth on **Exhibit A** attached hereto, together with the improvements thereon, (2) all income derived from such immovable property, (3) all movable property, both tangible and intangible, of Defendants, and all other assets of Defendants (all of which, collectively, is referred to in this Order as the "**Property**").

Included within the Property are multiple commercial properties, commonly referred to as follows:

a.  Crossroads at Briargate (South Elgin, IL),
b.  Belleville Crossing Inline (Belleville, IL),
c.  Bloomington Shoppes (Bloomington, IL),
d.  Forum Center (Louisville, KY),
e.  US Bank Center (Rochester, MN), and
f.  Wheatland Marketplace (Naperville, IL),

(collectively, the "**Commercial Property**").  Each Commercial Property is owned and operated as a "strip mall" with various tenants.

The Court, being fully advised, having fully considered the matter, for good cause shown, hereby finds and orders as follows, with all such orders pertaining to the rights of the Defendants in the Property:

(a)  Trigild, Inc. (hereinafter referred to as the "**Trigild**"), is hereby appointed as the receiver to take possession of and administer all of Defendants' rights with respect to the Property. Receiver possesses the necessary qualifications to serve as Receiver in this matter, is presently managing the Property, and is not an attorney or related to any party to this action.

(b)  Effective immediately, the Receiver is authorized to take and have complete and exclusive control, possession and custody of all of Defendants' right, title and interest in the Property.

(c)  Effective immediately, the Receiver is authorized to take any and all actions the Receiver deems reasonable and appropriate to preserve, secure, manage, maintain and safeguard Defendants' interests in the Property.

(d)  The Defendants may have payment obligations that are critical to the operation and maintenance of the Property.  The Receiver is authorized (but not obligated) to enter into further lending transactions by which Plaintiff may, but has no obligation to, lend monies to the Receiver

(on a nonrecourse basis as to Receiver) to enable the Receiver to perform its duties hereunder, to protect and preserve Defendants' interests in the Property, and to perform Defendants' payment obligations, all in the Receiver's discretion and in consultation with Plaintiff, in which case any monies loaned shall be, without need of further action on the part of the Receiver or Plaintiff, secured by a first and prior lien and security interest on the Property in favor of Plaintiff, pursuant to Plaintiff's existing Loan Documents.

(e)     Effective immediately, Defendants shall deliver to the Receiver any portion of the Property that is in the possession or control of one or more of the Defendants, without any right of offset or recoupment, including: (1) books, records and files with respect thereto; (2) cash, and any accountings of thereof; (3) documents pertaining to any ongoing litigation; (4) documents pertinent to any licenses maintained in connection with the Property, and all documents pertinent thereto; (5) contracts and agreements entered into in connection with the Property, and all documents pertinent thereto; (6) documents pertaining to any property tax appeals, tax refunds, or insurance claims; (7) Defendants' FEINs; and (8) other records pertaining to the Property.

(f)     Effective immediately, Defendants and all persons acting under their direction are enjoined from in any manner disturbing the Receiver's possession of Defendants' interests in the Property and are prohibited and restrained from disposing of, dissipating, mishandling or misappropriating any of Defendants' interests in the Property or other such property, and are prohibited and restrained from collecting any monies that may be payable to any Defendant.

(g)     The Receiver shall have access to the Property to the same extent and right of Defendants, and shall allow Plaintiff and its agents like access to the Property.

(h)     The Receiver may market and, upon further Court order, sell the Property to the extent permitted by applicable law.

(i)      The Receiver is authorized to make any payments and disbursements, in the ordinary course of business, that would otherwise be made by any one or more of the Defendants, as may be needed and proper for the preservation of the Property.  Notwithstanding, the Receiver shall not be liable for pre-Receivership debts.

(j)      The Receiver is authorized to contest, protest or appeal any ad valorem tax or assessment, real estate tax, personal property tax or other tax or assessment pertaining to the Property. (Any refund or reimbursement of taxes whether paid by the Receiver or any Defendant shall be deemed Income to be applied as provided above).  The Receiver is specifically authorized to substitute as the party in interest in any pending action or appeal of the assessed valuation of the Receivership Property and prosecute such action or appeal in its name or the name of Defendants.

(k)      The Receiver is authorized to engage or otherwise employ and pay attorneys, accountants, other professionals, managing agents, and any other persons, firms or corporations, as Receiver may in its discretion deem appropriate or desirable to implement and effectuate the rights and powers granted herein.

(l)      The Receiver is authorized to enforce, reject, modify, terminate any leases or unexpired contracts of the Defendants that are burdensome on the Receivership Estate, with no further obligation or liability, including the liability to pay any termination fee under such terminated contract.

(m)      The Receiver is authorized to receive and collect any and all sums due and owing to any Defendant, whether the same are now due or hereafter become due and owing, and to deposit such sums into an account in such Defendant's name using Defendant's FEIN (which sums shall not be commingled with any other funds) established and maintained by the Receiver.  The Receiver is authorized to take and have complete and exclusive control, possession and custody of

4

any and all bank accounts, credit card receipts and credit card accounts, ACH logs and information, demand deposits, reimbursement rights, bank deposits, security deposits, and all other forms of accounts, accounts receivable, payment rights, cash, and cash equivalents relating in any manner to the ownership or operation of the Property. All banks holding funds relating to the Property or Defendants' operation of the same shall turn over all such accounts and proceeds to the Receiver upon presentment of this Order.  The Receiver is authorized to take and have complete and exclusive control over any and all bank accounts of Defendants and all balances and funds therein.  Furthermore, the Receiver is authorized (but not obligated) to (a) continue to maintain and utilize Defendants' existing bank accounts (which shall be used exclusively for deposits and disbursements of the revenues and funds of the Receivership estate), and (b) direct payors to deposit funds due and owing to Defendants in Defendants' existing bank accounts.  In addition, the Receiver is authorized (but not obligated) to maintain one or more additional bank accounts in its own name, as Receiver, into which it may deposit some or all of the revenues and funds of the Receivership estate and from which it may make disbursements for the costs and expenses of the Receivership estate.

