Andrew Dean (NY Bar)
Monique C. Winkler (Cal. Bar No. 212031)
John K. Han (Cal. Bar No. 208086)
  hanjo@sec.gov
Neal Jacobson (NY Bar)
  JacobsonN@sec.gov
Heather E. Marlow (Cal. Bar No. 215261)
  Marlowh@sec.gov
Amanda L. Straub (NY Bar)
  strauba@sec.gov

44 Montgomery Street, Suite 2800
San Francisco, California 94104
Telephone: (415) 705-2500
Facsimile: (415) 705-2501
Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Securities and Exchange Commission,<br><br>Plaintiff,<br><br>v.<br><br>Jonathan Larmore, *et al.*,<br><br>Defendants. | Case No.: 2:23-CV-02470-DLR<br><br>**JOINT STATUS REPORT**<br><br>Hearing Date: February 27, 2024<br>Time: 9:00 a.m. |

Plaintiff Securities and Exchange Commission ("SEC") and Defendants Jonathan Larmore ("Larmore"), ArciTerra Companies, LLC ("ArciTerra"), ArciTerra Note Advisors II, LLC, ArciTerra Note Advisors III, LLC ("Fund II Advisors"), ArciTerra Strategic Retail Advisor, LLC (ASR Advisor), and Cole Capital Funds, LLC ("Cole Capital") ("Defendants") (collectively, the "parties") hereby submit this joint status report as ordered by the Court. [ECF No. 75]. At the hearing on December 14, 2023, the Court noted that there was no opposition to the SEC's request for a receiver and, accordingly, the Court would appoint a receiver. The Court directed the parties to meet and confer regarding the remaining issues pertaining to the SEC's motion for a temporary restraining order and other ancillary relief ("TRO Motion") [ECF No. 4].

1. Defendants do not oppose the SEC's requests: (1) enjoining prospective violations of the Investment Advisors Act of 1940 and the Securities Exchange Act of 1934; (2) staying pending litigation and the filing of new proceedings; and (3) prohibiting the destruction of documents and evidence.

2. Verified Accounting. Because the Court will appoint a receiver, the SEC agreed to limit the accounting to Defendant Larmore and the Relief Defendants Marcia Larmore and Michelle Larmore. Defendants do not oppose the SEC's request for a verified accounting with respect to Defendant Larmore and Relief Defendant Marcia Larmore, and do not object to the language of the proposed order regarding the accounting. Counsel for Michelle Larmore informed the SEC that she consents to the language of the proposed order regarding the accounting, but that Ms. Larmore is not in a position to know/provide an accounting as to her "use of Receivership Entities' assets."

3. Receiver. The parties agreed that the Court should (1) appoint Allen Applbaum of StoneTurn Group, LLP, as the receiver in this case; (2) pursuant to the proposed order appointing receiver, the Court should approve the employment of StoneTurn Group, LLP, as retained personnel to assist the Receiver; and (3) pursuant to the proposed order appointing receiver, the Court should approve the retention of Archer & Greiner, PC, as counsel to the proposed Receiver.

4. Entities included in the Receivership. The parties agreed that the Court should appoint a receiver over Defendants ArciTerra, Fund II Advisors, Fund III Advisors, ASR Advisor, and their known and unknown affiliates (collectively, the Receivership Entities).[1] The parties agreed that the entities listed in the non-exhaustive list of Receivership Entities, attached as Exhibit 18 to the Declaration of Heather E. Marlow in Support of SEC's TRO Motion [ECF No. 6-3], should be included in the receivership with the exception of Morrison Island, LLC, North East Wawassee, LLC, Labalme Trail, LLC, Lutheran Eye Care, LLC, and HV Gardens, LLC (which will be included in the asset freeze order). The parties agreed that the following entities should be included in the receivership: VBH PG, LLC and Fudge Is Us PG, LLC.

