# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States Securities and Exchange Commission,<br><br>   Plaintiff,<br><br>v.<br><br>Jonathan Larmore, et al.,<br><br>   Defendants. | No. CV-23-02470-PHX-DLR<br><br>**ORDER** |

The Court has reviewed the parties' stipulation (Doc. 138) regarding Plaintiff the United States Securities and Exchange Commission's ("SEC") motion for a preliminary injunction (Doc. 122) and the Government's motion to intervene and for a stay of discovery (Doc. 123), and their supplement thereto (Doc. 141). The parties stipulate to the entry of the SEC's proposed preliminary injunction order (Doc. 122-1). The parties further consent to the eventual entry of the SEC's proposed receiver order (Doc. 122-2), except for paragraph 25 of that proposed order. The parties agree to narrow the preliminary injunction briefing to this discrete issue, and as a result they agree that the May 8, 2024, preliminary injunction hearing will require only oral argument on this discrete issue and not the presentation of live evidence. The parties disagree over whether that May 8, 2024, oral argument should be in-person or telephonic, and they have requested a status conference to resolve this issue. Finally, the parties stipulate to the granting of the Government's motion to intervene and for a stay of discovery, subject to later litigation over whether to

exempt subpoenas under Federal Rule of Civil Procedure 45 from the scope of the stay. The parties ask that briefing on this discovery issue occur after the May 8, 2024, preliminary injunction hearing. Based on the parties' stipulation,

**IT IS ORDERED** that the Court **GRANTS IN PART** and **RESERVES JUDGMENT IN PART** on the SEC's motion for a preliminary injunction (Doc. 122) as follows:

1. The Court will separately enter the SEC's proposed preliminary injunction order (Doc. 122-1).

2. The Court reserves judgment on the portion of the SEC's motion for a preliminary injunction that seeks entry of a preliminary receiver order (Doc. 122-2), pending further briefing and argument on the propriety of including paragraph 25 of that proposed order. Defendant Jonathan Larmore and Relief Defendant Marcia Larmore shall file an opposition brief on this single issue by **April 25, 2024**, and the SEC and the Receiver shall have until **May 2, 2024**, to file a reply.

3. The preliminary injunction hearing currently scheduled for May 8, 2024, will consist of oral argument on the discrete issue of whether to include paragraph 25 in the ultimate preliminary receiver order.

4. The parties' request for a status conference to discuss whether the May 8, 2024, preliminary injunction hearing will be in-person or telephonic is **DENIED** because the Court does not need further argument on this issue. Although Jonathan and Marcia Larmore request an in-person hearing, the Court does not find it necessary for the parties to travel to Phoenix from other states, given the parties agree that the hearing will consist of oral argument on the paper record and will not involve the presentation of live evidence. Under these circumstances, the Court finds that a telephonic hearing is adequate and best comports with Federal Rule of Civil Procedure 1's directive "to secure the just, speedy, and *inexpensive*

determination of every action and proceeding" (emphasis added). Accordingly, the **May 8, 2024**, preliminary injunction oral argument will be held telephonically. Call-in instructions will be provided to the parties via separate e-mail.

**IT IS FURTHER ORDERED** that the Government's motion to intervene and for a stay of discovery (Doc. 123) is **GRANTED** as follows:

1. The Government's motion to intervene is **GRANTED**.
2. Discovery in this action is **STAYED** until completion of the parallel criminal action *United States v. Jonathan Larmore*, 24 Cr. 140 (PAE), in the Southern District of New York.
3. By no later than **May 7, 2024**, the parties shall confer and submit to the Court a proposed briefing schedule on the SEC's request to exempt Rule 45 subpoenas from the scope of the discovery stay.

Dated this 22nd day of April, 2024.

Douglas L. Rayes
United States District Judge