WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States Securities and Exchange Commission, | No. CV-23-02470-PHX-DLR |
| Plaintiff, | **PRELIMINARY INJUNCTION ORDER AND ORDER GRANTING OTHER ANCILLARY RELIEF** |
| v. | |
| Jonathan Larmore, et al., | |
| Defendants. | |

This matter comes before the Court on Plaintiff United States Securities and Exchange Commission's ("SEC") motion for a preliminary injunction order (Doc. 122) providing the following relief during the pendency of this case: (1) preliminarily restraining (a) Defendants Jonathan M. Larmore ("Larmore"), ArciTerra Companies, LLC ("ArciTerra"), ArciTerra Note Advisors II, LLC ("Fund II Advisors"), ArciTerra Note Advisors III, LLC ("Fund III Advisors"), and ArciTerra Strategic Retail Advisor, LLC ("ASR Advisor"), from violating Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(1) and 80b-6(2)], and (b) Defendants Larmore and Cole Capital Funds, LLC ("Cole Capital") from violating Sections 10(b) and 14(e) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78j(b) and 78n(e)] and Rules 10b-5 and 14e-8 thereunder [17 C.F.R. §§ 240.10b-5 and 240.14e-8] (collectively, "Defendants"); (2) freezing the assets of Defendant Larmore; and (3) ordering a verified accounting by Defendant Larmore

and Relief Defendant Marcia Larmore. Pursuant to the parties' stipulation (Docs. 138, 141), and the Court's corresponding order (Doc. 142),

**IT IS ORDERED** as follows:

1. Defendants Larmore, ArciTerra, ASR Advisor, Fund II Advisors, and Fund III Advisors are preliminarily enjoined from violating, directly or indirectly, Section 206(1) and 206(2) of the Advisers Act [15 U.S.C. §§ 80b-6(1) and 80b-6(2)], by use of the mails or means and instrumentalities of interstate commerce:
    a. with scienter, employing devices, schemes, or artifices to defraud clients or prospective clients; and
    b. engaging in transactions, practices, or courses of business which operated as a fraud or deceit upon clients or prospective clients; while acting as investment advisers.

2. As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise:
    a. Defendants' officers, agents, servants, employees, and attorneys; and
    b. Other persons in active concert or participation with Defendants or with anyone described in (a).

3. Defendants Larmore and Cole Capital are preliminarily enjoined from violating Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:
    a. to employ any device, scheme, or artifice to defraud;
    b. to make any untrue statement of a material fact or to omit to state a material fact necessary to make the statements made, in the light of the circumstances under which they were made, not misleading; or

     c. to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

4. As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise:

     a. Defendants' officers, agents, servants, employees, and attorneys; and

     b. Other persons in active concert or participation with Defendants or with anyone described in (a).

5. Defendants Larmore and Cole Capital are preliminarily enjoined from violating Section 14(e) of the Exchange Act [15 U.S.C. § 78n(e)] and Rule 14e-8 [17 C.F.R. § 240.14e-8] promulgated thereunder, in connection with any tender offer or request or invitation for tenders, from engaging in any fraudulent, deceptive, or manipulative act or practice, by:

     a. making untrue statements of a material fact or omitting to state material facts necessary to make the statements made, in the light of the circumstances under which they were made, not misleading; and

     b. engaging in fraudulent, deceptive, or manipulative acts or practices, in connection with a tender offer.

6. As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise:

     a. Defendants' officers, agents, servants, employees, and attorneys; and

     b. Other persons in active concert or participation with Defendants or with anyone described in (a).

