1
2
3
4
5
6
7
8

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States Securities and Exchange Commission,<br><br>                            Plaintiff,<br><br>v.<br><br>Jonathan Larmore, et al.,<br><br>                            Defendants. | No. CV-23-02470-PHX-DLR<br><br>**ORDER APPOINTING RECEIVER, FREEZING ASSETS, AND IMPOSING LITIGATION INJUNCTION** |

On December 21, 2023, the Court entered an Order on consent Appointing Temporary Receiver And Temporarily Freezing Assets And Imposing Litigation Injunction (the "Initial Order"). (Doc. 77.) This matter now is before the Court on motion by Plaintiff the United States Securities and Exchange Commission ("SEC" or "Plaintiff") for an order of preliminary injunction which includes appointing the Receiver through the pendency of this action or until further order of the Court to protect investors in investment funds (the "ArciTerra Funds") owned and/or controlled by one or more of Defendants Jonathan M. Larmore ("Larmore"), ArciTerra Companies, LLC ("ArciTerra"), ArciTerra Note Advisors II, LLC ("Fund II Advisors"), ArciTerra Note Advisors III, LLC ("Fund III Advisors"), and ArciTerra Strategic Retail Advisor, LLC ("ASR Advisor") (collectively, and excluding Larmore, the "Receivership Defendants").

The Court finds that, based on the record in these proceedings, the appointment of a receiver in this action is necessary and appropriate for the purposes of marshaling and

preserving all assets of the ArciTerra Funds, the Receivership Defendants, and the known and unknown Affiliates of the Receivership Defendants (collectively, the "Receivership Entities"),[1] and to preserve those assets of the Receivership Entities held in constructive trust for the Receivership Entities that were fraudulently or improperly transferred out of the Receivership Entities to CSL Investments, LLC ("CSL Investments"), MML Investments, LLC ("MML Investments"), Spike Holdings, LLC ("Spike Holdings"), and JMMAL Investments, LLC ("JMMAL Investments") (collectively, the "Entity Relief Defendants"); and/or may otherwise be includable as assets of the estates of the Receivership Entities (collectively, the "Recoverable Assets").

Based on the foregoing, and by consent of the parties (Doc. 152),

**IT IS ORDERED** that the SEC's motion to preliminarily appoint a Receiver through the pendency of this case (Doc. 122) is **GRANTED** as follows:

I. Exclusive Jurisdiction

1. This Court hereby takes exclusive jurisdiction and possession of all the assets of the Receivership Entities, together with all proceeds thereof (collectively, the "Receivership Assets") of whatever kind, wherever situated, or whenever obtained.

II. Appointment of Receiver

2. Until further Order of this Court, Allen Applbaum is hereby appointed to serve without bond as receiver (the "Receiver") for the receivership estate of the Receivership Entities (the "Receivership Estate"), including the Receivership Assets, to, among other duties and rights set forth in this Order and available under applicable law and without limiting any other provisions of this Order, (a) preserve the status quo to enable the Receiver to perform the duties specified hereunder; (b) ascertain the financial condition of the Receivership Entities and Receivership Assets; (c) oversee and manage, consistent with the relevant governing documents and applicable law, the Receivership Entities and

---

[1] For purposes of this Order, the term "Affiliate" has the meaning ascribed to it in Rule 405 of the Securities Act of 1933, 17 C.F.R. § 230.405 ("An affiliate of, or person affiliated with, a specified person, is a person that directly, or indirectly through one or more intermediaries, controls or is controlled by, or is under common control with, the person specified."). A non-exhaustive list of Receivership Entities is attached as Exhibit A to this Order.

Receivership Assets; (d) prevent the encumbrance or disposal of the Receivership Assets contrary to the Receiver's mandate; (e) preserve the books, records, and documents of the Receivership Entities and Receivership Assets; (f) manage litigation by and against the Receivership, the Receivership Entities and the Receivership Assets; (g) propose for Court approval a fair and equitable distribution of the remaining Receivership Assets; and (h) be available to respond to investor inquiries, all as further set forth in this Order.

III. <u>Asset Freeze</u>

3.   Except as otherwise specified herein or in other orders of this Court, all assets of Larmore, all Receivership Assets, and all Recoverable Assets held by the Entity Relief Defendants are frozen, except for assets in the Receiver's control or which come under the Receiver's control, whose disposition is governed by other provisions of this Order including but not limited to the use of such assets needed to continue the ordinary course operations of the Receivership Entities for the benefit of investors as determined by the Receiver as set forth in Paragraph 6.G of this Order. Defendants, Entity Relief Defendants, and Defendants' and Entity Relief Defendants' officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are restrained and enjoined from, directly or indirectly, transferring, assigning, selling, hypothecating, changing, wasting, dissipating, converting, concealing, encumbering, or otherwise disposing of, in any manner, any funds, assets, securities, claims or other real or personal property, including any notes or deeds of trust or other interest in real property, wherever located, of any one of the Defendants or Entity Relief Defendants (up to the amount of Recoverable Assets held by the Entity Relief Defendants), or their subsidiaries or affiliates, owned by, controlled by, managed by or in the possession or custody of any of them and from transferring, encumbering, dissipating, incurring charges or cash advances on any debit or credit card or credit arrangement of any one of Defendants and Entity Relief Defendants (up to the amount of Recoverable Assets held by the Entity Relief Defendants). A non-exhaustive list of known bank accounts with

appropriate redactions for personally identifiable information and entities subject to the asset freeze is attached hereto as Exhibit B.[2]

### IV. General Powers and Duties of Receiver

4. The Receiver shall have all powers, authorities, rights, and privileges heretofore possessed by the Receivership Entities, and any officers, directors, managers, managing members, and general and limited partners of the Receivership Entities, under applicable state and federal law, by the governing charters, by-laws, articles, and/or agreements in addition to all powers and authority of a receiver at equity, and all powers conferred upon a receiver by the provisions of 28 U.S.C. §§ 754, 959 and 1692, and Fed. R. Civ. Proc. 66, except that the Receiver shall conduct a cost/benefit analysis and consult with the SEC staff prior to commencing any affirmative litigation.

5. All of the powers derived from any source of any and all officers, directors, managers, managing members, general and limited partners, employees, investment advisers, accountants, attorneys, and other agents and advisers of the Receivership Entities are hereby suspended, except to the extent as may hereafter be expressly granted by the Receiver in the Receiver's sole discretion and, to the extent necessary (in the sole determination of the Receiver), approved by the Court. The Receiver shall assume and control the operation of the Receivership Entities and shall preserve all of their assets and claims for the benefit of the Receivership Estate. No person holding or claiming any position of any type with any of the Receivership Entities shall have any authority to act by or on behalf of any of the Receivership Entities, except as may be expressly authorized or delegated by the Receiver in writing.

6. Without limiting the other provisions in this Order, the Receiver shall have the following general powers and duties:

A.     Take and retain immediate possession and control of all Receivership Assets and all books, records and documents of the Receivership Entities, wherever

---

[2] The SEC and counsel for the Defendants are authorized to transmit a version of Exhibit B that contains the full bank account numbers subject to this Order to the relevant financial institutions listed on Exhibit B.

located, related to the Receivership Assets, and to sue for and collect, recover, receive and take into possession from third parties, all Receivership Assets and records relevant thereto;

B.      Manage, control, operate and maintain the Receivership Entities and hold in the Receiver's possession by and through the Receivership Estate, custody and control of all Receivership Assets, subject to the other provisions of this Order;

C.      Take any action which, prior to the entry of this Order, could have been taken by the officers, directors, managers, managing members, and general and limited partners, and agents of the Receivership Entities, acting in their respective capacities;

D.      Take such action as necessary and appropriate for the preservation of the Receivership Estate and Receivership Assets and to prevent the dissipation or concealment of the Receivership Assets;

E.      Conduct an orderly liquidation or disposition of the Receivership Entities and the Receivership Assets in a manner and over a period of time calculated to maximize their value for investors and the Receivership Estate, provided, however, that any disposition or encumbrance of any Receivership Assets having a cost basis, appraised value, or market value in excess of $250,000 shall require court approval upon no less than four business days unless shortened by the Court.;

F.      Have exclusive control of, and be made the sole authorized signatory for, all accounts at any bank, brokerage firm or financial institution that has possession or control of any Receivership Assets; *provided, however,* that the Receiver may from time to time designate additional signatories as determined in the Receiver's sole discretion;

G.      Pay from the Receivership Assets necessary expenses required to preserve and administer the Receivership Assets and Receivership Estate, but in no event shall the Receiver, without prior order of the Court, make any payments or transfers of property of a value in excess of $10,000 (ten-thousand dollars), except that the

Receiver may pay the following fees, costs, expenses and other charges in the ordinary course without regard to (i) the foregoing cap and (ii) the asset freeze in Paragraph 3 of this Order, and without prior order of the Court: (i) compensation and benefits to employees, including temporary non-payroll staff, (ii) insurance premiums and related costs, (iii) other routine operating costs and expenses of the Receivership Estate, including, without limitation, taxes, rent, information technology (including maintenance of hardware and software), water, electric, telephone, sewage, garbage, trash removal, and other utilities and services, and (iv) all other costs and expenses authorized by this Court pursuant to this Order or any other order of this Court;

H.      Locate and bring into the Receivership Estate by all reasonable means Receivership Assets and Recoverable Assets that may have been conveyed to, or are under the possession and control of, third parties or otherwise concealed;

