# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

Securities and Exchange Commission,

        Plaintiff,

v.

Jonathan Larmore, et al.

        Defendants.

Case No.: 2:23-cv-02470-DWL

**DECLARATION OF HARRY KAVRAKIS**

Pursuant to 28 U.S.C.§ 1746, I hereby declare as follows:

    1.    From March 1988 through February 2023, I served as an agent for the Internal Revenue Service ("IRS"). From my appointment in 1988 until 2003, I served as an IRS Revenue Agent where my duties included, but were not limited to, auditing of individual and business entity federal income tax returns, forensic analyses of bank and financial records, researching and applying current tax law, and preparing detailed reports regarding tax imposition and penalties. From 2003 until my retirement in 2023, I served as an IRS Special Agent where I investigated and assisted in the prosecution of financial crimes including tax evasion, money laundering and Title 31 violations. My duties included, but were not limited to, evaluation of FinCEN Reports, including Currency Transaction Reports and Suspicious Activity Reports; forensic analyses of financial and accounting records; preparing detailed reports presenting evidence, conclusions, and recommendations; and testifying and presenting evidence as an expert witness in grand jury and trial proceedings.

    2.    In June 2023, I became a federally licensed tax practitioner specializing in taxation and having unlimited rights to represent taxpayers before the IRS. Currently I work with T&M

1

USA, LLC, a New York City-based investigations and consulting firm, in a financial investigation capacity. I hold a Bachelor of Science in Business Administration degree with a major in accounting from Western New England University.

3. I was engaged to provide review and analysis of certain tax returns of Arciterra Walcent Portfolio I LLC in this matter. The company was formed in July 2005 and reportedly filed tax returns each year since its formation with the exception of 2022 and 2023.

4. I reviewed returns provided to me for the company from 2017-2021. Specifically, I reviewed copies of Form 1065 U.S. Return of Partnership Income of Arciterra Walcent Portfolio I LLC. No tax returns for 2022 and 2023 were available to review.

5. Based upon my review, I determined that, with added back amortization and depreciation, total income for the period was $12,930,048, of which $6,465,024 was attributable to CSL Investments, LLC, and $6,465,024 was attributable to Moynahan Investments, LLC, which is a disregarded single member entity owned by Marcia Larmore.

6. I declare under penalty of perjury, that the foregoing is true and correct.

Executed on this 7th day of June 2024.

Harry Kavrakis

# Exhibit B

**EXHIBIT B**



**Park** NATIONAL BANK
Post Office Box 3500
Newark, OH 43058-9983

RETURN SERVICE REQUESTED

ARCITERRA COMPANIES LLC
1200 W RETTA ESPLANADE
PUNTA GORDA FL 33950-5325

**Statement Ending 08/31/2023**
Arciterra Companies Llc         Page 1 of 2
Account Number: XXXXXXXXXX7196

**Managing Your Accounts**

Address — 40 S. Limestone Street, Springfield, OH 45502
Customer Care — 888-474-PARK (7275)
Visit us online — parknationalbank.com

### Summary of Accounts

| Account Type | Account Number | Ending Balance |
|---|---|---|
| COMMERCIAL CHECKING PLUS | XXXXXXXXXX7196 | $2,726.20 |

### COMMERCIAL CHECKING PLUS-XXXXXXXXXX7196

**Account Summary**

| Date | Description | Amount |
|---|---|---|
| 08/22/2023 | Beginning Balance | $0.00 |
|  | 2 Credit(s) This Period | $202,726.20 |
|  | 1 Debit(s) This Period | $200,000.00 |
| 08/31/2023 | Ending Balance | $2,726.20 |

**Deposits**

| Date | Description | Amount |
|---|---|---|
| 08/29/2023 | DEPOSIT | $2,726.20 |
|  |  | 1 item(s) totaling $2,726.20 |

**Other Credits**

| Date | Description | Amount |
|---|---|---|
| 08/25/2023 | 08/25/230428 WIRE FROM JONATHAN M LARMORE | $200,000.00 |
|  |  | 1 item(s) totaling $200,000.00 |

