# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States Securities and Exchange Commission,<br><br>Plaintiff,<br><br>v.<br><br>Jonathan Larmore, et al.,<br><br>Defendants. | No. CV-23-02470-PHX-DLR<br><br>**ORDER (I) APPROVING (A) THE ENGAGEMENT AND COMPENSATION OF MARCUS & MILLICHAP REAL ESTATE INVESTMENT SERVICES AS BROKER FOR THE SALE OF THE REAL PROPERTY OWNED BY ATA HIRAM SQUARE GA, LLC, AND (B) THE SALE AND AUCTION PROCEDURES FOR THE SALE OF THE PROPERTY; AND (II) GRANTING RELATED RELIEF** |

The Court having considered the Receiver's Motion for orders: (A) approving (i) the Receiver's engagement and compensation of Marcus & Millichap Real Estate Investment Services ("Marcus & Millichap") as broker for the sale of a multi-use retail center located in Hiram, Georgia (the "Property") owned by Receivership Entity, ATA Hiram Square GA, LLC, and (ii) the proposed auction and sale procedures (the "Sale Procedures") for the sale of the Property; (B) approving the sale of the Property to the bidder who submits the highest and best offers for the Property at the auction, free and clear of all liens, claims, encumbrances and interests; and (C) granting related relief (the "Motion")[1] (Doc. 202); there being no opposition to the Motion; and upon due and sufficient notice of the Motion having been given and that no other or further notice need

---

[1] Capitalized, undefined terms shall have the meanings ascribed to them in the Motion.

be given; and after due deliberation; and it appearing that the relief sought in the Motion is in the best interest of the Receivership Estate, its creditors, and other parties in interest,

**IT IS HEREBY FOUND, DETERMINED, AND CONCLUDED THAT:**

1. This Court has jurisdiction over this matter, the above-captioned defendants and relief-defendants, and over all property of the Receivership Estate.

2. Proper, timely, adequate, and sufficient notice of the Motion has been provided, such notice was sufficient and appropriate under the particular circumstances, and no other or further notice of the Motion or relief sought in the Motion is necessary or required.

3. A reasonable opportunity to object or be heard regarding the requested relief in the Motion and this Order has been afforded to all interested parties, including, without limitation, all parties to this action and all persons or entities known to the Receiver that have or may have an interest in any portion of the Property.

4. The Receiver has the power and authority to sell the Property, or any portion of the Receivership Estate, at a public sale pursuant to and in accordance with the Sale Procedures, free and clear of liens, claims, and encumbrances, with such liens, claims, and encumbrances attaching to the proceeds of such sale with the same validity and in the same order of priority.

5. Upon the Receiver's appointment and after investigating the financial condition of the Receivership Estate, the Receiver evaluated the real estate holdings of the Receivership Estate and determined to undertake a comprehensive effort to solicit interest from potential purchasers for the Property.

6. The Receiver's entry into the M&M Agreement, and the underlying retention of Marcus & Millichap, as a disinterested professional, is in the best interest of the Receivership Estate and its creditors.

7. The Receiver's existing and continued marketing efforts, combined with the publication set forth herein is reasonable and sufficient.

8. The Receiver has demonstrated a sufficient basis and compelling circumstances requiring the entry of this Order and the proposed sale of the Property in accordance with the Sale Procedures, and such actions: (a) are appropriate exercises of the Receiver's reasonable business judgment; (b) are in the best interest of the Receivership Estate and its creditors; and (c) meet the requirements of and are consistent with 28 U.S.C. §§ 2001 and 2002.

9. The Sale Procedures are reasonable, non-collusive, negotiated in good faith, substantively and procedurally fair, and will enable the Receiver to obtain the highest value for the Property.

10. The Receiver may sell the Property in accordance with the Sale Procedures.

**NOW, THEREFORE, BASED UPON THE FOREGOING FINDINGS AND THE RECORD BEFORE THIS COURT,**

**IT IS HEREBY ORDERED** that the Motion (Doc. 202) is **GRANTED** as set forth in this Order; and

**IT IS FURTHER ORDERED** that any and all objections to the Motion concerning the Sale Procedures and relief granted in this Order that have not been withdrawn, waived, resolved, sustained, or settled, are expressly denied and overruled in their entirety; and

**IT IS FURTHER ORDERED** that the M&M Agreement as set forth in Exhibit A to the Coxworth Declaration, is approved, and

**IT IS FURTHER ORDERED** that the Sale Procedures, as set forth in Exhibit A to this Order, are approved in their entirety; and

**IT IS FURTHER ORDERED** that the Receiver may proceed to sell the Property, in accordance with the Sale Procedures; and

**IT IS FURTHER ORDERED** that the Receiver may proceed to sell the Property free and clear of liens, claims, encumbrances, and other interests at a public auction to be held on the RealINSIGHT Marketplace Auction Platform at https://rimarketplace.com in accordance with, and subject to, the Sale Procedures with an auction commencing on

October 28, 2024 at 12:00 p.m. (Eastern Standard Time) and ending on October 30, 2024 at 12:00 p.m. (Eastern Standard Time) (the "Auction"); and

