ARCHER & GREINER, P.C.
1211 Avenue of the Americas
New York, New York 10036
Tel: (212) 682-4940
Allen G. Kadish[1]
Harrison H.D. Breakstone[2]
Email: akadish@archerlaw.com
          hbreakstone@archerlaw.com

*Counsel for Allen D. Applbaum as Receiver*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States Securities and Exchange Commission, | Case No. 23-CV-02470-PHX-DLR |
| Plaintiff, | **RECEIVER'S MOTION FOR ORDERS (I) APPROVING (A) THE ENGAGEMENT AND COMPENSATION OF MARCUS & MILLICHAP REAL ESTATE INVESTMENT SERVICES AS BROKER FOR THE SALE OF THE REAL PROPERTY OWNED BY WALCENT ELK/IN, LLC, AND (B) THE SALE AND AUCTION PROCEDURES FOR THE SALE OF THE PROPERTY; (II) APPROVING THE SALE OF THE PROPERTY AFTER AUCTION, FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS; AND (III) GRANTING RELATED RELIEF** |
| v. | |
| Jonathan Larmore, et al., | |
| Defendants, and | |
| Michelle Larmore, Marcia Larmore, CSL Investments, LLC, MML Investments, LLC, Spike Holdings, LLC, and JMMAL Investments, LLC, | |
| Relief Defendants. | |

---

[1] Admitted *pro hac vice*.
[2] Admitted *pro hac vice*.

# **TABLE OF CONTENTS**

Page

Table of Authorities ................................................................................................ ii

I.    Preliminary Statement ..................................................................................... 1

II.   Background ....................................................................................................... 4

    A. The Receivership Order and Appointment of The Receiver ..................... 4

    B. The Property ............................................................................................... 4

    C. Marcus & Millichap Marketing and Engagement Terms ......................... 5

    D. The Secured Loans .................................................................................... 6

III.  Relief Requested ............................................................................................. 6

IV.   Basis for Relief Requested ............................................................................. 7

    A. Authorization to Sell the Property ........................................................... 7

    B. Approval of the Engagement and Compensation of Marcus & Millichap ................ 9

    C. Approval of the Sale Procedures ............................................................ 11

    D. Sale Free and Clear of Liens, Claims, Encumbrances and Interests ......... 12

    E. Proposed Form and Manner of Notice of the Sale ................................. 14

V.    Conclusion .................................................................................................... 15

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Gockstetter v. Williams*,
  9 F.2d 354 (9th Cir. 1925) ................................................................. 8

*Quilling v. Trade Partners, Inc.*,
  2007 WL 296211 (W.D. Mich. 2007) ................................................ 13

*Regions Bank v. Egyptian Concrete Co.*,
  2009 WL 4431133 (E.D. Mo. Dec. 1, 2009) .................................... 13

*S.E.C. v. Cap. Cove Bancorp LLC*,
  2015 WL 9701154 (C.D. Cal. Oct. 13, 2015) ................................... 13

*S.E.C. v. Princeton Econ. Int'l Ltd.*,
  2008 WL 7826694 (S.D.N.Y. Sept. 30, 2008) ................................. 13

*Seaboard Natl. Bank v. Rogers Milk Prod. Co.*,
  21 F.2d 414 (2d Cir. 1927) ................................................................ 13

*Securities and Exchange Com'n v. American Capital Invest., Inc.*,
  98 F.3d 1133 (9th Cir. 1996), *abrogated on other grounds by Steel Co. v.*
  *Citizens for a Better Env't*, 523 U.S. 83 (1998) .................................. 8

*Securities and Exchange Com'n v. Capital Consultants, LLC*,
  397 F.3d 733 (9th Cir. 2005) .............................................................. 7

*Securities and Exchange Com'n v. Credit Bancorp Ltd.*,
  290 F.3d 80 (2d Cir. 2002) .................................................................. 8

*Securities and Exchange Com'n v. Hardy*,
  803 F.2d 1034 (9th Cir. 1986) ....................................................... 7, 13

*Securities and Exchange Com'n v. Wencke*,
  622 F.2d 1363 (9th Cir. 1980) ............................................................ 8