(n)      The Receiver is authorized to continue any current insurance policies of any Defendant in place and is authorized to purchase further insurance as the Receiver deems appropriate. In addition, all insurance companies shall make the required changes to named insureds, additional insureds and loss payees, as applicable, at no further cost as the Receiver may designate, in its sole discretion.  Without limiting the foregoing, the Receiver may terminate all insurance and obtain new replacement policies (in amounts and on terms consistent with the Plaintiff's mortgage).  All refunds delivered to the Receiver on account of any insurance policies shall constitute Receivership Property and shall be subject to Plaintiff's liens and security interests

under the Loan Documents.  The Receiver shall add the Plaintiff as mortgagee insured and loss payee under any and all property insurance policies obtained by the Receiver and as additional insured under any and all casualty insurance policies obtained by the Receiver.  The Receiver shall add Defendants as additional insured where appropriate under any and all insurance policies obtained by the Receiver.  The Receiver shall be an additional named insured on all applicable policies in relation to the Property obtained/maintained by the Defendants.

(o)     The Receiver is authorized to take possession and control of all of Defendants' rights under licenses, permits or other government issued documents necessary for the continued operation of the Property, to the extent permitted by applicable law.  This shall include licenses or permits even if the license/permit is not issued in the name of the Defendants.  If the issuing agency requires that the Receiver apply for new license, permit or other document, then, to the extent permitted under applicable law, the Receiver shall be allowed to continue to operate under the current permit until the new one is issued to ensure no disruption of service occurs to the extent permitted by applicable law.

(p)     The Receiver is not required to prepare and file tax returns with respect to the Property, and the Receiver is not responsible for the preparation of any tax returns for any Defendant. Receiver shall have no obligation to pay pre-receivership debts, obligations or taxes of Defendants.

(q)     The Receiver is authorized to, in its discretion, institute, prosecute, defend, compromise and/or intervene in or become a party to such actions or proceedings in state or federal courts which may in the Receiver's opinion be necessary for the protection, maintenance and preservation of Defendants' interests in the Property, or for the carrying out of the terms of any order of the Court affecting the Property, and to in its discretion defend against any action brought

against any Defendant. The Receiver is authorized to hire legal counsel and to pay its counsel reasonable fees to represent the Receiver in matters related to the Receivership and the Property.

(r)     The Receiver is authorized to issue demands in the name of the Receivership upon the U.S. Postal Service, or any other public or private entity, to gain exclusive possession and control of such postal boxes as may have been used by Defendants and/or their agents for the receipt of rent, income, and other mail related to the Property.  Receiver is authorized to open all mail addressed to Defendants, their agents, employees or representatives, or all persons or entities acting under or in concert with Defendants or their management company and received at the Property. Receiver is authorized to make copies of such received mail and then forward the mail to Defendants, their agents, employees, or representatives, or all persons or entities acting under or in concert with Defendants.

(s)     The Receiver is directed to file with the Court and serve on parties of record, within 60 days of entry of the order of the Court, and not less than quarterly thereafter, and within 60 days after termination of the Receiver's appointment, full and complete reports, under oath, detailing receipts, disbursements and transactions affecting the Property and that, at the option of Lender, such reports may be submitted to the Clerk of the Court under seal and shall not be available for public inspection without further order of the Court. The Receiver is also directed to provide Plaintiff with monthly interim reports beginning within 30 days of entry of the order of the Court. Upon termination of the Receiver, in consideration of Receiver's preparation of a final accounting, Receiver shall receive a one-time wind-down fee equal to one month's Management Fee. Further, upon termination, the Receiver shall have the authority to retain sufficient funds to pay its final bills and expenses.

(t)     The Receiver is not required to post a surety bond.

(u)     No person or entity may file suit against the Receiver, in his capacity as Receiver, unless otherwise authorized in advance by this Court.

(v)     The Receiver, and those agents acting under Receiver's control, shall have no personal liability in connection with any obligations owed by any Defendant to its creditors, and no creditor of the Defendant, other than Plaintiff, shall have the right to seize or attempt to seize any of the Property delivered to the Receiver hereunder.

(w)     The Receiver, and those agents and any property manager acting under Receiver control, shall have no personal liability in connection with their conduct in the course of this receivership, except for claims due to their gross negligence, gross or willful misconduct, malicious acts. The costs associated with any and all claims brought against the Receiver, except in the event of gross negligence, shall be an operating expense including insurance premiums, deductibles, retentions, costs, expenses, attorneys' fees and settlements costs.

(x)     The Receiver may be removed upon 15 days written notice by Plaintiff that Plaintiff desires such removal, with a copy of such notice lodged with the Court, or upon an order of the Court, in which event the Court shall appoint a substitute Receiver to be recommended by Plaintiff. Further, in the event of a sale of the Loan Documents or control over the Loan Documents is transferred to a party unaffiliated with Plaintiff, then the Receiver may withdraw as Receiver upon fourteen (14) days written notice to the Parties and this Court.

(y)     Nothing contained in this Order shall be construed as obligating the Receiver to advance its own funds in order to pay the costs and expenses of the Receivership that have been approved by the Plaintiff and the Court.