5. Asset Freeze.

a. Entities: the parties agreed that the following entities should be included in the asset freeze order in addition to the entities previously identified: Morrison Island, LLC; North East Wawassee, LLC; Labalme Trail, LLC; Lutheran Eye Care, LLC; HV Gardens, LLC; AT LC 87, LLC; and JML BC G400, LLC.

b. Larmore: the parties agreed that the asset freeze should include Larmore's assets with an accommodation for reasonable living expenses. From the entry of the asset freeze order to January 12, 2024, one of Larmore's bank accounts (Park Nation Bank with account ending in x7227) will be excluded from the asset freeze and contain no more than $52,000. Larmore shall record his expenses paid from the account during this time and produce it to the SEC upon request. By January 9, 2024, Larmore shall submit a detailed proposal for living expenses to the SEC. By January 11, 2024, the parties will meet and confer regarding the amount of reasonable living expenses and, thereafter, alert the Court if the parties cannot come to an agreement. If a disagreement is raised with the Court, the

---

[1] "Affiliate" should be given the meaning ascribed to it in Rule 405 of the Securities Act of 1933, 17 C.F.R. §230.405 ("An affiliate of, or person affiliated with, a specified person, is a person that directly, or indirectly through one or more intermediaries, controls or is controlled by, or is under common control with, the person specified.").

parties may extend the exclusion of the account for living expenses from the asset freeze while the matter is being considered by the Court.

      6.      Expedited Discovery. The parties have exchanged requests for expedited discovery and are continuing to meet and confer.

The SEC has made the following requests for expedited discovery:

    a. Immediate authorization to access the MRI Accounting system.

    b. From 2017 to present, Larmore's bank accounts and brokerage accounts.

    c. From 2017 to present, all written communications (including emails and texts) with ArciTerra staff regarding the payment of Larmore's or his family's personal expenses, or transfers of funds to his personal accounts (including JML and JMMAL Investments).

    d. From 2017 to present, all invoices and bills (including American Express credit card statements) for Larmore's or his family's personal expenses that were paid by ArciTerra entities.

    e. From 2017 to present, all documents and evidence showing attempts by Larmore to re-pay ArciTerra entities for payment of his or his family's personal expenses or transfer of funds to his personal accounts (including JML and JMMAL Investments).

    f. Discovery regarding Larmore and Cole Capital's press release and purported tender offer for WeWork securities.

    g. Deposition of Defendant Larmore.

Defendants have requested the following expedited discovery:

    h. Copies of all testimonial transcripts and other writings memorializing witness statements the SEC has accumulated since the inception of the SEC's investigation.

    i. Copies of all written communications between the following entities since the inception of the SEC's investigation: (a) SEC and Dorsey & Whitney; and (2) SEC and MCA Financial.

   j. Copies of the SEC's investigative file, which would include all bank account and brokerage statements.

The parties agreed to send any supplemental requests by January 11, 2024, and will inform the court of any disagreements by January 17, 2024. There is nothing the Court needs to resolve at this time with regard to expedited discovery.

7. Intervenor Stipulation: Plaintiff, Defendants, and Intervenors have resolved the Intervenor's limited objections regarding the appointment of a receiver and litigation stays as set forth in the stipulation and proposed order attached as Exhibit C to the Revised [Proposed] Order Appointing Temporary Receiver and Temporarily Freezing Assets, and Imposing Litigation Injunction.

8. Proposed Schedule for Preliminary Injunction Briefing
  a. SEC's Motion for Preliminary Injunction: February 15, 2024
  b. Defendants' Opposition to Preliminary Injunction: February 21, 2024
  c. SEC's Reply, February 23, 2024.

9. Revised Proposed Orders. The parties agreed on the revised proposed orders.
  a. Attachment 1 is the Revised [Proposed] Temporary Restraining Order, Order Granting Other Ancillary Relief, and Order to Show Cause.

b. Attachment 2 is the Revised [Proposed] Order Appointing Temporary Receiver and Temporarily Freezing Assets, and Imposing Litigation Injunction

    i. Exhibit A. Receivership Entities

    ii. Exhibit B. Larmore Assets

    iii. Exhibit C. Intervenor Stipulation

    iv. Exhibit D. ArciTerra Litigation Stayed.

Dated: December 20, 2023     Respectfully submitted,

/s/ John K. Han
John K. Han
Neal Jacobson
Heather E. Marlow
Amanda L. Straub
Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION

/s/ Seth B. Waxman
Seth B. Waxman (DC Bar #456156)
(Admitted *Pro Hac Vice*)
DICKENSON WRIGHT, PLLC
1825 Eye Street, N.W., Suite 900
Washington, DC 20006
swaxman@dickinson-wright.com
(202) 466-5956