7. Except as otherwise ordered by this Court, an immediate freeze shall be placed on:

     a. All monies and assets (with an allowance for necessary and reasonable living expenses and attorney fees to be granted only upon good cause shown by application to the Court with notice and an opportunity for the SEC to be

heard) in all accounts at any bank, financial institution or brokerage firm, all certificates of deposit, and other funds or assets, held in the name of, or over which account authority is held by, Defendant Larmore.

  b. Those monies and assets that constitute or are derived from the proceeds of, or are otherwise related to, the activities set forth in the Complaint in accounts at any bank financial institution or brokerage firm, all certificates of deposit, and other funds or assets, including real or personal property, held in the name of, for the benefit of, or over which account authority is held by Defendant Larmore, include but are not limited to the accounts listed below:

**City National Bank**

| Account | Account Name |
| --- | --- |
| XXXXXX6693 | Jonathan M Larmore; aka Sole and Separate |

**KS StateBank**

| Account | Account Name |
| --- | --- |
| XXXXXX0406 | Jonathan M Larmore or Michelle A Larmore |
| XXXXXX0883 | Jon Larmore - Savings |
| XXXXXX6141 | Jonathan M Larmore |
| XXXXXX7488 | Jon Larmore - Sole & Sep |
| XXXXXX8836 | Wawasee Family Investments LP |

**Ridge Clearing & Outsourcing**

| Account | Account Name |
| --- | --- |
| XXXXXX7728 | Jonathan Larmore |

**Wells Fargo**

| Account | Account Name |
| --- | --- |
| XXXXXX1161 | Michelle A Larmore or Jonathan M Larmore |
| XXXXXX2885 | Jonathan M Larmore or Michelle A Larmore |
| XXXXXX5880 | Jonathan M Larmore or Michelle A Larmore |

**Huntington National Bank**

| Account | Account Name |
| --- | --- |
|  | Jonathan Larmore |

**Brokerage Accounts for Larmore**

| Financial Institution | |
|---|---|
| JP Morgan Securities LLC | |
| City National Securities | |
| TradeStation Securities, Inc | |
| TD Ameritrade, Inc. and TD Ameritrade Clearing, Inc. | |
| Fidelity | |
| SoFi Capital Advisors, LLC | |
| WeBull Financial LLC | |
| Ally Invest Securities f/k/a Ally Invest Group Inc. | |
| Apex Clearing Corporation | |
| Scott Trade | |

| Entities | |
|---|---|
| Morrison Island, LLC | |
| North East Wawassee, LLC | |
| Labalme Trail, LLC | |
| Lutheran Eye Care, LLC | |
| HV Gardens, LLC | |
| AT LC 87, LLC | |
| JML BC G400, LLC | |

c. The following bank account is **not** subject to the asset freeze and is to be used only for court-approved reasonable living expenses and attorney fees:

**Park National Bank**

| Account | Account Name |
|---|---|
| XXXXXX7227 | Jonathan M Larmore |

8. Any bank, financial institution or brokerage firm holding such monies and assets described above, that receives actual notice of this Order, by personal service or otherwise including facsimile transmissions, electronic mail, or overnight delivery service, shall hold and retain within its control and prohibit the withdrawal, removal, transfer, or other disposal of any such funds or assets, except as otherwise ordered by this Court.

9. Defendant Larmore and Relief Defendant Marcia Larmore shall file with this Court and serve upon the SEC, within **14 days** from entry of this Order, a verified written accounting signed under penalty of perjury, of their assets and their use of the Receivership Entities' assets, by email (sent to hanjo@sec.gov) on the SEC's

counsel, John Han, Securities and Exchange Commission, 44 Montgomery St., Suite 2800, San Francisco, California 94104.

10. This Order is binding upon Defendants and Relief Defendants, and each of their respective officers, agents, servants, employees, attorneys-in-fact, subsidiaries, affiliates, and those persons in active concert or participation with them who receive actual notice of this Order by personal service, facsimile service, or otherwise.

11. A separate order will address the SEC's request for continuation of the appointment of the Receiver, asset freezes, and an anti-litigation injunction (Doc. 122-2), following further briefing and argument scheduled for May 8, 2024.

Dated this 22nd day of April, 2024.

_____
Douglas L. Rayes
United States District Judge