I.      Engage and employ agents, claim and noticing agents, persons, firms and other persons and entities, including accountants, attorneys, experts, liquidators, brokers, traders, or auctioneers (collectively, "Retained Personnel"), to assist in the carrying out of the Receiver's duties and responsibilities hereunder, subject to prior order of the Court, and pay Retained Personnel in accordance with the "Billing Instructions for Receivers in Civil Actions Commenced by the U.S. Securities and Exchange Commission" (the "Billing Instructions"), as modified by this Order;

J.      Manage any litigation and claims against the Receivership Entities and/or the Receivership Assets;

K.      Recommend to the SEC staff and counsel for the Defendants whether litigation against third parties should be commenced to recover assets for the benefit of the Receivership Estate and how the litigation fees and costs should be paid, including on a contingent fee basis;

L.      Commence, maintain, pursue, resist and defend all suits, actions, claims, and demands which may now be pending or which may be brought by or asserted against

the Receivership Entities (in the name of the Receivership Entities and/or the Receiver), the Receivership Assets, the Receiver, or the Receivership Estate;

M.      Bring all other legal actions based on law or equity in any state, federal, or foreign court (including in the name of the Receivership Entities), as the Receiver deems necessary or appropriate in discharging the Receiver's duties as Receiver and maximizing recoveries for investors and creditors of the Receivership Entities;

N.      Sell, assign, transfer or otherwise dispose of any assets of the Receivership Entities either directly or through one or more Retained Personnel, subject to approval by this Court with respect to any material assets;

O.      At the appropriate time, propose to the Court a plan to distribute available Receivership Assets to investors and creditors of the Receivership Entities that may include provisions for (i) an initial distribution to be made by the Receiver, (ii) interim distributions to be made by the Receiver from time to time, (iii) a final distribution to be made by the Receiver, (iv) a bar date for the filing of claims in the Receivership Estate against the Receivership Entities and the Receivership Assets and/or for the filing of objections to a schedule of claims prepared by the Receiver for the purpose of making distributions, (v) a claim review and reconciliation process, (vi) a dispute resolution process for resolving any disputes concerning claims or proposed distributions, and (vii) such other matters as are determined by the Receiver to be reasonably necessary to facilitate or implement the claim and distribution processes, which plan shall be subject to Court approval;

P.      Cause the Receiver and its agents to be named as an additional insured on any insurance policies covering the Receivership Estate or Receivership Assets;

Q.      In the Receiver's sole discretion or as necessary to maintain lending relationships, obtain and/or maintain insurance covering the Receivership Estate, the Receivership Entities and/or the Receivership Assets, and such insurance expense shall be deemed a normal, ordinary, and necessary operating expense of the Receivership Estate;

R.     Consult with the SEC staff, counsel for the Defendants, creditors and investors regarding any Receivership Estate matter; and

S.     Take such other action as may be approved by the Court.

V. <u>Access to Information, Books, Records, and Accounts</u>

7.     The Receivership Entities and each of their (including former) officers, directors, managers, managing members, general and limited partners, agents, attorneys, accountants, and employees, as well as those acting in their place, are hereby ordered and directed to preserve and turn over to the Receiver forthwith all paper and electronic information of, and/or relating to, the Receivership Entities and/or Receivership Assets; such information shall include but not be limited to books, records, documents, accounts and all other instruments and papers.

8.     The Receivership Entities and each of their (including former) officers, directors, managers, managing members, general and limited partners, agents, attorneys, accountants, and employees, as well as those acting in their place, shall cooperate fully with the Receiver in his or her efforts to carry out the obligations, duties and purposes set out in this Order, subject to and limited by their Fifth Amendment rights.

9.     The Receiver is authorized to open all electronic mail generated by, directed to, or received by the Receivership Entities and all mail directed to or received by or at the offices or post office boxes of the Receivership Entities, and to inspect all mail opened prior to the entry of this Order, to determine whether items or information therein fall within the mandates of this Order.

10.    All banks, brokerage firms, financial institutions, and other persons or entities which have possession, custody, or control of any assets or funds held by, in the name of, or for the benefit, directly or indirectly, of the Receivership Entities that receive actual notice of this Order shall (i) not liquidate, transfer, sell, convey or otherwise transfer any assets, securities, funds, or accounts in the name of or for the benefit of the Receivership Entities except upon written instructions from the Receiver; (ii) not exercise any form of set-off, alleged set-off, lien, or any form of self-help whatsoever, or refuse to

transfer any funds or assets to the Receiver's control without the permission of this Court; and (iii) cooperate expeditiously in providing information and transferring funds, assets, and accounts to the Receiver or at the direction of the Receiver.

VI.   Notice to Third Parties

11.     The Receiver shall promptly give notice of the Receiver's appointment to all known past and present officers, directors, managers, managing members, general and limited partners, agents, attorneys, accountants, and employees of the Receivership Entities, as the Receiver deems necessary or advisable to effectuate the operation of the receivership.

12.     All persons and entities owing any obligation or debt to any Receivership Entity shall, until further ordered by this Court, perform and/or pay all such obligations in accordance with the terms thereof to the Receiver and its receipt for such payments shall have the same force and effect as if the applicable Receivership Entity had received such performance or payment.

13.     The Receiver is authorized to communicate with, and/or serve this Order upon, any person, entity, or government office that he deems appropriate to inform them of the status of this matter and/or the financial condition of the Receivership Estate. All government offices which maintain public files of security interests in real and personal property shall, consistent with such office's applicable procedures, record this Order upon the request of the Receiver or the SEC. The Receiver, in compliance with 28 U.S.C. § 754, submitted for filing notices of the receivership with copies of the Complaint and Initial Order in approximately 95 federal districts in the country, and, thus, (i) to the extent such notices were filed heretofore, such shall be deemed to comply with 28 U.S.C. § 754 as to Receivership Assets and Receivership Entities, and (ii) 28 U.S.C. § 754 shall otherwise apply to filings from and after the date of entry hereof.

14.     The Receiver is authorized to instruct the United States Postmaster to hold and/or reroute mail which is related, directly or indirectly, to the business, operations or activities of any of the Receivership Entities (the "Receiver's Mail"), including all mail

addressed to, or for the benefit of, the Receivership Entities. The United States Postmaster shall not comply with, and shall immediately report to the Receiver, any change of address or other instruction given by anyone other than the Receiver concerning the Receiver's Mail. The Receivership Entities shall not open any of the Receiver's Mail and shall immediately turn over such mail, regardless of when received, to the Receiver. All personal mail of any individuals, and/or any mail appearing to contain privileged information, and/or any mail not falling within the mandate of the Receiver, shall be released to the named addressee by the Receiver. The foregoing instructions shall apply to any proprietor, whether individual or entity, of any private mailbox, depository, business or service, or mail courier or delivery service, hired, rented or used by the Receivership Estate. The Receivership Entities shall not open a new mailbox, or take any steps or make any arrangements to receive mail in contravention of this Order, whether through the U.S. mail, a private mail depository or courier service.

15.    Subject to payment for services provided, any entity furnishing space, water, electric, telephone, sewage, garbage, trash removal, or any other services to the Receivership Entities shall maintain such service and related account in the name of the Receivership Entity for the benefit of the Receiver and Receivership Estate, or transfer such account to the Receiver, unless instructed to the contrary by the Receiver.

VII. <u>Injunction Against Interference with Receiver</u>

16.    The Receivership Entities, and all persons and entities receiving notice of this Order by personal service, mail, electronic mail, facsimile, regular mail, through electronic case filing notices, overnight courier, or in any other manner consistent with due process, are hereby restrained and enjoined from directly or indirectly taking any action or causing any action to be taken, without the express written agreement of the Receiver, that would:

A.    Interfere with the Receiver's efforts to take control, possession, or management of the Receivership Entities or any Receivership Assets; such prohibited actions include but are not limited to, using self-help or executing

or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution, or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any Receivership Assets;

B. Hinder, obstruct or otherwise interfere with the Receiver in the performance of the Receiver's duties; such prohibited actions include but are not limited to, concealing, destroying or altering records or information or interfering with any claim, distribution, and/or wind-down plans or processes established by the Receiver;

C. Dissipate or otherwise diminish the value of any Receivership Assets; such prohibited actions include but are not limited to, releasing claims or disposing, transferring, exchanging, assigning or in any way conveying any Receivership Assets, enforcing judgments, assessments, or claims against the Receivership Entities or any Receivership Assets, attempting to modify, cancel, terminate, call, extinguish, revoke, or accelerate (the due date of) any lease, loan, mortgage, indebtedness, security agreement or other agreement executed by the Receivership Estate or which otherwise affects any Receivership Assets; or,

D. Interfere with or harass the Receiver, any Retained Personnel or any Ordinary Course Professional, or interfere in any manner with the exclusive jurisdiction of this Court over the Receiver, the Receivership Estate, the Receivership Entities, or the Receivership Assets.

17. The Receiver shall promptly notify the Court, the SEC staff, and counsel for the Defendants of any failure or apparent failure of any person or entity to comply in any way with the terms of this Order.

VIII. <u>Stay of Litigation</u>

18. As set forth in detail below, the following proceedings, *excluding* (i) the instant proceeding, (ii) all police or regulatory actions and actions of the SEC related to the

above-captioned enforcement action, (iii) all actions pending or to be brought by the United States of America or any of its agencies, (iv) all actions pending or to be brought by any state or commonwealth within the United States of America pursuant to such state's or commonwealth's police and regulatory power, and (v) all actions subject to the stipulation attached hereto as Exhibit C, are stayed and/or enjoined until further Order of this Court:

> All existing or future civil legal proceedings of any nature, including, but not limited to, bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other actions of any nature involving: (a) the Receiver, in the Receiver's capacity as Receiver; (b) the Retained Personnel, in their respective capacities as such; (c) the Receivership Estate; and (d) the Receivership Entities or any Receivership Assets, wherever located. Any person or entity that seeks to put one or more of the Receivership Entities into voluntary or involuntary bankruptcy proceedings, must seek leave of Court on motion upon no less than 14 (fourteen) days' notice to the Receiver and to the SEC staff. Any such motion must show good cause for the filing of voluntary or involuntary bankruptcy proceedings for such Receivership Entities. Any person or entity may seek leave of this Court to proceed against the Receiver, in such capacity; the Retained Personnel, in such capacity; the Receivership Estate; the Receivership Entities; and the Receivership Assets. A non-exclusive list of litigations involving the Receivership Entities and Receivership Assets that are not otherwise excluded from the stay is set forth on Exhibit D hereto.