**Electronic Debits**

| Date | Description | Amount |
|---|---|---|
| 08/28/2023 | 08/28/230163 WIRE TO Daniel DeCarlo | $200,000.00 |
|  |  | 1 item(s) totaling $200,000.00 |

**Daily Balances**

| Date | Amount | Date | Amount | Date | Amount |
|---|---|---|---|---|---|
| 08/25/2023 | $200,000.00 | 08/28/2023 | $0.00 | 08/29/2023 | $2,726.20 |

Member FDIC

# Exhibit C

# Arciterra Strategic Retail Advisor, LLC- Flow Chart



# Exhibit D

| | |
|---|---|
| 1 | Dan W. Goldfine (AZ Bar # 018788) |
| 2 | Cameron C. Stanley (AZ Bar #036605) |
|   | DICKINSON WRIGHT PLLC |
| 3 | 1850 North Central Avenue, Suite 1400 |
|   | Phoenix, AZ 85004 |
| 4 | dgoldfine@dickinson-wright.com |
| 5 | cstanley@dickinson-wright.com |
|   | (602) 285-5000 Phone |
| 6 | (844) 670-6099 Facsimile |

Seth B. Waxman (DC Bar #456156)
(Admitted *Pro Hac Vice*)
DICKINSON WRIGHT PLLC
1825 Eye Street N.W. Suite 900
Washington, DC 20006
swaxman@dickinson-wright.com
(202) 466-5956 Phone
(844) 670-6009 Facsimile

*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Securities and Exchange Commission, | **Case No.: 2:23-cv-02470-DLR** |
| Plaintiff, | |
| v. | **DECLARATION OF SETH WAXMAN IN SUPPORT OF DEFENDANTS' REPLY TO THE RECEIVER'S AND SEC'S OPPOSITIONS TO THE DEFENDANTS' MOTION TO REMOVE THE RECEIVER** |
| Jonathan Larmore; ArciTerra Company, LLC; ArciTerra Note Advisors II, LLC; ArciTerra Note Advisors III, LLC; ArciTerra Strategic Retail Advisors, LLC; Cole Capital Funds, LLC, | |
| Defendants, and | |
| Michelle Larmore; Marcia Larmore; CSL Investments, LLC; MML Investments, LLC; Spike Holdings, LLC; and JMMAL Investments, LLC, | |
| Relief Defendants. | |

1

SETH B. WAXMAN hereby declares under penalty of perjury that the following facts are true and accurate:

1. I am a member of the law firm of Dickinson Wright, PLLC.

2. I represent Jonathan Larmore ("J. Larmore") and Marcia Larmore ("M. Larmore") (collectively, the "Defendants") in the above-captioned case.

3. In December 2023, when I suggested to the Court that StoneTurn Group, LLP ("StoneTurn") should be the Receiver in this matter, the primary reason I suggested StoneTurn was to have an independent, fair-minded professional organization conduct a thorough and even-handed forensic accounting investigation into ArciTerra's books and records.

4. Beginning very early in this case, and on several occasions during the first three months of this case, I asked the Receiver to consider various defense theories of the case as part of the Receiver's overall work, but especially in the context of the forensic accounting investigation that was taking place.

5. At all times, the Receiver rebuffed and refused to engage me on the defense theories of the case.

6. The Receiver also failed to discuss or provide me any insight into the forensic accounting work that was being conducted by the Receiver and his team.

7. The Receiver's refusal to engage me on these critical substantive subjects has resulted in a one-sided, biased investigation by the Receiver.

8. I also offered to make J. Larmore available to the Receiver for questioning to assist the Receiver in his investigation and to help the Receiver engage in a cost-effective, time-sensitive investigation. That offer was rejected as well.

9. Based upon these failures, StoneTurn should be removed as the Receiver in this case to allow a truly independent, unbiased Receiver to step in and replace StoneTurn.

10. The new Receiver should be required to engage the Defendants on their theories of the case, consider those theories in the context of the Receiver's overall work, including the

forensic accounting investigation, and be transparent in the type of forensic accounting investigation that is taking place.

I declare under penalty of perjury that the foregoing is true and correct.

June 7, 2024                                                   */s/ Seth B. Waxman*

                                                      Seth B. Waxman