**IT IS FURTHER ORDERED** that the Sale Hearing shall be held telephonically on **November 13, 2024, at 9:30 a.m. (Phoenix Time)**; and

**IT IS FURTHER ORDERED** that any objection on any basis to the proposed sale of the Property must be filed in writing with the Court no later than **November 6, 2024, at 5:00 p.m. (Phoenix Time)** (the "Objection Deadline") and served on counsel to the Receiver, Archer & Greiner, P.C., Attn: Allen G. Kadish and Harrison H.D. Breakstone, 1211 Avenue of the Americas, New York, New York 10036; and

**IT IS FURTHER ORDERED** that the notice of sale attached as Exhibit B hereto (the "Sale Notice"), is hereby approved; and

**IT IS FURTHER ORDERED** that the Receiver shall cause service of the Sale Notice, within five (5) business days of entry of this Order, by United States first class mail on: (a) all known creditors of ATA Hiram at the address set forth in the Receivership Entities' books and records or as updated pursuant to a request by a creditor or by returned mail from the post office with a forwarding address; (b) any party known or reasonably believed to have asserted any Lien and Encumbrance or other interest in the Property; (c) all parties to pending litigation against ATA Hiram (as of the date of entry of this Order); (d) any party known or reasonably believed to have expressed an interest in acquiring the Property; (e) the Securities and Exchange Commission, the United States Attorney for the Southern District of New York, the Internal Revenue Service and all local governmental units; and (f) such additional persons and entities deemed appropriate by the Receiver; and

**IT IS FURTHER ORDERED** that the Receiver shall cause the Sale Notice to be published in the Marietta Daily Journal once a week for at least four (4) weeks prior to the Auction, which publication shall be deemed due, timely, good, and sufficient notice of the entry of this Order, the Sale Order and all proceedings to be held in accordance with this Order; and

**IT IS FURTHER ORDERED** that any person or entity seeking to participate as a bidder at the Auction shall comply with the Sale Procedures; and

**IT IS FURTHER ORDERED** that each bidder participating at the Auction will be required to confirm that it has not engaged in any collusion with respect to the bidding on or sale of the Property; and

**IT IS FURTHER ORDERED** that under no circumstances shall any bidder or prospective purchaser for the Property have any claims at law or equity against the Receiver, his professionals or the Receivership Estate arising out of their participation or involvement in the Auction or the purchase and sale of the Property; and

**IT IS FURTHER ORDERED** that this Order shall become effective immediately upon its entry; and

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction over any and all matters or disputes arising from or related to this Order or its enforcement.

Dated this 9th day of September, 2024.

Douglas L. Rayes
Senior United States District Judge

# EXHIBIT A

## SALE PROCEDURES FOR:

### HIRAM SQUARE
### LOCATED AT 5157 JIMMY LEE SMITH PARKWAY,
### HIRAM, PAULDING COUNTY, GEORGIA 30141

Securities and Exchange Commission v. Larmore, *et al.*
Case No. 23-CV-02470-DLR
United States District Court for the District of Arizona (the "Court")

Allen D. Applbaum, as receiver (the "Receiver") for ArciTerra Companies, LLC and related entities, submits the following sale and auction procedures (the "Sale Procedures") for the sale of Hiram Square, a multi-use retail center located in Hiram, GA (the "Property"), and owned by Receivership Entity, ATA Hiram Square GA LLC ("ATA Hiram"). The sale of the Property shall be free and clear of all liens, claims, encumbrances and interests, and subject to the below auction procedures approved by the Court:

    a.    Auction Place and Time. There will be a public Auction to submit and accept bids for the Property held on the RealINSIGHT Marketplace Auction Platform at https://rimarketplace.com (the "Marketplace Auction Platform") commencing on October 28, 2024 at 12:00 p.m. (Eastern Standard Time) and ending on October 30, 2024 at 12:00 p.m. (Eastern Standard Time).

    b.    Qualification to Bid. Any bidder interested in purchasing the Property must register to bid with the Marketplace Auction Platform at https://rimarketplace.com and submit financial information, including proof of funds. Bidders who register and provide sufficient information and proof of funds will receive an email confirming eligibility to bid.

    c.    Bidding at Auction and Selection of Successful Bidders. Upon the conclusion of the Auction and attaining the Reserve Price, the Receiver will accept the bid from the bidder who submits the highest and best offer for the Property (the "Successful Bidder").

    d.    Execution of the Purchase Agreement. The Successful Bidder will be required to execute the Purchase Agreement, substantially in the form approved by the Court, within two hours of being selected as the Successful Bidder.

    e.    Submission of Non-Refundable Deposit. No later than twenty-four hours after conclusion of the Auction, the Successful Bidder shall submit a non-refundable

deposit of ten percent (10%) of the purchase price (the "Deposit") to be held in escrow pending entry of the Order of the Court approving the sale and closing on the sale.

  f. Platform Fee.  The Successful Bidder shall be obligated to pay the Platform Fee due to Marketplace Auction Platform upon closing of the sale.

  g. Due Diligence.  All bidders who execute confidentiality agreements will be permitted to conduct due diligence on the Property, including via a review of the due diligence materials prepared by Marcus & Millichap, prior to the Auction.  Due diligence materials will be made available by the Marketplace Auction Platform.

  h. No Contingencies.  The sale to the Successful Bidder shall not be subject to any contingencies, including without limitation, for financing, due diligence, or inspection.

  i. As Is/Where Is Purchase. The sale to the Successful Bidder shall be on an "AS-IS, WHERE-IS" basis, with no representations or warranties made by the Receiver, his professionals, or the Receivership Entities.