**Other Authorities**

2 Ralph E. Clark, *Treatise on Law & Practice of Receivers* § 482 (3d ed. 1992) .............. 8

Allen D. Applbaum as receiver for ArciTerra Companies, LLC and related entities (the "Receiver"), by and through his counsel, Archer & Greiner, P.C., hereby respectfully moves this Court for orders (A) approving (i) the Receiver's engagement and compensation of Marcus & Millichap Real Estate Investment Services ("Marcus & Millichap") as broker for the sale of a multi-use retail center known as the "Northfield Plaza Shopping Center" located at 2719-2733 Emerson Drive, Elkhart, Indiana, 46514 (the "Property") owned by Walcent Elk/IN, LLC ("Walcent Elk"), a Receivership Entity, and (ii) the proposed sale and auction procedures (the "Sale Procedures") for the sale of the Property; (B) approving the sale of the Property to the bidder who submits the highest and best offer for the Property at the auction, free and clear of all liens, claims, encumbrances and interests; and (C) granting related relief as follows:

## I.    Preliminary Statement

1.      On December 21, 2023 and May 6, 2024, the Court appointed the Receiver pursuant to the *Order Appointing Temporary Receiver and Temporarily Freezing Assets and Imposing Litigation Injunction* [ECF No. 77] and *Order Appointing Receiver Freezing Assets, and Imposing Litigation Injunction* [ECF No. 154] (the "Receivership Order").[3]  Since his appointment, the Receiver and his retained professionals have, among other things, assumed control of the Receivership Entities and Receivership Assets, conducted preliminary investigations into the claims and liens asserted against Receivership Assets, negotiated standstill and forbearance stipulations with parties asserting liens and other interests in Receivership Assets, and conducted other activities required by the Receivership Order to

---

[3]  Capitalized, undefined terms shall have the meanings ascribed to them in the Receivership Order.

administer the Receivership Estate.[4]

2.      By this Motion, the Receiver seeks approval of his engagement of Marcus & Millichap and the proposed Sale Procedures for the sale of the Property through a public online auction process. The Property has been, and will continue to be, extensively marketed by Marcus & Millichap through the proposed auction date and will be listed for sale on the RealINSIGHT Marketplace Auction Platform at https://rimarketplace.com (the "Marketplace Auction Platform"). The Marketplace Auction Platform is a commercial online real estate auction site with one of the highest sale rates in the real estate industry, utilizing cutting-edge technology and a dedicated marketing team to bring the most diverse and competitive buyer pool to its listings. The Court previously approved the Receiver's sale of real property under similar sale and auction procedures using the Marketplace Auction Platform. See *Order (I) Approving (A) The Engagement and Compensation of Marcus & Millichap Real Estate Investment Services as Broker for the Sale of the Real Properties Owned by ATA Mercado St. Augustine FL, LLC and ATA Palencia St. Augustine FL, LLC, and (B) the Auction and Sale Procedures for the Sale of those Properties; and (II) Granting Related Relief* [ECF No. 172].

3.      At the auction, the Receiver will select the highest and best offer for the Property and enter into an asset purchase agreement (the "Purchase Agreement"), substantially in the form annexed as Exhibit B to the Declaration of Randall Coxworth (the "Coxworth Declaration") attached hereto as Exhibit 1. The Purchase Agreement provides for the sale of the Property on an "as is, where is" basis, with no representations or warranties from the

---

4       On August 20, 2024, the Receiver filed the *ArciTerra Receiver's Second Status Report* [ECF No. 205].

Receiver or the Receivership Entities and is solely contingent on approval of this Motion and the Receiver's ability to deliver insurable title.

4.     At the time of the Receiver's appointment, the Property was subject to a Phased Funding Note with Standard Insurance Company ("Lender") dated May 11, 2022 (the "Note"), evidencing a loan made to Walcent Elk and Jonathan Larmore, in the original principal amount of $1,500,000, serviced by StanCorp Mortgage Investors, LLC (the "Administrative Representative"), and identified by the Lender as Loan No. WC202006 (the "Loan"). The Loan is secured by a Mortgage, Assignment of Rents, Security Agreement and Fixture Filing dated May 11, 2022 (the "Mortgage"). The amount outstanding on the Loan is approximately $1,175,000.

5.     The Receiver and Marcus & Millichap have established a minimal reserve price for the Property of $1 million (the "Reserve Price"). The Receiver has negotiated an agreement with the Administrative Representative which provides for at least $100,000 to the Receivership Estate. Specifically, the proceeds of any sale (the "Sale Proceeds") will first be applied to closing costs and commissions due to Marcus & Millichap and then $100,000 to the Receivership Estate. The Receivership Estate will then be entitled to 30% of all proceeds over the Reserve Price. The Administrative Representative will receive Sale Proceeds up to the undisputed amount of its claim, with any Sale Proceeds above the claim amount going to the Receivership Estate.

6.     The Receiver respectfully requests that the Court grant this Motion by entering orders (a) approving (i) the Receiver's engagement of Marcus & Millichap and payment of its commission at the closing of the sale, and (ii) the proposed Sale Procedures, (b) upon

completion of the auction, approving the sale of the Property to the bidder submitting the highest and best offer for the Property and (c) providing additional relief.

## II.     Background

A.  The Receivership Order and Appointment of the Receiver

7.      On November 28, 2023, the Securities and Exchange Commission filed its Complaint [ECF 1] against Jonathan Larmore ("Larmore"); ArciTerra Companies, LLC ("ArciTerra"); ArciTerra Note Advisors II, LLC; ArciTerra Note Advisors III, LLC; ArciTerra Strategic Retail Advisor, LLC; and Cole Capital Funds, LLC (all together, the "Defendants"). Michelle Larmore; Marcia Larmore; CSL Investments, LLC; MML Investments, LLC; Spike Holdings, LLC and JMMAL Investments, LLC were named as relief defendants.

8.      On December 21, 2023, the Court entered the Receivership Order, which appointed the Receiver to, among other things, (a) perform the duties specified in the Receivership Order; (b) ascertain the financial condition of the Receivership Entities and all of the Receivership Assets (as defined in the Receivership Order); (c) oversee and manage the Receivership Entities and the Receivership Assets; and (d) propose for Court approval a fair and equitable distribution of the Receivership Assets.

9.      Paragraph 6(N) of the Receivership Order provides that the Receiver shall have the power and duty to:

> Sell, assign, transfer or otherwise dispose of any assets of the Receivership Entities either directly or through one or more Retained Personnel, subject to approval by this Court with respect to any material assets[.]

B.  The Property

10.      The Property is a multi-use retail center known as the "Northfield Plaza Shopping

Center" located at 2719-2733 Emerson Drive, Elkhart, Indiana, 46514. The Property consists of 18,550 square feet of retail space. The Property is located two miles east of Elkhart Municipal Airport and has a strong tenant mix with several national tenants including, GameStop and Cato Fashions.

C. Marcus & Millichap Marketing and Engagement Terms

11. Since the Receiver's appointment, he and his professionals engaged in extensive diligence and discussions with Marcus & Millichap about marketing and selling the Property. As a result of these discussions, the Receiver agreed to engage Marcus & Millichap and a marketing and sale strategy in accordance with the terms set forth in that certain Exclusive Representation Agreement (the "M&M Agreement"), a copy of which is annexed as Exhibit A to the Coxworth Declaration.

12. Pursuant to the M&M Agreement, Marcus & Millichap will market the Property through various channels up to the auction, including targeting of buyers through its top retail team and its auction database of multi-tenant retail investors. As part of its engagement, Marcus & Millichap will purchase reports, including a Phase I Environmental Report, a Property Condition Report, and title reports for prospective bidders to conduct their necessary due diligence, which must be completed prior to the auction. During the marketing and due diligence period, Marcus & Millichap will respond to questions from prospective bidders about the auction process and terms of sale, and assist the Receiver in vetting prospective bidders' financial ability to consummate any proposed sale transaction.

13. At the auction, bidders will bid on the Property and the proposed Sale Procedures require all prevailing bidders to pay for all transfer taxes and closing costs, including the fee

payable to the Marketplace Auction Platform, which is the greater of five percent (5%) of the winning bid or $25,000 (the "Platform Fee").  As part of the M&M Agreement, the Marketplace Auction Platform has agreed to rebate 40% of the Platform Fee to the Receivership Estate upon closing of the sales.  For its services, Marcus & Millichap will be entitled to a listing fee of 5% of the final sale price.  To the extent the successful purchaser's broker is entitled to a co-brokerage fee, Marcus & Millichap will be responsible for paying such fee.

D.   The Secured Loans

14.   Pursuant to the Note dated May 11, 2022, Walcent Elk and Jonathan Larmore borrowed $1,500,000 from Standard.  On May 11, 2022, Walcent Elk, Jonathan Larmore and Lender executed the Mortgage on the Property. The Note and Mortgage are serviced by the Administrative Representative.

15.   Upon his appointment and thereafter, the Receiver and his counsel engaged with the Administrative Representative regarding the Property, resulting in a Forbearance Agreement dated March 22, 2024, and an agreement to proceed with a sale to close on or before January 31, 2025, in accordance with the procedures set forth in this Motion.

**III.   Relief Requested**

16.   By this Motion, the Receiver seeks entry of two Orders that provide for:

a.   The approval of (i) the Receiver's engagement and compensation of Marcus & Millichap, pursuant to the terms of the M&M Agreement, and (ii) the Sale Procedures, approving the notice of auction and sale, scheduling an auction to be conducted by the Marketplace Auction Platform (the "Auction") and setting a sale hearing date after the Auction (the "Sale Hearing") to consider the final approval of the sale of the Property (the "Sale Procedures Order"), in the form attached hereto as Exhibit 2; and

b.   The approval of the sale of the Property to the bidder offering the highest and

best bid at the Auction (the "Sale Order"), and approval of the allocation of sale proceeds in the form attached hereto as Exhibit 3.

## IV.   Basis for Relief Requested

A. Authorization to Sell the Property

17.     The Court's power to supervise an equity receivership and to determine the appropriate actions to be taken in the administration of the receivership is extremely broad.  *See Securities and Exchange Com'n v. Capital Consultants, LLC,* 397 F.3d 733, 738 (9th Cir. 2005) (*quoting Securities and Exchange Com'n v. Hardy*, 803 F.2d 1034, 1037 (9th Cir. 1986)). "The power of a district court to impose a receivership or grant other forms of ancillary relief does not in the first instance depend on a statutory grant of power from the securities laws. Rather, the authority derives from the inherent power of a court of equity to fashion effective relief." *Securities and Exchange Com'n v. Wencke*, 622 F.2d 1363, 1369 (9th Cir. 1980).  A court imposing a receivership assumes custody and control of all assets and property of the receivership, and it has broad equitable authority to issue all orders necessary for the proper administration of the receivership estate. *See Securities and Exchange Com'n v. Credit Bancorp Ltd.*, 290 F.3d 80, 82-83 (2d Cir. 2002).

18.     It is well within the Court's broad authority to approve the auction and Sale Procedures set forth herein.   "The power of sale necessarily follows the power to take possession and control of and to preserve property." *Securities and Exchange Com'n v. American Capital Invest., Inc.*, 98 F.3d 1133, 1144 (9th Cir. 1996), *abrogated on other grounds by Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-94 (1998) (quoting 2 Ralph E. Clark, *Treatise on Law & Practice of Receivers* § 482 (3d ed. 1992)); *see also Gockstetter v. Williams*,

9 F.2d 354, 357 (9th Cir. 1925) ("In authorizing the sale of property by receivers, courts of equity are vested with broad discretion as to price and terms").

19.     In addition to the equitable powers vested in this Court, this Court is conferred with the statutory authority to authorize the sale of the Property. Sales of assets by federal receivers are governed by sections 2001, 2002, and 2004 of Title 28 of the United States Code. Section 2001 governs sales of real property and section 2004 governs sales of personal property, while section 2002 sets forth the procedures for the noticing of sales.

20.     Section 2001(a) sets forth the requirements for a receiver's sale of real estate pursuant to a public auction process as requested by this Motion:

> Any realty or interest therein sold under any order or decree of any court of the United States shall be sold as a whole or in separate parcels at public sale at the courthouse of the county, parish, or city in which the greater part of the property is located, or upon the premises or some parcel thereof located therein, as the court directs. Such sale shall be upon such terms and conditions as the court directs.

21.     Section 2002 provides that notice of sales of real estate must be published:

> A public sale of realty or interest therein under any order, judgment or decree of any court of the United States shall not be made without notice published once a week for at least four weeks prior to the sale in at least one newspaper regularly issued and of general circulation in the county, state, or judicial district of the United States wherein the realty is situated.

22.     The notice "shall be substantially in such form and contain such description of the property by reference or otherwise as the court approves." *Id.*

23.     Here, the Receiver proposes to sell the Property, which consists of real property, through the Marketplace Auction Platform and as prescribed by the Court in the Sale Procedures Order. The Sale Procedures propose an Auction commencing on October 28, 2024 and ending on October 30, 2024, and the Receiver requests that the Court schedule the Sale

Hearing shortly thereafter.  The Receiver will cause notice of the Auction and Sale Hearing to be published for four consecutive weeks in a local publication, the The Elkhart Truth.   In addition to publishing notice, Marcus & Millichap will continue marketing the Property across multiple platforms, including in the Business Journals Marketplace, Wealth Management Real Estate, CRE Push and Shopping Center Business, in a manner consistent with ordinary custom and practice in the industry.  Once the Auction is completed, the Receiver will proceed with the Sale Hearing before the Court at which time he will announce the winner of the Auction and request approval of the sale to such prevailing bidder.

24.    The Receiver believes, in his reasonable business judgment, that selling the Property in accordance with the process set forth in this Motion and the public auction through the Marketplace Auction Platform will yield the highest and best offers for the Property.

B.  Approval of the Engagement and Compensation of Marcus & Millichap

25.    The Receiver also seeks approval of his engagement of Marcus & Millichap to market and solicit offers for the Property and broker the sale through the Marketplace Auction Platform.  Pursuant to paragraph 6(I) of the Receivership Order, the Receiver may engage and employ professionals, including brokers, as necessary to assist in carrying out his duties.

26.    Marcus & Millichap is a nationally-recognized commercial brokerage firm with significant expertise brokering and selling properties comparable to the Property.  For the Property, Marcus & Millichap has created high quality marketing materials that showcase the impressive physical structures and profitability history of the center.  Once prospective bidders sign a confidentiality agreement, they can receive access to a data room which will provide an in-depth review of all pertinent information on the Property.  Marcus & Millichap will continue

to market and solicit bids by advertising in industry journals and specifically targeting buyers reasonably believed to be interested in purchasing the Property. In addition, as stated above, Marcus & Millichap will cause to be published the notice of the Auction and Sale Hearing in a local publication, The Elkhart Truth. Through these efforts, the Property will be exposed to a targeted marketing list of active bidders including owners and operators of similar shopping centers, private equity and other financial funds.

27.     Pursuant to the M&M Agreement, Marcus & Millichap is entitled to receive a commission of five percent (5%) of the gross purchase price on account of their services (the "M&M Commission"). The Receiver requests authority to pay the M&M Commission upon the closing of the sale of the Property from the proceeds thereof.

28.     Marcus & Millichap has represented to the Receiver that it does not hold any interest materially adverse to any of the Receivership Entities. A Declaration of Disinterestedness was recently filed by Marcus & Millichap in this case in connection with the Receiver's efforts to sell the Morningstar at Arcadia facility owned by Glenrosa 32, LLC [ECF 139], which is adopted herein by reference. The Court previously approved the engagement of Marcus & Millichap under similar terms to market and sell properties owned by other Receivership Entities. See *Order (I) Approving (A) The Engagement and Compensation of Marcus & Millichap Real Estate Investment Services as Broker for the Sale of the Real Properties Owned by ATA Mercado St. Augustine FL, LLC and ATA Palencia St. Augustine FL, LLC, and (B) the Auction and Sale Procedures for the Sale of those Properties; and (II) Granting Related Relief* [ECF No. 172].

29.     Accordingly, the Receiver submits that Marcus & Millichap is best suited for

marketing and brokering the sale of the Property and that the engagement of Marcus & Millichap on the terms and conditions set forth herein and in the M&M Agreement is necessary and appropriate, in the best interests of the Receivership Estate, and should be granted.

C. Approval of the Sale Procedures

30.     The Receiver proposes to sell the Property for the highest and best price at a public Auction in accordance with the Sale Procedures to be approved by the Sale Procedures Order. Through the Sale Procedures, the Receiver, with the assistance of Marcus & Millichap, intends to market-test the value of the Property to determine the highest and best offers for the Property.

31.     The following are the key terms of the proposed Sale Procedures,[5] subject to entry of the Sale Procedures Order:

a. Auction Place and Time. There will be a public Auction held through the Marketplace Auction Platform at https://rimarketplace.com beginning on October 28, 2024 at 12:00 Noon (ET) and ending on October 30, 2024 at 12:00 Noon (ET).

b. Qualification to Bid. Any bidder interested in purchasing the Property must register to bid with the Marketplace Auction Platform at https://rimarketplace.com and submit financial information, including proof of funds. Bidders who register and provide sufficient information and proof of funds will receive an email confirming eligibility to bid.

c. Bidding at Auction and Selection of Successful Bidders. Bidders will bid on the Property and, upon the conclusion of the Auction and attaining the Reserve Price, the Receiver will accept the bids from the bidders who submit the highest and best offer for the Property (the "Successful Bidder").

d. Execution of Purchase Agreement. The Successful Bidders will be required to execute the Purchase Agreement, substantially in the form annexed to the

---

[5]     The proposed Sale Procedures are attached as Exhibit A to the Sale Procedures Order.

Coxworth Declaration as <u>Exhibit B</u>, within two hours of being selected as the Successful Bidder.

e.  <u>Submission of Non-Refundable Deposit</u>. No later than twenty-four hours after conclusion of the Auction, the Successful Bidder shall submit a non-refundable deposit of ten percent (10%) of the purchase price (the "<u>Deposit</u>") to be held in escrow pending entry of the Sale Order and closing on the sale.

f.  <u>Platform Fee</u>. The Successful Bidder shall be obligated to pay the Platform Fee due upon closing of the sales.

g.  <u>Due Diligence</u>. All bidders who execute confidentiality agreements will be permitted to conduct due diligence on the Property, including via a review of the due diligence materials prepared by Marcus & Millichap, prior to the Auction. Due diligence materials will be made available by the Marketplace Auction Platform.

h.  <u>No Contingencies</u>. The sale to the Successful Bidder shall not be subject to any contingencies, including without limitation, for financing, due diligence, or inspection.

i.  <u>As Is/Where Is Purchase</u>. The sale to the Successful Bidder shall be on an "AS-IS, WHERE-IS" basis, with no representations or warranties made by the Receiver, his professionals, or the Receivership Entities.

32. At the Sale Hearing, the Receiver will request the Court approve the sale of the Property to the Successful Bidder who shall be required to close no later than thirty-five (35) days following entry of the Sale Order.

33. The Receiver requests approval of these Sale Procedures as they will help to achieve the "primary purpose of [an] equity receivership;" that is, "to promote orderly and efficient administration of the estate . . . for the benefit of creditors." *Hardy*, 803 F.2d at 1037.

D.  <u>Sale Free and Clear of Liens, Claims, Encumbrances and Interests</u>

34. While not expressly provided for statutorily, an order approving the sale of assets by a federal receiver may provide for the sale of property free and clear of liens, claims,

encumbrances and other interests with all such interests attaching to the proceeds of the sale. *Securities and Exchange Com'n v. Cap. Cove Bancorp LLC*, 2015 WL 9701154, at *4 (C.D. Cal. Oct. 13, 2015); *Regions Bank v. Egyptian Concrete Co.*, 2009 WL 4431133, at *7 (E.D. Mo. Dec. 1, 2009) ("[I]t has long been recognized that under appropriate circumstances, a federal court presiding over a receivership may authorize the assets of the receivership to be sold free and clear of liens and related claims"); *Quilling v. Trade Partners, Inc.*, 2007 WL 296211 (W.D. Mich. Jan. 09, 2007) (approving receiver's sale of property free and clear of all liens and encumbrances); *see also Seaboard Natl. Bank v. Rogers Milk Prod. Co.*, 21 F.2d 414, 416 (2d Cir. 1927); *Securities and Exchange Com'n v. Princeton Econ. Int'l Ltd.*, 2008 WL 7826694, *5 (S.D.N.Y. Sept. 30, 2008).

35.     The Receiver proposes to sell the Property to the Successful Bidder in accordance with the Sale Procedures, free and clear of all liens, claims, encumbrances and other interests (collectively, "Liens and Encumbrances") with such Liens and Encumbrances attaching to the proceeds of the sale in the same order of priority.

36.     The Purchase Price is expected to provide sufficient funds to allow for the satisfaction of the Lender's claims, and the Receiver proposes to pay the undisputed amounts due and owing to the Lender on the sale of the Property. Lender has agreed to a full satisfaction of its Note and release of its Mortgage upon a closing of a sale in accordance with the terms set forth in this Motion. To the extent other Liens and Encumbrances exist, the Receiver requests authority to close the sale of the Property, free and clear of all Liens and Encumbrances, and for those Liens and Encumbrances to attach to the sale proceeds, which shall be placed in a segregated receivership account pending further order of the Court or written agreement among

the parties.

E.  Proposed Form and Manner of Notice of the Sale

37.    To provide all interested parties with notice of the Auction and Sale Hearing and an opportunity to object to the proposed sale, the Receiver requests approval of notice and objection procedures as set forth in the Sale Procedures Order.  The Receiver proposes to serve, within five (5) days of entry of the Sale Procedures Order, the form of notice of the sale, attached as Exhibit B to the Sale Procedures Order (the "Sale Notice") by United States first class mail on (a) all known creditors of Walcent Elk at the address set forth in the Receivership Entities' books and records or as updated pursuant to a request by a creditor or by returned mail from the post office with a forwarding address; (b) Administrative Representative, Lender and any party known or reasonably believed to have asserted any Lien and Encumbrance or other interest in the Property; (c) all parties to pending litigation against Walcent Elk (as of the date of entry of the Sale Procedures Order); (d) any party known or reasonably believed to have expressed an interest in acquiring the Property; (e) the Securities and Exchange Commission, the United States Attorney for the Southern District of New York, the Internal Revenue Service and all local governmental units; and (f) such additional persons and entities deemed appropriate by the Receiver.

38.    The Sale Notice will also be made available, within five (5) days of entry of the Sale Procedures Order, on the Receiver's website at http://www.arciterrareceivership.com.   In addition, within five (5) days of entry of the Sale Procedures Order, the Receiver will cause Marcus & Millichap to publish notice of the Auction and his intent to sell the Property for four

weeks and in accordance with 28 U.S.C. § 2002, in The Elkhart Truth, a publication of wide circulation in Elkhart, Indiana where the Property is located.

39.     The Receiver submits that the notice to be provided and the method of service proposed herein constitutes good and adequate notice of the sale, and complies with sections 2001 and 2002 of Title 28. Accordingly, the Receiver requests that this Court approve the notice procedures and that no other or further notice of the sale is required.

**V.     Conclusion**

40.     No prior motion for the relief sought herein has been made to any court.

41.     Given the authorities set forth herein, request is made to waive any requirement to file a separate memorandum of law. *See* LRCiv 7.2(b).

WHEREFORE, the Receiver respectfully requests that this Court (a) enter the Sale Procedures Order approving the M&M Agreement and the Sale Procedures; (b) enter the Sale Order approving the sale of the Property to the bidder offering the highest and best bid at the Auction; and (c) grant such other relief as is just and equitable.

Dated:  September 24, 2024

ARCHER & GREINER, P.C.

By: _____

Allen G. Kadish[1]
Harrison H.D. Breakstone[2]
1211 Avenue of the Americas
New York, New York 10036
Tel: (212) 682-4940
Email: akadish@archerlaw.com
         hbreakstone@archerlaw.com

*Counsel for Allen D. Applbaum as Receiver*

15

**CERTIFICATE  OF SERVICE**

I hereby certify that on September 24, 2024, I electronically transmitted the foregoing document with the Clerk of the Court using the CM/ECF systems, which will provide electronic mail notice to all counsel of record.

_____
Allen G. Kadish

## <u>INDEX TO EXHIBITS</u>

**Exhibit 1 – Coxworth Declaration**

**Exhibit A – M&M Agreement**

**Exhibit B – Purchase Agreement**

**Exhibit 2 – Sale Procedures Order**

**Exhibit A – Sale Procedures**

**Exhibit B – Notice of Auction and Sale**

**Exhibit 3 – Sale Order**

**Exhibit A – Successful Bidder Asset Purchase Agreement**