(z)     The Receiver may apply at any time to the Court, with notice to all other parties in this case, for further instruction and for further power necessary to enable the Receiver to properly fulfill its duties.

(aa)    The Receiver shall be compensated at the following rates:

-Receivership:  $300/hour with a $3,000 monthly minimum

-Property Management:  4% with a $1,500 monthly minimum/property

-Accounting:  $250/property

The Receiver further has the right to receive reimbursement of reasonable out-of-pocket expenses of the Receiver. In the event there are insufficient funds from the operation of the Property to pay all amounts due to the Receiver or other agent or contractor engaged by the Receiver, Plaintiff shall fund such amounts due to Receiver or other agent or contractor engaged by the Receiver.

(bb)    The entry of this Order shall not in any manner prejudice any of the other rights and remedies of Plaintiff under its Loan Documents or under applicable law, any of which may be exercised by Plaintiff without the need for Plaintiff to apply to this Court to request authorization to exercise the same, and without the need of any further order of or leave granted by the Court.

(cc)    The entry of this Order shall not in any manner preclude any consensual resolution that may be reached between Plaintiff and Defendants, and the Receiver shall abide by the terms of any such consensual resolution.

(dd)    Plaintiff shall not become a mortgagee in possession as a result of this Order.

(ee)    Banks holding accounts and/or funds in the name of any Defendant shall turn over all such accounts and funds to the Receiver upon presentment of this Order.

May 24, 2023

The Honorable ~~Brian K. Epps~~ Mark L. Hornsby
United States District Court , U.S. Magistrate Judge
Western District of Louisiana, Shreveport Division

**EXHIBIT A**

PARCEL 1:

LOT 5 IN KOROLUK SUBDIVISION, BEING A SUBDIVISION OF PART OF THE NORTHWEST 1/4 OF SECTION 10, TOWNSHIP 37 NORTH, RANGE 9 EAST OF THE THIRD PRINCIPAL MERIDIAN, ACCORDING TO THE PLAT THEREOF RECORDED JUNE 29, 1998, AS DOCUMENT NUMBER R98-074104, ALL IN WILL COUNTY, ILLINOIS.

PROPERTY IDENTIFICATION NUMBER: 07-01-10-101-005-0000

PARCEL 2:

LOT 4 IN KOROLUK LOT 4 RESUBDIVISION, BEING A PART OF THE NORTHWEST 1/4 OF SECTION 10, TOWNSHIP 37 NORTH, RANGE 9 EAST OF THE THIRD PRINCIPAL MERIDIAN, ACCORDING TO THE PLAT THEREOF RECORDED AUGUST 7, 2001 AS DOCUMENT NUMBER R2001102766 WILL COUNTY, ILLINOIS.

TOGETHER WITH THE RIGHTS UNDER THOSE EASEMENTS FOR INGRESS AND EGRESS FOR THE BENEFIT OF PARCELS 1 AND 2 AS CREATED BY THE PLAT OF KOROLUK SUBDIVISION RECORDED JUNE 29, 1998 AS DOCUMENT NUMBER R98-074104, AND THE PLAT OF KOROLUK LOT 4 RESUBDIVISION RECORDED AUGUST 7, 2001, AS DOCUMENT NO. R2001102766.

PROPERTY IDENTIFICATION NUMBER: 07-01-10-101-010-0000

PARCEL 3:

UNIT A IN WHEATLAND MARKET PLACE LOT 7 CONDOMINIUM, AS DELINEATED ON A PLAT OF SURVEY OF THE FOLLOWING DESCRIBED TRACT OF LAND: LOT 7 IN KOROLUK LOT 4 RESUBDIVISION OF THE NORTHWEST QUARTER OF SECTION 10, TOWNSHIP 37 NORTH, RANGE 9, EAST OF THE THIRD PRINCIPAL MERIDIAN, ACCORDING TO THE PLAT THEREOF RECORDED JUNE 29, 1998 AS DOCUMENT NO R98-074104, IN WILL COUNTY, ILLINOIS, WHICH PLAT OF SURVEY IS ATTACHED AS EXHIBIT "A" TO THE DECLARATION OF CONDOMINIUM RECORDED SEPTEMBER 2, 2003 AS DOCUMENT R2003216485, AND AS AMENDED AND RESTATED BY INSTRUMENT RECORDED JUNE 11, 2004 AS DOCUMENT R2004105649; TOGETHER WITH ITS UNDIVIDED PERCENTAGE INTEREST IN THE COMMON ELEMENTS.

PROPERTY IDENTIFICATION NUMBER: 07-01-10-101-013-1001

PARCEL 4:

UNIT C IN WHEATLAND MARKET PLACE LOT 7 CONDOMINIUM, AS DELINEATED ON A PLAT OF SURVEY OF THE FOLLOWING DESCRIBED TRACT OF LAND: LOT 7 IN KOROLUK LOT 4 RESUBDIVISION OF THE NORTHWEST QUARTER OF SECTION 10, TOWNSHIP 37 NORTH, RANGE 9, EAST OF THE THIRD PRINCIPAL MERIDIAN, ACCORDING TO THE PLAT THEREOF RECORDED JUNE 29, 1998 AS DOCUMENT NO R98-

74104, IN WILL COUNTY, ILLINOIS, WHICH PLAT OF SURVEY IS ATTACHED AS EXHIBIT "A" TO THE DECLARATION OF CONDOMINIUM RECORDED SEPTEMBER 2, 2003 AS DOCUMENT R2003216485, AND AS AMENDED AND RESTATED BY INSTRUMENT RECORDED JUNE 11, 2004 AS DOCUMENT R2004105649; TOGETHER WITH ITS UNDIVIDED PERCENTAGE INTEREST IN THE COMMON ELEMENTS.

TOGETHER WITH EASEMENTS CONTAINED IN AND CREATED BY A RECIPROCAL CROSS-ACCESS EASEMENT AGREEMENT WITH COVENANTS, CONDITIONS AND RESTRICTIONS, RECORDED SEPTEMBER 2, 2003 AS DOCUMENT NO. R2003216483, FOR THE BENEFIT OF PARCEL 2, PARCEL 3 AND PARCEL 4 HEREIN.

TOGETHER WITH NON-EXCLUSIVE PRIVATE ACCESS EASEMENTS AND NON-EXCLUSIVE PRIVATE UTILITY EASEMENTS AS CREATED BY THE PLAT OF KOROLUK'S SUBDIVISION RECORDED JUNE 29, 1998 AS DOCUMENT NUMBER R98-74104, AND THE PLAT OF KOROLUK LOT 4 RESUBDIVISION RECORDED AUGUST 7, 2001, AS DOCUMENT NO. R2001102766, FOR THE BENEFIT OF PARCELS 1, 2, 3 AND 4 HEREIN.

TOGETHER WITH NON-EXCLUSIVE EASEMENTS CREATED IN AN OPERATION AND EASEMENT AGREEMENT RECORDED SEPTEMBER 2, 1998, AS DOCUMENT NO. R98-102996, FOR THE BENEFIT OF PARCEL 1, PARCEL 2, PARCEL 3 AND PARCEL 4 HEREIN.

PROPERTY IDENTIFICATION NUMBER: 07-01-10-101-013-1003


Appearance Clause: AT Wheatland Naperville IL, LLC, an Arizona Limited Liability Company, whose mailing address is 2720 East Camelback Road Suite 220 Phoenix, Arizona 85016, appearing herein by Jonathan M Larmore.

# EXHIBIT A
## (*Legal Description*)

The land referred to in this commitment is described as follows:  County of Will, State of Illinois

PARCEL 1:
PIN: 07-01-10-101-005          COMMON ADDRESS: 3204 S. ROUTE 59, NAPERVILLE, IL

LOT 5 IN KOROLUK SUBDIVISION, BEING A SUBDIVISION OF PART OF THE NORTHWEST QUARTER OF
SECTION 10, TOWNSHIP 37 NORTH, RANGE 9 EAST OF THE THIRD PRINCIPAL MERIDIAN, ACCORDING TO THE
PLAT THEREOF RECORDED JUNE 29, 1998 AS DOCUMENT NO. R98-74104, IN WILL COUNTY, ILLINOIS.

PARCEL 2:
PIN: 07-01-10-101-010          COMMON ADDRESS: 3124 S. ROUTE 59, NAPERVILLE, IL

LOT 4 IN KOROLUK LOT 4 RESUBDIVISION, BEING A PART OF THE NORTHWEST QUARTER OF SECTION 10,
TOWNSHIP 37 NORTH, RANGE 9 EAST OF THE THIRD PRINCIPAL MERIDIAN, ACCORDING TO THE PLAT
THEREOF RECORDED AUGUST 7, 2001 AS DOCUMENT NO. R2001-102766, IN WILL COUNTY, ILLINOIS.

PARCEL 3
PIN: 07-01-10-101-013-1001     COMMON ADDRESS: 3224 S. ROUTE 59, NAPERVILLE, IL

UNIT A IN WHEATLAND MARKETPLACE LOT 7 CONDOMINIUM, AS DELINEATED ON A PLAT OF SURVEY OF THE
FOLLOWING DESCRIBED TRACT OF LAND: LOT 7 IN KOROLUK LOT 4 RESUBDIVISION OF THE NORTHWEST
QUARTER OF SECTION 10, TOWNSHIP 37 NORTH, RANGE 9 EAST OF THE THIRD PRINCIPAL MERIDIAN,
ACCORDING TO THE PLAT THEREOF RECORDED JUNE 29, 1998 AS DOCUMENT NO. R98-74104, IN WILL
COUNTY, ILLINOIS, WHICH PLAT OF SURVEY IS ATTACHED AS EXHIBIT "A" TO THE DECLARATION OF
CONDOMINIUM RECORDED SEPTEMBER 2,2003 AS DOCUMENT R2003- 216485, AND AS AMENDED AND
RESTATED BY INSTRUMENT RECORDED JUNE 11,2004 AS DOCUMENT R2004- 105649; TOGETHER WITH ITS
UNDIVIDED PERCENTAGE INTEREST IN THE COMMON ELEMENTS.

PARCEL 4:
PIN: 07-01-10-101-013-1003     COMMON ADDRESS: 3224 S. ROUTE 59, NAPERVILLE, IL

UNIT C IN WHEATLAND MARKETPLACE LOT 7 CONDOMINIUM, AS DELINEATED ON A PLAT OF SURVEY OF THE
FOLLOWING DESCRIBED TRACT OF LAND: LOT 7 IN KOROLUK LOT 4 RESUBDIVISION OF THE NORTHWEST
QUARTER OF SECTION 10, TOWNSHIP 37 NORTH, RANGE 9 EAST OF THE THIRD PRINCIPAL MERIDIAN,
ACCORDING TO THE PLAT THEREOF RECORDED JUNE 29, 1998 AS DOCUMENT NO. R98-74104, IN WILL
COUNTY, ILLINOIS, WHICH PLAT OF SURVEY IS ATTACHED AS EXHIBIT "A" TO THE DECLARATION OF
CONDOMINIUM RECORDED SEPTEMBER 2,2003 AS DOCUMENT R2003- 216485, AND AS AMENDED AND
RESTATED BY INSTRUMENT RECORDED JUNE 11,2004 AS DOCUMENT R2004- 105649; TOGETHER WITH ITS
UNDIVIDED PERCENTAGE INTEREST IN THE COMMON ELEMENTS.

TOGETHER WITH THE RIGHTS UNDER THOSE EASEMENTS FOR INGRESS AND EGRESS FOR THE BENEFIT OF
PARCELS 1 AND 2 AS CREATED BY THE PLAT OF KOROLUK SUBDIVISION RECORDED JUNE 29, 1998 AS
DOCUMENT NUMBER R98- 74104, AND THE PLAT OF KOROLUK LOT 4 RESUBDIVISION RECORDED AUGUST
7,2001, AS DOCUMENT NO. R2001-102766.

TOGETHER WITH EASEMENTS CONTAINED IN AND CREATED BY A RECIPROCAL CROSS-ACCESS EASEMENT
AGREEMENT WITH COVENANTS, CONDITIONS AND RESTRICTIONS, RECORDED SEPTEMBER 2, 2003 AS
DOCUMENT NO. R2003- 216483, FOR THE BENEFIT OF PARCEL 2, PARCEL 3 AND PARCEL 4 HEREIN.

TOGETHER WITH NON-EXCLUSIVE PRIVATE ACCESS EASEMENTS AND NON-EXCLUSIVE PRIVATE UTILITY

EASEMENTS AS CREATED BY THE PLAT OF KOROLUK SUBDIVISION RECORDED JUNE 29, 1998 AS DOCUMENT NUMBER R98-74104, AND THE PLAT OF KOROLUK LOT 4 RESUBDIVISION RECORDED AUGUST 7,2001, AS DOCUMENT NO. R2001- 102766, FOR THE BENEFIT OF PARCELS 1,2,3 AND 4 HEREIN.

TOGETHER WITH NON-EXCLUSIVE EASEMENTS CREATED IN AN OPERATION AND EASEMENT AGREEMENT RECORDED SEPTEMBER 2, 1998, AS DOCUMENT NO. R98-102996, FOR THE BENEFIT OF PARCEL 1, PARCEL 2, PARCEL 3 AND PARCEL 4 HEREIN.

Exhibit A
Legal Description

Real property in the City of South Elgin, County of Kane, State of Illinois, described as follows:

PARCEL 1:

LOT 2 IN FINAL PLAT OF RESUBDIVISION OF THORNWOOD CENTER RESUBDIVISION OF LOT 4, OF PART OF THE NORTHEAST QUARTER OF SECTION 5, TOWNSHIP 40 NORTH, RANGE 8 EAST OF THE THIRD PRINCIPAL MERIDIAN, ACCORDING TO THE PLAT OF SUBDIVISION THEREOF RECORDED AUGUST 22, 2012 AS DOCUMENT 2012K055894, IN KANE COUNTY, ILLINOIS.

PARCEL 2:

LOT 5 IN THORNWOOD CENTER, BEING A SUBDIVISION OF PART OF THE NORTHEAST QUARTER OF SECTION 5, TOWNSHIP 40 NORTH, RANGE 8 EAST OF THE THIRD PRINCIPAL MERIDIAN, ACCORDING TO THE PLAT THEREOF RECORDED NOVEMBER 21, 2001 AS DOCUMENT NO. 2001K123344, IN THE VILLAGE OF SOUTH ELGIN, KANE COUNTY, ILLINOIS.

PARCEL 3:

NON-EXCLUSIVE CROSS-EASEMENT FOR THE BENEFIT OF PARCELS 1 AND 2 FOR THE PURPOSE OF CONSTRUCTING AND MAINTAINING INGRESS AND EGRESS, AS WELL AS UNDERGROUND UTILITIES, AS CREATED BY INSTRUMENT RECORDED SEPTEMBER 2, 2004 AS DOCUMENT NO. 2004K116484, KANE COUNTY, ILLINOIS.

PARCEL 4:

NON-EXCLUSIVE CROSS-EASEMENT FOR THE BENEFIT OF PARCELS 1 AND 2 FOR THE PURPOSE OF CONSTRUCTING AND MAINTAINING INGRESS AND EGRESS, AS WELL AS UNDERGROUND UTILITIES, AS CREATED BY INSTRUMENT RECORDED SEPTEMBER 2, 2004 AS DOCUMENT NO. 2004K116485, KANE COUNTY, ILLINOIS.

PARCEL 5:

NON-EXCLUSIVE EASEMENTS FOR INGRESS AND EGRESS AS CREATED BY DECLARATION OF EASEMENT FOR INGRESS AND EGRESS AND COVENANTS FOR MAINTENANCE OF EASEMENT PREMISES RECORDED DECEMBER 21, 2000 AS DOCUMENT NO. 2000K102497, KANE COUNTY, ILLINOIS.

PIN Nos. 09-05-278-002; 09-05-278-012

Appearance Clause: AT Briargate IL, LLC, an Arizona limited liability company, whose mailing address is 2720 East Camelback Road Suite 220 Phoenix, Arizona 85016, appearing herein by Jonathan M Larmore

79547561.1

Exhibit A
Legal Description

The Land referred to herein below is situated in the County of Saint Clair, State of IL, and is described as follows:

PARCEL 1

LOT 1 IN BELLEVILLE CROSSING PLAT ONE, REFERENCE BEING HAD TO THE PLAT THEREOF RECORDED IN THE RECORDER'S OFFICE AS DOCUMENT NO. A02029541, SITUATED IN ST. CLAIR COUNTY, ILLINOIS.

PARCEL 2

NON-EXCLUSIVE EASEMENT FOR THE BENEFIT OF PARCEL 1 AS CREATED BY OPERATION AND EASEMENT AGREEMENT MADE BY AND AMONG TARGET CORPORATION, TDG BELLEVILLE CROSSING, LLC AND HOME DEPOT U.S.A., INC. RECORDED NOVEMBER 16, 2006 AS DOCUMENT NUMBER A02012439 FOR THE PASSAGE AND PARKING OF VEHICLES
OVER AND ACROSS THE PARKING AND DRIVEWAY AREAS AS THE SAME MAY COME FROM TIME TO TIME BE CONSTRUCTED AND MAINTAINED FOR SUCH USE, AND FOR THE PASSAGE AND ACCOMODATION OF PEDESTRIANS OVER AND ACROSS THE PARKING, DRIVEWAYS AND SIDEWALK AREAS OF THE TRACTS DESCRIBED THEREIN.

PIN Nos. 08-19.0-101-001

Appearance Clause: AT Belleville Crossing IL-Inline, LLC, an Arizona limited liability company, whose mailing address is 836 Park Avenue, 2nd Floor, Baltimore, MD 21201, appearing herein by Jonathan M Larmore.

80463689.1

## MTG Book 18275 Page 116

### EXHIBIT A
*[Legal Description]*

The Land referred to herein below is situated in the County of Jefferson, Commonwealth of Kentucky, and is described as follows:

TRACT I - PIDN: 21-1766-0003-0000:
BEING AN 11.755-ACRE TRACT OF LAND, AS SHOWN AS THE RESIDUAL TRACT ON MINOR SUBDIVISION PLAT APPROVED BY THE LOUISVILLE METRO PLANNING COMMISSION ON APRIL 26, 2017, DOCKET NO. 16MINORPLAT1163, ATTACHED TO AND MADE A PART OF QUIT CLAIM DEED DATED AUGUST 2, 2017, OF RECORD IN DEED BOOK 10974, PAGE 646, IN THE OFFICE OF THE CLERK OF JEFFERSON COUNTY, KENTUCKY.

BEING A PORTION OF THE SAME PROPERTY CONVEYED TO ATA FORUM LOUISVILLE KY, LLC, AN ARIZONA LIMITED LIABILITY COMPANY, BY DEED DATED DECEMBER 13, 2012, OF RECORD IN DEED BOOK 10003, PAGE 370, IN THE OFFICE OF THE CLERK OF JEFFERSON COUNTY, KENTUCKY.

TRACT II - PIDN: 21-1766-0013-0000
SITUATED IN JEFFERSON COUNTY, KENTUCKY, AND BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS:

BEING A PART OF LOT 3, AS SHOWN ON REVISED PLAT OF HURSTBOURNE OFFICE PARK AND RETAIL CENTER, OF RECORD IN PLAT AND SUBDIVISION BOOK 34, PAGE 73, IN THE OFFICE OF COUNTY CLERK OF JEFFERSON COUNTY, KENTUCKY AND MORE FULLY DESCRIBED AS FOLLOWS:

COMMENCING AT A 5/8-INCH REBAR MARKING A POINT IN THE WEST RIGHT OF WAY LINE OF NORTH HURSTBOURNE PARKWAY, SAID POINT BEING IN THE NORTHEAST CORNER OF A TRACT CONVEYED TO G.S.A., LTD. AS RECORDED IN DEED BOOK 5372, PAGE 471, IN THE AFORESAID CLERK'S OFFICE; THENCE WITH THE WEST LINE OF NORTH HURSTBOURNE PARKWAY, NORTH 22 DEGREES 22 MINUTES 32 SECONDS WEST, 380.21 FEET TO A 5/8-INCH REBAR WITH A PURPLE CAP STAMPED "BRCJ-COOPER KY 3906", HEREAFTER CALLED A MARKED 5/8-INCH REBAR, AND POINT OF BEGINNING; THENCE SOUTH 67 DEGREES 37 MINUTES 28 SECONDS WEST, 228.00 FEET TO A MAG NAIL; THENCE NORTH 22 DEGREES 22 MINUTES 32 SECONDS WEST, 153.92 FEET TO A MARKED 5/8-INCH REBAR; THENCE NORTH 67 DEGREES 37 MINUTES 28 SECONDS EAST, 228.00 FEET TO A MARKED 5/8-INCH REBAR ON SAID WEST RIGHT OF WAY LINE; THENCE ALONG SAID RIGHT OF WAY LINE, SOUTH 22 DEGREES 22 MINUTES 32 SECONDS EAST, 153.92 FEET TO THE POINT OF BEGINNING.

CONTAINING 0.806 ACRES, MORE OR LESS.

FOR INFORMATIONAL PURPOSES: BEING THE SAME PROPERTY CONVEYED TO AS TO LAND ONLY: JB FORUM LAND, LLC, A DELAWARE LIMITED LIABILITY COMPANY, BY SPECIAL WARRANTY DEED DATED JULY 12, 2019 AND RECORDED JULY 18, 2019 IN DEED BOOK 11457, PAGE 656, JEFFERSON COUNTY, KENTUCKY RECORDS.

AS TO BUILDINGS ONLY: ATA FORUM LOUISVILLE KY II, LLC, A DELAWARE LIMITED LIABILITY COMPANY, BY SPECIAL WARRANTY DEED DATED JULY 12, 2019 AND RECORDED JULY 18, 2019 IN DEED BOOK 11457, PAGE 708, JEFFERSON COUNTY, KENTUCKY RECORDS.

Source of Title:
Deed BK D11457, Pg 656; Deed BK D11457, Pg. 708

**END OF DOCUMENT**

# EXHIBIT A
### (*Legal Description*)

PIN: 13-36-476-011          COMMON ADDRESS: 2243 WESTGATE DRIVE, BLOOMINGTON, IL 61705

TRACT 1:

LOT 5 IN WEST GATE PLAZA SUBDIVISION 1ST ADDITION ACCORDING TO THE PLAT THEREOF RECORDED AS DOCUMENT NO. 2004-21244, BEING PART OF THE SOUTHEAST 1/4 OF SECTION 36, TOWNSHIP 24 NORTH, RANGE 1 EAST OF THE THIRD PRINCIPAL MERIDIAN, CITY OF BLOOMINGTON, MCLEAN COUNTY, ILLINOIS.

TRACT 2:
A PART OF LOT 1 IN INTERSTATE CENTER SUBDIVISION, ACCORDING TO THE PLAT THEREOF RECORDED AS DOCUMENT NO. 2004-15809, BEING A PART OF THE SOUTHEAST 1/4 OF SECTION 36, TOWNSHIP 24 NORTH, RANGE 1 EAST OF THE THIRD PRINCIPAL MERIDIAN, CITY OF BLOOMINGTON, MCLEAN COUNTY, ILLINOIS, MORE PARTICULARLY DESCRIBED AS FOLLOWS: BEGINNING AT THE NORTHWEST CORNER OF LOT 5 IN WEST GATE PLAZA SUBDIVISION 1ST ADDITION, ACCORDING TO THE PLAT THEREOF RECORDED AS DOCUMENT NO. 2004-21244, ON THE SOUTH LINE OF LOT 1 IN INTERSTATE CENTER SUBDIVISION; THENCE NORTH 01 DEGREES 02 MINUTES 47 SECONDS WEST 121.35 FEET ON THE NORTHERLY EXTENSION OF THE EAST LINE OF SAID LOT 5 TO THE POINT OF INTERSECTION WITH THE WESTERLY EXTENSION OF THE NORTH LINE OF SAID LOT 5; THENCE NORTH 88 DEGREES 59 MINUTES 18 SECONDS EAST 408.51 FEET TO THE CORNER OF SAID LOT 5; THENCE SOUTH 01 DEGREES 04 MINUTES 49 SECONDS EAST 116.72 FEET TO THE CORNER OF SAID LOT 5 ON THE SOUTH LINE OF SAID LOT 1 IN INTERSTATE CENTER SUBDIVISION; THENCE SOUTH 88 DEGREES 20 MINUTES 23 SECONDS WEST 408.60 FEET TO THE POINT OF BEGINNING.

## EXHIBIT A

## LEGAL DESCRIPTION

Real property in the City of Rochester, County of Olmsted, State of Minnesota, described as follows:

Parcel 1:

Lot 5, Block 1, Commerce Park, City of Rochester, Olmsted County, Minnesota.
(Abstract Property)

Parcel 2:

Non-exclusive appurtenant easement for ingress and egress purposes located on, over and across part of Lot 4, Block 1, Commerce Park, as set forth in the Ingress and Egress Easement Agreement recorded as Document No. A-1060296 in the records of the County Recorder, Olmsted County, Minnesota.

# EXHIBIT B

McCORRISTON MILLER MUKAI MacKINNON LLP

D. SCOTT MacKINNON          #1403-0
BRETT R. TOBIN               #9490-0
Five Waterfront Plaza, 4th Floor
500 Ala Moana Boulevard
Honolulu, Hawai'i  96813
Telephone:  (808) 529-7300
Facsimile:  (808) 524-8293
E-mail:      mackinnon@m4law.com
             tobin@m4law.com

Attorneys for Plaintiff
M360 WH-2 FL SELLER, LLC

Electronically Filed
THIRD CIRCUIT
3CCV-23-0000259
31-AUG-2023
04:29 PM
Dkt. 65 ORDG

IN THE CIRCUIT COURT OF THE THIRD CIRCUIT

STATE OF HAWAI'I

| | |
|---|---|
| M360 WH-2 FL Seller, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>AT ML LEASEHOLD HI, LLC, a Delaware limited liability company; JONATHAN M. LARMORE; UMB BANK, N.A., as Trustee of the Mauna Lani (Kamuela, HI) Ground Lease-Backed, Pass-Through Trust; JB ML LAND HI, LLC, a Delaware limited liability company; MAUNA LANI RESORT ASSOCIATION, a Hawai'i nonprofit corporation; JOHN DOES 1-50; JANE DOES 1-50; DOE PARTNERSHIPS 1-50; DOE CORPORATIONS 1-50; DOE ENTITIES 1-50; and DOE GOVERNMENTAL UNITS 1-50,<br><br>Defendants. | CIVIL NO. 3CCV-23-0000259<br>(Foreclosure) (Kona)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR APPOINTMENT OF A RECEIVER<br><br>**Hearing**:<br>Date:  August 23, 2023<br>Time:  10:30 a.m.<br>Judge:  The Hon. Wendy M. DeWeese<br><br>NO TRIAL DATE SET |

443447.2

ORDER GRANTING PLAINTIFF'S
MOTION FOR APPOINTMENT OF A RECEIVER

Plaintiff M360 WH-2 FL Seller, LLC's ("***Plaintiff***") Motion for Appointment of Receiver, filed on July 25, 2023 ("***Motion***") [Dkt. # 19], having come on for hearing before the Honorable Wendy M. DeWeese on August 23, 2023 at 10:30 a.m., having been advanced from September 15, 2023 at 1:30 p.m. by way of the *Order Ex Parte Motion to Advance Hearing on Plaintiff's Motion for Appointment of a Receiver*, filed July 26, 2023 [Dkt. # 27], with Brett R. Tobin, appearing on behalf of Plaintiff by Zoom, Ryan M. Toyomura appearing by Zoom on behalf of Defendant UMB BANK, N.A., as Trustee of the Mauna Lani (Kamuela, HI) Ground Lease-Backed, Pass-Through Trust ("***Trustee***"), and no other parties having appeared, and

The Court, having read and considered Plaintiff's Motion for Appointment of a Receiver, the Declaration of John S. Calder, the exhibits attached thereto, the Memorandum in Support of the Motion, and all other pleadings and papers filed herein, and finding good cause therefor, hereby orders that the Motion is **GRANTED** in its entirety, as follows:

I. <u>APPOINTMENT OF RECEIVER</u>

George R. (Rick) Robinson ("***Receiver***"), whose address is P.O. Box 430, Kealakekua, Hawaii 96750 and telephone number is (808) 224-0638, is hereby appointed as Receiver, to serve without bond, to take immediate possession and control of the Leasehold Estate described in the Leasehold Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing, dated October 29, 2021, in favor of Plaintiff ("***Leasehold Estate***"), which is being foreclosed on in this foreclosure action.

It is further ordered that the Receiver shall possess all the usual powers, rights, and duties of a receiver appointed by this Court, and in addition shall possess the following powers:

2

A.   To take immediate and full possession, control, and custody of the Leasehold Estate, including any rental or other income generated therefrom;

B.   To enter into any contracts or indebtedness in the reasonable and necessary exercise of the Receiver's rights, obligations, and responsibilities, so long as Receiver provide not less than five (5) business days' written notice to M360, and Defendants AT ML Leasehold HI, LLC (the "***Borrower***"), Jonathan M. Larmore (the "***Guarantor***"), and the Trustee setting forth the basis of the Receiver's commercially reasonable belief that such execution is prudent and necessary for the proper carrying out of the Receiver's rights, obligations and responsibilities;

C.   To sign Borrower's name to any such contracts and incur such obligations;

D.   To enforce any contracts or agreements therefor made by or on behalf of Borrower, upon not less than five (5) business days written notice to M360, Borrower, and Guarantor;

E.   To immediately notify all appropriate local, state, and federal governmental agencies of the appointment of Receiver by this Court, including taxing authorities;

F.   To take whatever steps are necessary to preserve, maintain and protect the Leasehold Estate;

G.   To receive fees and costs for the services the Receiver renders herein, which shall be paid upon their discharge or earlier pursuant to an interim request for fees, if so approved by this Court, and which shall be subject to the approval of M360, may be paid by M360 as a protective advance, and in an amount deemed reasonable by this Court;

H.   To employ attorneys and other professionals as necessary, subject to the approval
of the Court, and pay reasonable compensation, as approved by the Court, for
services rendered to the Receiver in the course of this receivership;

I.   To provide all parties and their counsel on a monthly basis with full and complete
operating reports, including a detailed statement of accounts for the funds
received and expenses incurred and paid by the Receiver for that month; and

J.   Upon written consent of M360, to institute, prosecute and defend, compromise,
adjust, intervene in or become party to such actions or proceedings as the
Receiver may in their reasonable judgment deem necessary or proper for the
management, protection, care, maintenance or preservation of the Property or the
carrying out of their duties under the terms of this Order.

The Receiver shall not use any funds coming into their possession to pay M360 with
respect to M360's Promissory Note, Leasehold Mortgage, and other loan documents that are the
subject of this action or to reduce the debt to M360 under M360's Promissory Note, Leasehold
Mortgage, and other loan documents, except upon further order of this Court.

II.   COMPENSATION OF RECEIVER

The compensation and costs of the Receiver and his attorneys and other professionals
employed by the Receiver, if any, shall be submitted to the Court for its review, approval and
confirmation as to the reasonableness and necessity of the requested costs, in the form of either a
motion for approval of and payment of an interim request for fees, a stipulation among all parties
submitted for approval by the Court, or the Receiver's Final Account and Report.

443447.2

III.    <u>TURNOVER OF PROPERTY</u>

Immediately upon the Receiver's appointment herein by the filing of this order, and

thereafter during the pendency of the receivership, Borrower and its partners, shareholders,

agents, employees, representatives, independent contractors, affiliates, and related parties,

assigns, successors-in-interest, and attorneys shall:

A.    Turn over possession of the Leasehold Estate to the Receiver; and

B.    Turn over to the Receiver the originals (or copies if originals are unavailable) of

all books, records, ledgers, bank records and all other business records relating to

the Leasehold Estate, including leases, rent rolls, service contracts, records of

security deposits, and other information relating to the operation, leasing and

maintenance of The Shops at Mauna Lani.

DATED:  Kailua-Kona, Hawai'i, _____ 8/31/23 _____.

_____
JUDGE OF THE ABOVE-ENTITLED COURT

APPROVED AS TO FORM:


/s/ _Kevin W. Herring_____
KEVIN W. HERRING, ESQ.
ELLEN A. SWICK, ESQ.
RYAN M. TOYOMURA, ESQ.

Attorneys for Defendant
UMB BANK, N.A., as Trustee of the
Mauna Lani (Kamuela, HI) Ground
Lease-Backed, Pass-Through Trust

M360 WH-2 FL Seller vs. AT ML Leasehold HI, LLC, et al; 3CCV-23-0000259; **ORDER GRANTING PLAINTIFF'S MOTION FOR APPOINTMENT OF A RECEIVER**

5

443447.2