19. The foregoing stay and injunction shall not prohibit the Receiver from commencing or continuing any litigation in its own name or in the name of any Receivership Entity. For any cause of action accrued or accruing in favor of the Receivership Estate against a third person or party, any applicable statute of limitation is tolled during the period in which this stay of existing legal proceedings and injunction against commencement of new or expanded legal proceedings is in effect as to that cause of action. The Receiver shall provide notice of this stay of litigation order to the parties in all known pending cases against the Defendants and entities that they own or control.

IX. <u>Managing Assets</u>

20.     The Receiver shall at all times administer the Receivership Assets with the care and diligence that an ordinary prudent individual would use in handling such person's own estate.

21.     Subject to the restrictions in paragraph 6(G), the Receiver may, without further Order of this Court pay expenses that arise in the ordinary course of the Receivership Entities' orderly wind down, on terms and in the manner the Receiver deems most beneficial to the Receivership.

22.     The Receiver is authorized, without leave of Court, to take all actions to manage, maintain, and/or wind-down business operations of the Receivership Entities, including making legally required payments to creditors, employees, and agents of the Receivership Entities and Receivership Estate, communicating with vendors, landlords, investors, governmental and regulatory authorities, and others, and preparing and filing all necessary tax returns, as appropriate and necessary for the orderly wind down or disposition of the Receivership Entities consistent with 28 U.S.C. § 959(b).

23.     In the exercise of the Receiver's business judgment, the Receiver may take all necessary steps to enable the Receivership Estate to obtain and maintain the status of a taxable "Settlement Fund," within the meaning of Section 468B of the Internal Revenue Code and of the regulations.

X. <u>Investigate and Prosecute Claims</u>

24.     The Receiver is authorized, empowered, and directed to, in its own name or in the name of the Receivership Entities, investigate, prosecute, commence, maintain, defend, intervene in or otherwise participate in, compromise, settle, and/or adjust actions in any state, federal or foreign court or proceeding of any kind as may, in the Receiver's sole discretion, be advisable or proper to recover and/or conserve Receivership Assets. Subject to Court approval, and after consultation with the SEC staff, the Receiver shall bring avoidance actions, if any, on a contingent fee or fee/contingent fee basis, as appropriate under the circumstances.

25.     The Receiver is authorized, empowered, and directed to investigate the manner in which the financial and business affairs of the Receivership Entities were conducted and (after consultation with SEC staff) to institute such actions and legal proceedings, for the benefit and on behalf of the Receivership Estate, as the Receiver deems necessary and appropriate. Prior to investigating any Defendants or Relief Defendants, the Receiver shall coordinate with the SEC staff to minimize expense and duplication.

26.     In furtherance of the Receiver's power to manage litigation and to conduct an investigation, the Receiver is authorized to issue subpoenas for documents and testimony consistent with the Federal Rules of Civil Procedure and Court orders without further leave of Court.

27.     Any and all attorney-client privilege, work product protection, common interest or joint defense privilege, or other privilege or immunity (collectively, the "Privileges") of the Receivership Entities (but excluding any of the Relief Defendants), and/or attaching to or arising in or in connection with any of their documents, data or communications (whether written or oral), are hereby transferred and belong exclusively to the Receiver for the benefit of the Receivership Estate. The Receiver therefore has sole authority, and is hereby empowered, to enforce, waive, assign, or release any or all Privileges in the exercise of its duties as Receiver.

XI. Bankruptcy Filing

28.     The Receiver may seek authorization of this Court to file a voluntary petition for relief under Title 11 of the United States Code (the "Bankruptcy Code") for any or all of the Receivership Entities upon 5 business days' notice. If any Receivership Entity or any Receivership Asset is placed into a bankruptcy proceeding, the Receiver may become, and may be empowered to operate the entity or asset, as a debtor in possession. In such a situation, the Receiver shall have all of the powers and duties as provided a debtor in possession under the Bankruptcy Code to the exclusion of any other person or entity. The Receiver is vested with management authority for the Receivership Entities and the

Receivership Assets and may therefore file such Chapter 11 petitions and have all of the powers and duties as provided a debtor in possession under the Bankruptcy Code. *See In re Bayou Group, LLC,* 564 F.3d 541, 548-49 (2d Cir. 2009).

29.     The provisions of Article VIII above bar any person or entity, other than the Receiver, from placing any Receivership Entity or any Receivership Asset into bankruptcy without prior leave of Court on motion providing no less than 14 (fourteen) days' notice to the Receiver, the SEC, and to counsel for the Defendants.

XII. Conflicts; Liability of the Receiver

30.     The Receiver has a continuing duty to ensure that there are no conflicts of interest between the Receiver, on the one hand, and the Receivership Estate and Receivership Assets, on the other hand.

31.     Until further Order of this Court, the Receiver shall not be required to post bond or give an undertaking of any type in connection with the Receiver's fiduciary obligations in this matter, and, if so ordered, all costs and expenses of procuring any such bond or undertaking shall be deemed expenses reimbursable to the Receiver from the Receivership Estate.

32.     The Receiver and Retained Personnel are entitled to rely on all outstanding rules of law and Orders of this Court and shall not be liable to any person or entity for their own good faith compliance with any order, rule, law, judgment, or decree. In no event shall the Receiver or Retained Personnel be liable to anyone for their good faith compliance with their respective duties and responsibilities.

33.     The Receiver and Retained Personnel shall be indemnified by each of the Receivership Entities except for gross negligence, willful misconduct, fraud, or breach of fiduciary duty determined by a final order no longer subject to appeal, for all judgments, costs, and reasonable expenses including legal fees (which shall be paid under the indemnity after court approval as they arise) arising from or related to any and all claims of whatsoever type brought against any of them in their capacities as Receiver and Retained Personnel; provided, however, that nothing herein shall limit the immunity of the Receiver

and the Receiver's advisers and agents allowed by law or deprive the Receiver or the Receiver's advisers and agents of indemnity for any act or omission for which they have immunity.

34.     This Court shall retain exclusive jurisdiction over any action filed against the Receiver or Retained Personnel based upon acts or omissions committed in their representative capacities or in connection with any action filed by any of them asserting an indemnity claim.

35.     In the event the Receiver decides to resign, the Receiver shall first give written notice to counsel for the Defendants, the SEC's counsel of record, and the Court of its intention, and the resignation shall not be effective until the earlier of the date on which the Court appoints a successor and thirty (30) days from the date the Receiver shall have given such notice. The Receiver shall then follow such instructions as the Court may provide.

36.     Prior to taking any action against the Receiver regarding the Receiver's conduct in his capacity as the Receiver, a person must seek and receive leave of this Court. This Court shall retain exclusive jurisdiction over any action or controversy regarding any matters relating to or arising from the Receiver's role and conduct in such role.

37.     This Article XII shall survive the resignation or removal of the Receiver and any Retained Personnel and the termination of the receivership.

XIII. <u>Recommendations and Reports</u>

38.     No later than June 7, 2024, or such other date as may be designated by the Court, the Receiver shall file and serve a full report and accounting of Receivership Assets (the "First Status Report"), reflecting (to the best of the Receiver's knowledge as of the period covered by the report) the existence, value, and location of all Receivership Assets, and of the extent of liabilities, both those claimed to exist by others and those the Receiver believes to be legal obligations of the Receivership.

39.     The First Status Report shall contain the following:

A.      A summary of the operations of the Receiver;

B.    The amount of cash on hand, the amount and nature of accrued administrative expenses, and the amount of unencumbered funds in the estate;

C.    A schedule of all the Receiver's receipts and disbursements, with one column for the quarterly period covered and a second column for the entire duration of the receivership;

D.    A description of all known Receivership Assets;

E.    A description of liquidated and unliquidated claims held by the Receivership Estate and approximate valuations of claims;

F.    The Receiver's recommendations for a continuation or discontinuation of the receivership and the reasons for the recommendations;

G.    A recommendation whether to modify the list of Receivership Entities attached hereto as Exhibit A based on the Receiver's investigation; and

H.    Any other information that the Receiver reasonably deems appropriate to include in the First Status Report.

40.    For good cause shown, the Receiver may seek leave of Court to extend the time set for the filing of the First Status Report and any Quarterly Status Report. In addition, if requested by the SEC or counsel for the Defendants, the Receiver is hereby authorized to share with the SEC and counsel for the Defendants a list of all known investors and creditors and the amount of their investments and claims, as applicable, redacted to exclude personally identifiable information.

41.    Subsequent to the filing of the First Status Report, the Receiver shall file a quarterly status report (the "Quarterly Status Report") containing substantially the same type of information required to be set forth in the First Status Report. The Quarterly Status Report shall be filed within twenty (20) days of the end of each quarter, except that, the first Quarterly Status Report shall be filed upon the passing of the first full quarter after the First Status Report is filed.

42.    On the request of the SEC, the Receiver shall provide any documentation that

the SEC deems necessary to meet its reporting requirements, that is mandated by statute or Congress, or that is otherwise necessary to further the SEC's or State Securities Regulator's mission.

XIV. Fees, Expenses, and Accountings

43.     Subject to the specific provisions of this Order, the Receiver need not obtain Court approval prior to the disbursement of Receivership Assets for expenses in the ordinary course of the operations or wind down of the Receivership Estate.

44.     Subject to the specific provisions of this Order, the Receiver is authorized to solicit Retained Personnel to assist the Receiver in carrying out the duties and responsibilities described in this Order. The Retained Personnel may include, without limitation, StoneTurn Group, LLP, its professionals, paraprofessionals, and administrative staff (together, "StoneTurn"). The Receiver is hereby expressly authorized to utilize the services of StoneTurn as Retained Personnel (rather than utilizing other similarly situated or available personnel or professional services firms).

45.     With the exception of StoneTurn and Archer & Greiner, P.C. ("Archer & Greiner"), whom the Court hereby approves as Retained Personnel under this Order, the Receiver shall not engage any Retained Personnel without first obtaining an Order of the Court authorizing such engagement. For the avoidance of doubt, the term "Retained Personnel" shall include any professionals retained to provide services to or for any Receivership Entity, any Receivership Asset, the Receiver, or the Receivership Estate, and any counsel retained for any purpose.

46.     Within thirty (30) days of entry of this Order, each of StoneTurn and Archer & Greiner shall file with the Court sworn declarations disclosing any and all material connections that they may have to this case. Each of StoneTurn and Archer & Greiner shall have a continuing obligation to disclose any potential conflicts that may arise during the course of this Receivership.

47.     The Receiver and Retained Personnel are entitled to reasonable compensation and expense reimbursement from the Receivership Assets as described in

the Billing Instructions agreed to by the Receiver, as modified by this Order, a copy of which is available at https://www.sec.gov/oiea/Article/billinginstructions.pdf. Such compensation shall require the prior approval of the Court.

48. Within forty-five (45) days after the end of each calendar quarter, the Receiver and Retained Personnel shall apply to the Court for compensation and expense reimbursement from the Receivership Assets (the "Quarterly Fee Applications"). At least thirty (30) days prior to filing each Quarterly Fee Application with the Court, the Receiver and Retained Personnel will serve upon counsel for the Defendants and counsel for the SEC a complete copy of its proposed Quarterly Fee Application, together with all exhibits and relevant billing information in a format to be provided by SEC staff.

49. All Quarterly Fee Applications will be interim and will be subject to cost benefit and final reviews at the close of the Receivership Estate. Such cost benefit review may include an evaluation of the results achieved in relation to the costs associated with any particular Receivership Asset. At the close of the Receivership Estate, the Receiver and Retained Personnel will each file a final fee application, describing in detail the costs and benefits associated with all litigation and other actions pursued by the Receiver or Retained Personnel, as applicable, during the course of the Receivership Estate.

50. Quarterly Fee Applications will be subject to a holdback in the amount of 10% of the amount of fees (but not expenses) for each application filed with the Court or such other percentage holdback as the Court may order on its own motion or on the request of the SEC or counsel for the Defendants. To the extent any fees or expenses are not approved by the Court, they must be offset against the 10% holdback (or such other holdback ordered by the Court) or be disgorged from the professional as appropriate.

51. Each Quarterly Fee Application shall:

A. Comply with the terms of the Billing Instructions agreed to by the Receiver, as modified by this Order; and

B. Contain representations (in addition to the Certification required by the Billing Instructions) that: (i) the fees and expenses included therein were

incurred in the best interests of the Receivership Estate; and, (ii) with the exception of the Billing Instructions, as modified by this Order (and the fact that the Receiver may benefit (directly or indirectly) from the compensation paid to StoneTurn), the Receiver or Retained Personnel, as applicable, has not entered into any agreement, written or oral, express or implied, with any person or entity concerning the amount of compensation paid or to be paid from the Receivership Assets, or any sharing thereof.

52.     At the close of the Receivership, the Receiver shall submit a Final Accounting, in a format to be provided by SEC staff, and the Receiver and each Retained Personnel shall submit a final application for compensation and expense reimbursement.

53.     With respect to any motion or application filed in this case by the Receiver, if no party in interest objects prior to the objection deadline applicable thereto, the Receiver may file a notice of no objection with this Court and request that the Court enter the corresponding order without the need for a hearing.

54.     Notwithstanding anything herein to the contrary, all terms, provisions, and conditions of this Order are expressly limited by the terms of the stipulation, which is attached hereto as Exhibit C, which is incorporated herein by reference, and which shall be deemed binding on the Receiver. To the extent that there is any conflict between the terms of this Order and such stipulation, the terms of the stipulation shall control.

55.     This Order shall remain in full force and effect pending further order of the Court.

Dated this 6th day of May, 2024.


Douglas L. Rayes
United States District Judge

# EXHIBIT A

**EXHIBIT A**

**RECEIVERSHIP ENTITIES**

1000 WEST MARION PG FL, LLC
1921 GALLATIN PIKE NASHVILLE TN, LLC
2006 OPERATING PARTNERSHIP, L.P.
2513 E NORTH STREET KENDALLVILLE IN, LLC
412 CROSS OAKS MALL PLAINWELL ML, LLC
5339 ELVIS PRESLEY BLVD. MEMPHIS TN, LLC
5450 US HIGHWAY 80 EAST PEARL MS, LLC
60 COLONIAL PROMENADE PARKWAY ALABASTER AL, LLC
601 RETTA FL, LLC
601 TRENTON ROAD MCALLEN TX, LLC
613 RETTA FL, LLC
700 NORTH GRAND AVENUE MT. PLEASANT, 1A, LLC
751W RETTA ESPLANDE FL, LLC
752 SOUTH ANDY GRIFFITH PARKWAY MT AIRY NC, LLC
7525 PINE VALLEY LANE OWNER, LLC
8001 VAUGHN ROAD MONTGOMERY AL, LLC
81 JAMESON LANE GREENVILLE AL, LLC
880 W MARION AVE FL, LLC
900 WEST MARION AVENUE FL, LLC
ALOHA POP UP PRODUCTIONS, LLC
ARCITERRA AA BARBOURVILLE KY, LLC
ARCITERRA AA LINCOLN NE, LLC
ARCITERRA AA MANISTEE ML, LLC
ARCITERRA AA PAPILLION NE, LLC
ARCITERRA AA PEARL MS, LLC
ARCITERRA AA THEODORE AL, LLC
ARCITERRA AA WEST LIBERTY KY, LLC
ARCITERRA AZ SLIDELL LA, LLC
ARCITERRA AZ TEMPLE GA, LLC
ARCITERRA AZ WILLIS TX, LLC
ARCITERRA BELL YORK SC, LLC
ARCITERRA BP OLATHE KS, LLC
ARCITERRA CH NEW ORLEANS LA, LLC

ARCITERRA COMMERCIAL PROPERTY REIT, LP
ARCITERRA COMMERICAL PROPERTY REIT, INC.
ARCITERRA COMPANIES, LLC
ARCITERRA CV LAFAYETTE LA, LLC
ARCITERRA CV TARPON SPRINGS FL, LLC
ARCITERRA DESIGN, LLC
ARCITERRA DG CAMPBELLSVILLE KY, LLC
ARCITERRA DG GREENVILLE KY, LLC
ARCITERRA DG JUNCTION CITY KY, LLC
ARCITERRA DG MEMPHIS TN, LLC
ARCITERRA DG NORTH BEND OH, LLC
ARCITERRA DG RAVENNA KY, LLC
ARCITERRA DG SHEPHERDSVILLE KY, LLC
ARCITERRA DG SOUTH CHARLESTON OH, LLC
ARCITERRA DG WISTER OK, LLC
ARCITERRA DKS GRAND CHUTE WL, LLC
ARCITERRA FD BOWMAN SC, LLC
ARCITERRA FD EHRHARDT SC, LLC
ARCITERRA FD GREELEYVILLE SC, LLC
ARCITERRA FD PAXVILLE SC, LLC
ARCITERRA FD TUBERVILLE SC, LLC
ARCITERRA FESTIVAL MONTGOMERY AL, LLC
ARCITERRA GC JOHNSON CITY NY, LLC
ARCITERRA GREYSTONE HOOVER AL, LLC
ARCITERRA GROUP, LLC
ARCITERRA HD HENDERSONVILLE TN, LLC
ARCITERRA HD MCALLEN TX, LLC
ARCITERRA KLS JENSEN BEACH FL, LLC
ARCITERRA KLS WARSAW IN, LLC
ARCITERRA KLS WAUSAU WL, LLC
ARCITERRA MICHIGAN ROAD INDIANAPOLIS IN, LLC
ARCITERRA MOV GAL GODDARD KS, LLC
ARCITERRA MOV GAL PARK CITY KS, LLC
ARCITERRA MW NASHVILLE TN, LLC
ARCITERRA NATIONAL REIT, INC.
ARCITERRA NATIONAL REIT, LP
ARCITERRA NOBLE WEST NOBLESVILLE 1N, LLC

ARCITERRA NOTE ADVISORS II, LLC
ARCITERRA NOTE ADVISORS III, LLC
ARCITERRA NOTE FUND II LLC
ARCITERRA NOTE FUND III LLC
ARCITERRA NS INVESTMENT CO.
ARCITERRA OFF PEP PEARL MS, LLC
ARCITERRA OLATHE POINTE OLATHE KS LLC
ARCITERRA OPPORTUNITY FUND I, LLC
ARCITERRA OR BATTLE CREEK ML, LLC
ARCITERRA OS MT. PLEASANT IA, LLC
ARCITERRA REAL ESTATE INVESTMENT TRUST, INC.
ARCITERRA REGIONS LAMARQUE TX, LLC
ARCITERRA REIT I MEMBER, LLC
ARCITERRA REIT I MEMBER, LLC
ARCITERRA REIT I MEMBER, LLC
ARCITERRA REIT RSC, LP
ARCITERRA REIT, LP
ARCITERRA SHOPPES AT ALABASTER AL, LLC
ARCITERRA STAR LANCASTER OH, LLC
ARCITERRA STRATEGIC INCOME CORPORATION-BELLEVILLE CROSSING IL
ARCITERRA STRATEGIC RETAIL - SUFFOLK VA, LLC
ARCITERRA STRATEGIC RETAIL ADVISOR, LLC
ARCITERRA STRATEGIC RETAIL ADVISOR, LLC
ARCITERRA STRATEGIC RETAIL REIT, INC.
ARCITERRA STRATEGIC RETAIL-ELYRIA OH, LLC
ARCITERRASTRATEGIC RETAIL-PLAINFIELD VILLAGEUM, LLC
ARCITERRA STRATEGIC RETAIL-PLAINFILED VILLAGE IN, LLC
ARCITERRA STRATEGIC RETAIL-WHEATLAND IL, LLC
ARCITERRA S-W BURTON ML, LLC
ARCITERRA S-W KALAMAZOO ML, LLC
ARCITERRA S-W LORAIN OH, LLC
ARCITERRA USB BISMARK ND, LLC
ARCITERRA USB NEW ALBANY OH, LLC
ARCITERRA USB ROCHESTER MN, LLC
ARCITERRA VERMONT INDIANAPOLIS IN, LLC
ARCITERRA VN CLARKSVILLE TN, LLC ~
ARCITERRA VN COLUMBIA TN LLC

ARCITERRA VN DICKSON TN, LLC
ARCITERRA VZ HOME GA, LLC
ARCITERRA VZ ROME GA, LLC
ARCITERRA WALCENT GREENVILLE AL, LLC
ARCITERRA WALCENT KENDALLVILLE IN, LLC
ARCITERRA WALCENT PLAINWELL ML, LLC
ARCITERRA WESTGAGE INDIANAPOLIS MEMBER, LLC
ARCITERRA WESTGATE INDIANAPOLIS IN II, LLC
ARCITERRA WESTGATE INDIANAPOLIS IN, LLC
ARCITERRA WG HOMETOWN IL, LLC
ARCITERRA WG KILMARNOCK VA, LLC
ARCITERRA WG MILWAUKEE WL, LLC
ARCITERRA WHITEFISH ADVISORS, LLC
ARCITERRA WHITEFISH OPPORTUNITY FUND, LLC
ARCITERRA WM DOUGLASVILLE GA, LLC
ASR REITLP
AT 18 MILE CENTRAL SC, LLC
AT ALTUS CUMBERLAND GA II, LLC
AT ALTUS CUMBERLAND GA, LLC
AT ALTUS CUMBERLAND MEMBER, LLC
AT ALTUS ECHELON IN, LLC
AT ALTUS ROSWELL GA, LLC
AT AUBURN PLAZA IN II, LLC
AT AUBURN PLAZA IN, LLC
AT AUBURN PLAZA MEMBER, LLC
AT BELLEVILLE CROSSING IL-INLINE, LLC
AT BELLEVILLE CROSSING IL-OUTLOTS LLC
AT BLOOMINGTON IL, LLC
AT BOUTTE LA, LLC
AT BRIARGATE IL, LLC
AT BUENA VISTA GA, LLC
AT CANAL WINCHESTER OH, LLC
AT CASTLETON IN ASSOCIATION MANAGER, LLC
AT CASTLETON IN MEMBER II, LLC
AT CASTLETON IN MEMBER, LLC
AT CASTLETON IN MEMBER, LLC
AT CASTLETON IN OWNER II, LLC

AT CASTLETON IN OWNER, LLC
AT CASTLETON IN OWNER, LLC
AT CASTLETON IN OWNER, LLC
AT CEDARTOWN GA OUTLOT, LLC
AT CEDARTOWN GA, LLC
AT CENTERVILLE GA, LLC
AT COLONY FITZGERALD GA LLC
AT CONCORD, LLC '
AT DILLON SC OUTLET, LLC
AT EASTMAN GA II, LLC
AT EASTMAN GA, LLC
AT EASTMAN GA, LLC
AT EASTMAN MEMBER, LLC
AT ELYRIA OH INLINE, LLC
AT ELYRIA OH OUTLOT, LLC
AT FL CONSTRUCTION, LLC
AT FORUM KY MEMBER II, LLC
AT FORUM KY MEMBER, LLC
AT FORUM KY MEMBER, LLC
AT FORUM LOUISVILLE KY II, LLC
AT HL BURLINGTON IAII, LLC
AT HL BURLINGTON IA, LLC
AT HL BURLINGTON MEMBER, LLC
AT JEFFERSON CENTER FW IN OWNER, LLC
AT JEFFERSON CENTER FW IN, LLC
ATJPM LINDENHURST IL, LLC
AT LIMA PLAZA FW IN OWNER, LLC
AT LIMA PLAZA FW IN, LLC
AT LINDENHURST IL, LLC
AT LONGVIEW MEMBER, LLC
AT LONGVIEW OUTLOT NORTHEAST, LLC
AT LONGVIEW OUTLOT WEST, LLC
AT LONGVIEW TXII, LLC
AT LONGVIEW TX, LLC
AT LUBBOCK TX, LLC
AT MAX FW IN OWNER, LLC '
AT MAX FW IN, LLC

AT MAYODAN MEMBER, LLC
AT MAYODAN NCII, LLC
AT MAYODAN NC, LLC
AT MF VEGAS, LLC
AT MIDWAY ELYRIA OH, LLC
AT ML LEASEHOLD HI, LLC
AT ML MANAGEMENT HI LLC
AT MMH HI LLC
AT MT. PLEASANT LOT 2, LLC
AT NEW LENOX IL-GL, LLC
AT NEW LENOX IL- INLINE, LLC
AT NEW LENOX IL-INLINE II, LLC
AT NEW LENOX IL-OUTLOTS, LLC
AT NEW LENOX-IL MEMBER, LLC
AT NEW WEST CLIFTON CO, LLC
AT OLATHE MANAGER, LLC
AT OLATHE MANAGER, LLC
AT PINE VALLEY FW IN OWNER, LLC
AT PINE VALLEY FW IN, LLC
AT PLAINFIELD VILLAGE IN II, LLC
AT PLAINFIELD VILLAGE IN, LLC
AT PLAINFIELD VILLAGE MEMBER, LLC
AT PORTLAND COMMONS IN OWNER, LLC
AT PORTLAND COMMONS IN, LLC
AT PT DANVILLE IL II, LLC
AT PT DANVILLE IL, LLC
AT PT DANVILLE MEMBER, LLC
AT SALEM IL OUTLOT, LLC
AT SALISBURY NC OUTLOT, LLC
AT SANDERSVILLE GA, LLC
AT SEVEN HILLS AURORA CO II, LLC
AT SEVEN HILLS AURORA CO, LLC
AT SEVEN HILLS AURORA CO, LLC
AT SEVEN HILLS AURORA MEMBER, LLC
AT STATESBORO SQUARE GA, LLC
AT SUFFOLK VA2B-2, LLC
AT SUFFOLK VA2B-3, LLC

AT SUFFOLK VA2B-5, LLC
AT SUFFOLK VA 2B-6, LLC
AT SUFFOLK VABWW, LLC
AT SUFFOLK VA SC, LLC
AT SUWANEE DEPOT GA, LLC
AT SWEDEN MEMBER, LLC
AT SWEDEN NY II, LLC
AT SWEDEN NY, LLC
AT SWEEDEN NY OUTLOT, LLC
AT TIFFANY SQUARE ROCKY MOUNT NC, LLC
AT TOWNE SQUARE ROME GA, LLC
ATVILLA PLATTE LA II, LLC
AT VILLA PLATTE MEMBER, LLC
AT VILLE PLATTE LA, LLC
AT WHEATLAND NAPERVILLE IL, LLC
AT WILDWOOD PLAZA MO, LLC
ATA CHERRY CREEK IL, LLC
ATA CYPRESS TOWN CENTER TX, LLC
ATA FISHVILLE FL, LLC
ATA FISHVILLE MANAGEMENT, LLC
ATA FORUM LOUISVILLE KY, LLC
ATA FORUM LOUISVILLE,LLC
ATA HIRAM SQUARE GA, LLC
ATA LANIER FAYETTEVILLE GA II, LLC
ATA LANIER FAYETTEVILLE GA, LLC
ATA LANIER FAYETTEVILLE MEMBER, LLC
ATA MERCADO ST. AUGUSTINE FL, LLC
ATA PALENCIA ST. AUGUSTINE FL, LLC
ATA PLAZA OK, LLC
ATA PRESTON PLAZA KY, LLC
ATA ROGERS BRIDGE GA, LLC
ATA STONE LITHONIA GA, LLC
ATA TRINITY PLACE TN, LLC
ATG REIT RSC, LP
ATR 32, LLC
BPS, L.L.C.
BPS, L.L.C. OF ALABAMA

BELLEVILLE IL OUTLOT 6, LLC
BLACK POINT RD, LLC
BREWHOUSE CENTER COURT, LLC
CASTLETON SHOPPING CENTER MK DISPOSITION, LLC
CASTLETON SHOPPING CENTER MK DISPOSITION, LLC
CHOVIA SHOPS MT AIRY NC, LLC
CSL INVESTMENTS, LLC
COLE CAPITAL FUNDS, LLC
DB COMMERCIAL MANAGEMENT, LLC
FISHVILLE KIOSK MEMBER, LLC
FK TELLURIDE, LLC
FUDGE IS US PG, LLC
FV BUILDING 13, LLC
FV BUILDING 15, LLC
GLENROSA 32, LLC
HARBOURVIEW MARKETPLACE, LLC
HARBOURVIEW STATION WEST, LLC
HELENA STAR MT, LLC
JB FISHVILLE HARBOR LAND LLC
JB FISHVILLE RETAIL LAND LLC
JB FORUM LAND, LLC
JB ML LAND HI, LLC ~
JB OLATHE OUTLOT 2, LLC
JB RE INVESTMENTS, LLC
JB SEVEN HILLS, LLC
JB SEVEN HILLS, LLC
JB TRANSPORTATION, LLC
JBM ACQUIST10NS LLC
JJ RESTAURANT HOLDINGS, LLC
JMLBC G4, LLC
JML MANAGER, LLC
JML TRUST MANAGER, LLC
LEGAL FLOAT LENDING, LLC
LOUISVILLE RESTAURANT PARTNERS, LLC
LOWER 5629 ROCKRIDGE ROAD, LLC
MML INVESTMENTS, LLC
JMMAL INVESTMENTS, LLC

MONTGOMERY MATTRESS, LLC
MONTGOMERY MATTRESS, LLC
PG HOSPITALITY, LLC
PG WATERFRONT HOSPITALITY, LLC
PT PLAZA, LLC
SAML BAR AND GRILL, LLC
SPIKE HOLDINGS AZ, LLC
STAR MT, LLC
STAR OH, LLC
THE EXCHANGE PLAINWELL ML, LLC
UPPER 5629 ROCKRIDGE ROAD, LLC
VBH PG, LLC
WALCENT ARKADELPHIA AK, LLC
WALCENT ELK/IN, LLC
WALCENT KENDALLVILLE IN, LLC
WALCENT LAWTON OK, LLC
WALCENT MORRILTON AK, LLC
WALCENT NEWC/IN, LLC
WALCENT PLAINWELL ML, LLC
WALCENT SHELBY ML, LLC
WALCENT SHOPS SUWANEE GA, LLC
WALCENT WAYNESBORO MS, LLC
WAWASEE WATERCRAFTS, LLC
WHEATLAND CROSSING OWNERS ASSOCIATION
WHEATLAND MARKETPLACE LOT 7 CONDOMINIUM ASSN.
WHITEFISH OPPORTUNITY FUND, LLC

# EXHIBIT B

**NON-EXHAUSTIVE LIST OF JONATHAN LARMORE'S ASSETS AND ENTITIES
SUBJECT TO ASSET FREEZE ORDER**

**City National Bank**  Legal Processing 555 S. Flower Street, 18th Floor Los Angeles, CA 90071
Email: Legal_Processing@cnb.com

| Account | Account Name |
|---|---|
| XXXXXX6693 | Jonathan M Larmore; aka Sole and Separate |

**KS StateBank**  1010 Westloop Place, Manhattan, KS 66502, 785-587-4000

| Account | Account Name |
|---|---|
| XXXXXX0406 | Jonathan M Larmore or Michelle A Larmore |
| XXXXXX0883 | Jon Larmore - Savings |
| XXXXXX6141 | Jonathan M Larmore |
| XXXXXX7488 | Jon Larmore - Sole & Sep |
| XXXXXX8836 | Wawasee Family Investments LP |

**Ridge Clearing & Outsourcing**  1981 Marcus Ave # 200, New Hyde Park, NY 11042
(516) 472-5400

| Account | Account Name |
|---|---|
| XXXXXX7728 | Jonathan Larmore |

**Wells Fargo**  Wells Fargo Bank, N.A., 1305 W 23rd Street, MAC S4001-01E, Tempe, Arizona 85282

| Account | Account Name |
|---|---|
| XXXXXX1161 | Michelle A Larmore Jonathan M Larmore |
| XXXXXX2885 | Jonathan M Larmore  or Michelle A Larmore |
| XXXXXX5880 | Jonathan M Larmore or Michelle A Larmore |

**Huntington National Bank**  Attn: GW4W34 5555 Cleveland Avenue Columbus, OH 43231
Email: CourtOrderProcessing@huntington.com

| Account | Account Name |
|---|---|
|  | Jonathan Larmore |

**Brokerage Accounts for Larmore**

| Financial Institution |  |
|---|---|
| JP Morgan Securities LLC |  |
| City National Securities |  |
| TradeStation Securities, Inc |  |
| TD Ameritrade, Inc. and TD Ameritrade Clearing, Inc. |  |
| Fidelity |  |
| SoFi Capital Advisors, LLC |  |
| WeBull Financial LLC |  |
| Ally Invest Securities f/k/a Ally Invest Group Inc. |  |
| Apex Clearing Corporation |  |
| Scott Trade |  |

| Entities |  |
|---|---|
| Morrison Island, LLC |  |
| North East Wawassee, LLC |  |
| Labalme Trail, LLC |  |
| Lutheran Eye Care, LLC |  |
| HV Gardens, LLC |  |
| AT LC 87, LLC |  |
| JML BC G400, LLC |  |

**THE FOLLOWING BANK ACCOUNT IS NOT SUBJECT TO THE ASSET FREEZE.**

**Park National Bank**  Ashley Houston, Research Specialist, Item Processing Department, Research and Adjustments Group, office 740-349-2641, Fax 740-349-3709, 24/7 Care 888-474-PARK research@parknationalbank.com

| Account | Account Name |
|---|---|
| XXXXXX7227 | Jonathan M Larmore |

# EXHIBIT C

1

2

3

4

5

6

7

8

9

10

11

12

13

| | |
|---|---|
| 14 | Securities and Exchange Commission, |
| 15 | Plaintiff, |
| 16 | v. |
| 17 | Jonathan Larmore; ArciTerra Companies, LLC; ArciTerra Note Advisors II, LLC; ArciTerra |
| 18 | Note Advisors III, LLC; ArciTerra Strategic Retail Advisors, LLC; Cole Capital Funds, |
| 19 | LLC. |
| 20 | Defendants, and |
| 21 | Michelle Larmore; Marcia Larmore; CSL Investments, LLC; MML Investments, LLC; |
| 22 | Spike Holdings, LLC; and JMMAL ArciTerra Companies, LLC; ArciTerra Note Advisors II, |
| 23 | LLC; ArciTerra Note Advisors III, LLC; ArciTerra Strategic Retail Advisors, LLC |
| 24 | Investments, LLC. |
| 25 | Relief Defendants. |

Case No.: CV-23-2470-PHX-DLR

**STIPULATION AND [PROPOSED] ORDER**

26

27

28

**STIPULATION**

The plaintiff Securities and Exchange Commission ("SEC"), Defendants Jonathan M. Larmore ("Larmore"), ArciTerra Companies, LLC ("ArciTerra"), ArciTerra Note Advisors II, LLC ("Fund II Advisors"), ArciTerra Note Advisors III, LLC ("Fund III Advisors"), and ArciTerra Strategic Retail Advisor, LLC ("ASR Advisor") (collectively "ArciTerra Defendants"), and the Intervenors identified in the Schedule attached hereto ("Intervenors"), together referred to as the "Stipulation Parties," hereby stipulate and agree as follows:

1.     The Intervenors do not object, and the ArciTerra Defendants consent, to the appointment by the Court of a receiver in this matter (the "SEC Action Receiver") over the ArciTerra Defendants, along with the known and unknown affiliates of the ArciTerra Defendants *other than*, any affiliates of the ArciTerra Defendants that directly own an interest in real property and are currently defendants in a pending state or federal court foreclosure or receivership action (collectively, the "Excluded Entities"), specifically including, without limitation, those entities identified in the attached Schedule.

2.     The pending federal and state court actions with respect to the Excluded Entities  (collectively, the "Excluded Actions"), including, without limitation, those actions identified in the attached Schedule, shall be excluded from the scope of any stay of proceedings implemented in this case. The real properties in which the Excluded Entities directly own an interest (together, the "Excluded Properties"), including, without limitation, those properties identified in the attached Schedule and the associated personal property, including bank accounts, shall be excluded from the receivership estate of any SEC Action Receiver.

3.     The Intervenors do not object to the SEC Action Receiver's intervention as a party in the Excluded Actions; provided, however, the Intervenors reserve any and all defenses, objections, cross-claims, and counterclaims with respect to the SEC Action Receiver other than as expressly set forth in Paragraph 6 below.

4.     Each Intervenor and the SEC Action Receiver shall cooperate in good faith to provide in a timely manner non-privileged information reasonably requested by the SEC

Action Receiver, or by the respective Intervenor, with respect to the applicable Excluded Action(s), Excluded Property(ies), or receivership related to such Intervenor; provided, however, that the SEC Action Receiver shall be subject to all of the same restrictions on its ability to receive, request, and disclose information that apply to the Excluded Entities under orders entered in the Excluded Actions or under law applicable in those jurisdictions.

5.     Each Intervenor shall provide sufficient notice to the SEC Action Receiver before any sheriff's sale, trustee's sale, auction sale, or other disposition of any Excluded Property in which that Intervenor holds an interest.  For the avoidance of doubt, 30 days' advance notice of any disposition of Excluded Property shall be sufficient for purposes of this Paragraph 5.

6.     Intervenors specifically consent to the SEC Action Receiver's intervention in the Excluded Actions for the limited purpose of asserting the right to receive any distributions to which the Excluded Entities would otherwise be entitled under applicable law, and to any request by the SEC Action Receiver to hold funds that would otherwise be distributed to the Excluded Entities with the clerk of the court, in escrow, or otherwise segregated pending further order of this Court.  The rights of the SEC Action Receiver set forth in this Paragraph 6 are in addition to those rights of the SEC Action Receiver set forth in Paragraph 3 above.

7.     With respect to ATA Plaza OK, LLC (the "Tulsa Entity"), an Affiliate of the ArciTerra Defendants, and the real property that it owns, which has the municipal address of 8156 S. Lewis Ave, Tulsa, Oklahoma 74137 (the "Tulsa Property"), the Stipulation Parties agree that: (a) secured lender and Intervenor U.S. Bank National Association, as Trustee for the Benefit of the Holders of the M360 2021-CRE3 Notes ("Tulsa Lender"), shall file a foreclosure and receivership proceeding against the Tulsa Entity and Tulsa Property on or before December 23, 2023; (b) the foreclosure and receivership pleadings shall reference this proceeding, and the proposed order seeking the appointment of a receiver shall expressly reference this proceeding and shall be subject to the rights and restrictions provided for and in favor of SEC and the SEC Action Receiver; (c) SEC and the SEC Action Receiver shall

1 | not contest such proceeding, provided, that Tulsa Lender and any receiver appointed in such

2 | proceeding ("Tulsa Receiver") shall abide by this Stipulation; and (d) to the extent a court

3 | enters an order appointing a receiver over the Tulsa Property and/or the Tulsa Borrower, the

4 | appointment of Tulsa Receiver shall be subject to the terms of this order.

5 |

6 | SO STIPULATED.

7 |

8 | Dated:  December 20, 2023 | /s/Neal Jacobson

Neal Jacobson

9 | Attorney for Plaintiff SECURITIES AND
EXCHANGE COMMISSION

10 |

11 | /s/Seth Waxman

12 | Seth Waxman

Attorney for Defendants Jonathan Larmore;

13 | ArciTerra Companies, LLC; ArciTerra Note

Advisors II, LLC; ArciTerra Note Advisors

14 | III, LLC; and ArciTerra Strategic Retail

Advisors, LLC

15 |

16 |

17 | /s/ Paul Mackowski

Paul D. Mackowski

18 | Amundsen Davis, LLC

201 North Illinois Street, 14th Floor

19 | Indianapolis, IN 46204

*Attorney for Receiver, Martha Lehman*

20 |

21 |

22 | */s/* Julie Camden

Julie A. Camden

23 | Camden & Meridew, P.C.

10412 Allisonville Road, Suite 200

24 | Fishers, IN 46038

*Attorney for Circle City Outdoor Living*

25 | *LLC, Crew Enterprises LLC, Dream*

*Construction LLC, Indy Asphalt Appeal*

26 | *LLC, and Styner LLC*

27 |

28 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

/s/Robert Warzel
Robert Mark Warzel
Spencer Fane LLP
2415 E Camelback Rd., Ste. 600
Phoenix, AZ 85016-4251

-and-

Scott A. Wissel
Lewis Rice LLC
1010 Walnut, Suite 500
Kansas City, MO 64106
*Attorneys for Alliant Credit Union*

/s/Bradley Drell
Bradley L Drell
Gold Weems Bruser Sues & Rundell APLC
2001 MacArthur Dr.
Alexandria, LA 71301
*Attorney for First Guaranty Bank*

/s/ Kyle Hirsch
Kyle Sylvan Hirsch
Bryan Cave Leighton Paisner LLP -
Phoenix, AZ
2 N Central Ave., Ste. 2100
Phoenix, AZ 85004-4406
*Attorney for M360 WH-2 FL Seller LLC and*
*U.S. BANK NATIONAL ASSOCIATION, as*
*Trustee for the benefit of the Holders of the*
*M360 2021-CRE3 Notes*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

/s/ Jason DeJonker

Jason J. DeJonker
William Silas Hackney
Bryan Cave Leighton Paisner LLP
161 N. Clark St., Ste. 4300
Chicago, IL 60601
*Attorneys for Midland Loan Services, a*
*division of PNC Bank, N.A., as special*
*servicer for U.S. BANK NATIONAL*
*ASSOCIATION, as Trustee for the*
*Benefit of the Holders of the M360*
*2021-CRE3 Notes*


/s/David Audley

David Audley
Chapman & Cutler LLP - S Canal St.
Chicago
320 S Canal St., Ste. 2700
Chicago, IL 60606
*Attorney for UMB Bank, N.A., as Trustee of*
*the Forum (Louisville, KY) Ground Lease*
*Backed Pass-Through Trust and as Trustee*
*of the Mauna Lani (Kamuela, HI) Group*
*Lease Backed Pass-Through Trust*


/s/ Jonathan Sundheimer

Jonathan Sundheimer
Barnes & Thornburg LLP
11 S. Meridian St.
Indianapolis, IN 46204
*Attorney for Wells Fargo Bank, National*
*Association, as Trustee, for the Benefit of*
*the Holders of Benchmark 2018-B7*
*Mortgage Trust Commercial Mortgage*
*Pass-Through Certificates, Series 2018-B7*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

/s/ Jean-Jacques Cabou
Jean-Jacques Cabou
Perkins Coie LLP
2901 N Central Ave., Ste. 2000
Phoenix, AZ 85012
*Attorney for Wilmington Trust, National Association, as Trustee for the Benefit of the Registered Holders of JPMBB Commercial Mortgage Securities Trust 2015-C33, Commercial Mortgage Pass-Through Certificates, Series 2015-C33*

**SO ORDERED.**

# SCHEDULE TO STIPULATION

**Excluded Action**:   *Wilmington Trust v. AT Jefferson Center FW IN Owner, LLC, et al.*, pending in Allen County, Indiana, Superior Court as Case No. 02D03-2307-MF-000225

| Excluded Entities | Excluded Properties |
|---|---|
| AT Jefferson Center FW IN Owner, LLC | 6723 W. Jefferson Blvd., Fort Wayne, IN |
| AT Lima Plaza FW IN Owner, LLC | 6417 Lima Road, Fort Wayne, IN |
| AT Max FW IN Owner, LLC | 1415 W. Dupont Road, Fort Wayne, IN |
| AT Pine Valley FW IN Owner, LLC | 1125 E. Dupont Road, Fort Wayne, IN |
| AT Portland Commons IN Owner, LLC | 1013 W. Votaw Street, Portland, IN |

**Excluded Action**:   *First Guaranty Bank v. Larmore, et al.*, pending in the United States District Court for the Western District of Louisiana as Case No. 5:23-cv-00683 (W.D. La.)

| Excluded Entities | Excluded Properties |
|---|---|
| AT Wheatland Naperville IL, LLC | 3124-3224 S Route 59 Naperville, IL |
| AT Briargate IL, LLC | 454 & 456-464 Redington Dr, South Elgin, IL; and 465 Briargate Dr, South Elgin, IL |
| AT Belleville Crossing IL – Inline, LLC | 5875-5701 Belleville Crossing Street, Belleville, IL and 5551-5531 Belleville Crossing Street, Belleville, IL |
| AT Forum Louisville KY II, LLC | 3124-3224 S Route 59 Naperville, IL; Leasehold on 150-300 N Hurstbourne Parkway, Louisville, KY and on 0.806 +/- acres out Parcel 150-300 N Hurstbourne Parkway, Louisville, KY |
| Arciterra USB Rochester MN, LLC | 2665 Commerce Dr, NW Rochester, MN |
| AT Bloomington IL, LLC | 2243 Westgate Dr, Bloomington, IL |

**Excluded Actions**: *Wells Fargo Bank, National Association, as Trustee, v. AT Castleton IN Owner II, LLC et al.*, pending in Marion County, Indiana, Superior Court as Cause No. 49D01-2312-MF-046494 (formerly 49D06-2312-MF-046494)

*Circle City Outdoors et al. v. Arciterra Companies, LLC et al.*, pending in Hamilton County, Indiana, Superior Court as Cause No. 29D02-2305-PL-004542

*Circle City Outdoors et al. v. Arciterra Companies, LLC et al.*, pending in Hamilton County, Indiana, Superior Court as Cause No. 29D07-2311-PL-10935

*In re AT Castleton IN Owner II, LLC*, pending in the United States Bankruptcy Court for the Southern District of Indiana as Case No. 23-05511-JJG-11

*In re ArciTerra Vermont Indianapolis IN, LLC*, pending in the United States Bankruptcy Court for the Southern District of Indiana as Case No. 23-05536

*In re Arciterra Westgate Indianapolis IN II, LLC*, pending in the United States Bankruptcy Court for the Southern District of Indiana as Case No. 23-05522-JJG-11

*In re AT Plainfield Village IN II, LLC*, pending in the United States Bankruptcy Court for the Southern District of Indiana as Case No. 23-05519-JJG-11

*In re ArciTerra Noble West Noblesville IN, LLC*, pending in the United States Bankruptcy Court for the Southern District of Indiana as Case No. 23-05540- JJG-11

| Excluded Entities | Excluded Properties |
|---|---|
| AT Castleton IN Owner II, LLC | 8310-8430 and 8440-8540 Castleton Corner Drive, Indianapolis, Indiana 46250 |
| Castleton Corner Owners Association, Inc. | [Non-ArciTerra entity being listed in an abundance of caution]<br>Assets owned by CCOA and held in conjunction the Castleton Corner Shopping Center as set forth in the Declaration of Development Standards, Covenants and Restrictions for Castleton Corner, as recorded with the Recorder of Marion County, Indiana on November 20, 1981 |
| AT Castleton IN Owner, LLC | All assets |
| AT Altus Echelon IN, LLC | 5252 East 82nd Street, Indianapolis, Indiana 46250 |
| ArciTerra Michigan Road Indianapolis IN, LLC | 8320 - 8350 N. Michigan Road Indianapolis, Indiana 46268 |

| Excluded Entities | Excluded Properties |
|---|---|
| ArciTerra Noble West Noblesville IN, LLC | 14753 Hazel Dell Crossing, 14741 Hazel Dell Crossing, and 14765 Hazel Dell Crossing, Noblesville, Indiana 46062 |
| AT Plainfield Village IN, LLC | Commercial Vacant Land located adjacent to 160 Plainfield Village Drive, Plainfield, Indiana 46168 |
| AT Plainfield Village IN II, LLC | 160 Plainfield Village Drive, Plainfield, Indiana 46168 |
| ArciTerra Vermont Indianapolis IN, LLC | 120 East Vermont Street and 123 East Michigan Street, Indianapolis, Indiana 46204 |
| ArciTerra Westgate Indianapolis IN II, LLC | 5103-5173 West Washington Street, Indianapolis, Indiana 46241 |

**Excluded Actions**: *UMB Bank, N.A. v. JB Forum Land, LLC, et al.,* pending in the United States District Court for the Western District of Kentucky as Case No. 23-CV-575

*M360 v. AT ML Leasehold HI, LLC, et al.,* pending in the Circuit Court of the Third Circuit of the State of Hawaii in Civil No. 3 CCV-23-259

| Excluded Entities | Excluded Properties |
|---|---|
| JB Forum Land, LLC; AT Forum Louisville KY II, LLC | 150-300 N Hurstbourne Parkway, Louisville, KY |
| JB ML Land HI, LLC; AT ML Leasehold HI, LLC | 68-1330 Mauna Lani Drive, Kamuela, Hawai`i 96743 |

**Excluded Action**:   *TBD*

| Excluded Entities | Excluded Properties |
|---|---|
| ATA Plaza OK, LLC | 8156 S. Lewis Ave, Tulsa, OK 74137 |

**Excluded Action**:   *Alliant Credit Union v. Arciterra Olathe Pointe Olathe KS, LLC,* pending in the District Court of Johnson County, Kansas, in Case No. 23CV05137

| Excluded Entities | Excluded Properties |
|---|---|
| Arciterra Olathe Pointe Olathe KS, LLC | Olathe Pointe Shopping Center, located generally at the southeast corner of the |

| Excluded Entities | Excluded Properties |
|---|---|
| | intersection of West 119th Street and South Black Bob Road, Olathe, Kansas 66062 |

**Excluded Action**:    *CommunityAmerica Credit Union v. JB Olathe Outlot 2, LLC,* pending in the District Court of Johnson County, Kansas, in Case No. 23CV03136

| Excluded Entities | Excluded Properties |
|---|---|
| JB Olathe Outlot 2, LLC | 11911 S. South Black Bob Road, Olathe, Kansas 66062 |

**Excluded Action**:    *Alliant Credit Union v. Arciterra Noble West Noblesville IN, LLC,* pending in Hamilton County, Indiana, Superior Court 2 in Case No. 29D02-2308-MF-007315.

| Excluded Entities | Excluded Properties |
|---|---|
| Arciterra Noble West Noblesville IN, LLC | 14753 Hazel Dell, Noblesville, Indiana 46062 |

**Excluded Actions**: *U.S. Bank National Association, as Trustee for the benefit of the Holders of the M360 2021-CRE3 Notes v. ATA Fishville FL, LLC, et al.,* pending in the 20th Judicial Circuit Court for Charlotte County, Florida, in Case No. 23-002446-CA

| Excluded Entities | Excluded Properties |
|---|---|
| ATA Fishville FL, LLC; JB Fishville Harbor Land, LLC, and JB Fishville Retail Land, LLC (Florida Foreclosure Matter) | 1200 W. Retta Esplanade, Punta Gorda, FL  33950 |

# EXHIBIT D

**EXHIBIT D**

| Plaintiffs | Named Defendant(s)[1] | Court | Case No. |
|---|---|---|---|
| Naida E. Arcenas | Tommy E. Bolton | Circuit Court of the 20th Judicial Circuit, Charlotte County, Florida | 23-CA-612 |
| James F. Wilson Living Revocable Trust of James F. Wilson | M/Y BBella, Official Number 1290829 | E.D. VA | 23-00441 |
| Meadows Bank | AT New West Clifton Co, LLC | District Court of Mesa County, Colorado | 2023CV030280 |
| Community America Credit Union | JB Olathe Outlot 2 LLC | District Court of Johnson County, Kansas | 23CV03136 |
| 1000 West Marion LLC | 1000 West Marion PG FL, LLC; and Jonathan M Larmore | Circuit Court of the 20th Judicial Circuit, Charlotte County, Florida | 23001868CA |
| TMI Trust Company | ArcitTerra Note Fund II, LLC; ArciTerra Note Fund III, LLC; ArciTerra Reit Advisors, LLC; ArciTerra Note Advisors II, LLC; ArciTerra Whitefish Advisors, LLC; CSL Investments, LLC; ArciTerra Note Fund II, Investment Company LLC; and ArciTerra Note Funds III, | Superior Court of Maricopa County, Arizona | CV2023-008887 |

---

[1] The actions are stayed only against Receivership Entities and Receivership Assets.

| | Investment Company, LLC | | |
|---|---|---|---|
| Conroad Associates, L.P. | Castleton Corner Owners Association, Inc.; AT Castleton In Owner, LLC; AT Castleton In Association Manager, LLC; ArciTerra Companies, LLC; Jonathan M Larmore; Crystal Scudder; and James C. Shook, Jr. | Indiana Southern District Court | 1:22-cv-00750 |
| UMB Bank, N.A. | JML BC G400, LLC; Larmore IRR Life Insurance Trust; and Jonathan M. Larmore | District Court of Dallas County, Texas | DC-23-07370 |
| 8350 Michigan Rd | ArciTerra Michigan Road Indianapolis IN, LLC | Marion County Public Health Department | HSG23-01952 |
| B. Brad and Monica Mason TIC; Diana K. Hamilton; and John F. Cardarelli | Jonathan M. Larmore; Michelle A. Larmore; Marsha M. Larmore; Blaine D. Rice; Andrea Thompson; Kevin L. Gulbranson; Robert F. Crook; Arciterra Strategic Income Corporation - Belleville Crossing, IL; and ArciTerra Companies, LLC | Illinois Southern District | 3:23cv01785 |

| Conroad Associates, L.P. | Castleton Corner Owners Association, Inc. and McKinley, Inc. | Superior Court of Marion County, Indiana | 49D01-1612-PL-044978 |
|---|---|---|---|
| Diversified Investment Managed Capital Group, L.P. | Wheatland Marketplace Lot 7 Co. | Circuit Court of the 12th Judicial Circuit, Will County, Illinois | 22CH000043 |
| Echo Properties | ATA Plaza OK LLC | District Court of Tulsa County, Oklahoma | CJ-2023-262 |
| Overturf Law F/K/A Overturf Fowler LLP | AT Altus Echelon IN, LLC | Superior Court of Hamilton County, Indiana | 29D02-2307-CC-006552 |
| AT Castleton IN Owner, LLC; AT Castleton IN Owner II, LLC | Castleton Shopping Center, LLC | Indiana Commercial Court | 49D01-2107-PL-024537 |
| Price Edwards & Company, LLC | ATA Plaza OK LLC | District Court of Tulsa County, Oklahoma | CJ-2023-1765 |
| Regal Restoration LLC | Araphoe County Public Trustee; AT Seven Hills Aurora Co II , LLC; City of Aurora; Grass River Real Estate Credit Partners; M360 2019 Cre2 Ltd; Mcreif Subreit LLC; Wells Fargo Bank NA; and Yam Capital III, LLC | District Court of Araphoe County, Colorado | 2023CV30603 |
| N/A | ArciTerra BP Olathe KS LLC | Board of Tax Appeals of the State of Kansas | 2018-3350-EQ to 2018-3352-EQ; 2019-3796-EQ to 2019-3798-EQ; 2020-4077-EQ to 2020-4079-EQ; and 2021-3856-EQ to 2021-3858-EQ |

| U.S. Bank National Association, as the trustee for the benefit of the Holders of the M360 2021-CRE3 Notes | ATA Fishville FL, LLC; JB Fishville Harbor Land, LLC; JB Fishville Retail Land, LLC; Yam Capital LLC; ATFL Construction LLC; BOP Fishermen's Village, LLC | Circuit Court of the 20th Judicial Circuit, Charlotte County, Florida | 23-002446-CA |
|---|---|---|---|
| Michelle Larmore | Jonathan Larmore and all ArciTerra entities | Maricopa Superior Court, Arizona | CV2023-6422 |
| Front Range Patrol | At Seven Hills Aurora Co. II, LLC | Arapahoe County Court, Colorado | 23C038802 |
| City of Danville | A.T.P.T. Danville IL II., LLC | Danville Administrative Court, Illinois | 230000304 |
| Providence Bank and Trust | Belleville IL Outlot 6, LLC | Circuit Court of St. Clair County, Illinois, 12th District | 23FC0230 |
| Gladiator Roofing & Restoration LLC | Arciterra Group, LLC | Marion County Superior Court, Indiana | 49D06-2306-PL-023191 |
| The Cleaning Source, LLC | ArciTerra Noble West Noblesville IN and Alliant Credit Union | Superior Court of Hamilton County, Indiana | 29D03-2304-CC-003922 |