# EXHIBIT B

# <u>SALE NOTICE</u>

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States Securities and Exchange Commission,<br><br>    Plaintiff,<br>  v.<br><br>Jonathan Larmore, et al.,<br><br>    Defendants, and<br><br>Michelle Larmore; Marcia Larmore; CSL Investments, LLC; MML Investments, LLC; Spike Holdings, LLC; and JMMAL Investments, LLC,<br><br>    Relief Defendants. | Case No. 23-CV-02470-PHX-DLR<br><br>**NOTICE OF PUBLIC SALE OF:**<br><br>**HIRAM SQUARE, 5157 JIMMY LEE SMITH PARKWAY, HIRAM, PAULDING COUNTY, GEORGIA 30141** |

TO ALL PARTIES IN INTEREST:

  Notice is hereby given that Allen D. Applbaum, as Receiver for ArciTerra Companies, LLC and related entities including, but not limited to, ATA Hiram Square GA LLC ("<u>ATA Hiram</u>"), intends to sell, through his broker, Marcus & Millichap Real Estate Investment Services ("<u>Marcus & Millichap</u>"), a multi-use retail center located in Hiram, Georgia, and owned by ATA Hiram (the "<u>Property</u>"), free and clear of all liens, claims, interests and encumbrances (the "<u>Sale</u>").

  Pursuant to the Motion for Entry of an Orders: (A) approving (i) the Receiver's engagement and compensation of Marcus & Millichap as broker for the sale of the Property, and (ii) the proposed sale and auction procedures for the sale of the Property (the "<u>Sale Procedures</u>"), including the scheduling of an Auction and Sale Hearing to consider the sale of the Property; (B) approving the sale of the Property to the bidders who submit the highest and best offers at a public auction to be conducted on RealINSIGHT

Marketplace Auction Platform at https://rimarketplace.com (the "Marketplace Auction Platform"), free and clear of all liens, claims, encumbrances and interests; and (C) granting related relief (the "Sale Motion"), the Receiver is soliciting higher and better offers for the Property.

The Receiver is soliciting higher and better offers by means of an Auction to be conducted on the Marketplace Auction Platform, which shall be governed by the terms and conditions of the order establishing sale and auction procedures (the "Sale Procedures Order") approved by the Court on ____ __, 2024.

The Sale Motion and the Sale Procedures Order are on file with the United States District Court for the District of Arizona, Sandra Day O'Connor U.S. Courthouse, 401 W. Washington St., Suite 130, SPC 1, Phoenix, Arizona 85003-2118 (the "Court"), and are available for review during regular business hours. **Copies of the Sale Motion, the Sale Procedures Order, and the proposed Purchase Agreement to be executed by the Successful Bidders are also available upon request from the undersigned or by visiting the Receiver's website at www.arciterrareceivership.com.**

OBJECTIONS, if any, to the relief requested in the Sale Motion or to final approval of the proposed Sale of the Property must be filed in writing with the Clerk of the Court on or before _____ _, 2024 at 5:00 p.m., Phoenix Time (the "Objection Deadline"). A copy of the objection must also be served on all of the following so as to be received by the Objection Deadline: counsel to the Receiver, Archer & Greiner, P.C., Attn: Allen G. Kadish and Harrison H.D. Breakstone, 1211 Avenue of the Americas, New York, New York 10036.

**Through this Notice, HIGHER AND BETTER OFFERS to purchase the Property is hereby solicited.** The Auction will be held on the Marketplace Auction Platform beginning on October 28, 2024 at 12:00 p.m. (Eastern Standard Time) and ending on October 30, 2024 at 12:00 p.m. (Eastern Standard Time). Instructions for attending the Auction are available at: at https://rimarketplace.com.

A FINAL HEARING on the Sale Motion will take place on _____ _, 2024 at __:00 a.m., Phoenix Time, at the United States District Court for the District of Arizona, Sandra Day O'Connor U.S. Courthouse, 401 W. Washington St., Suite 130, SPC 1, Phoenix, Arizona 85003-2118, before the Honorable Douglas L. Rayes.

Please be advised that any of the foregoing dates may be changed by the Court without further notice.

If you have any questions regarding or would like copies of materials relating to the information in this Notice, please make such request in writing to Counsel for the Receiver,

| | |
|---|---|
| 1 | Archer & Greiner, P.C., 1211 Avenue of the Americas, New York, New York 10036 Attn: Allen G. Kadish and Harrison H.D. Breakstone. |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |