BRUCE L. UDOLF (FL SBN 899933)
BRUCE L. UDOLF, P.A.
589 SW SECOND AVENUE
FT. LAUDERDALE, FL 33301
Telephone: (954) 415-2260
Email:     budolf@bruceudolf.com

Attorneys for Jonathan Larmore

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>     Plaintiff,<br><br>v.<br><br>JONATHAN LARMORE, *et al*.<br><br>     Defendants.<br>_____/ | Case No. CV-23-02470-PHX-DLR<br><br>**DEFENDANT JONATHAN LARMORE'S RESPONSE TO UNITED STATES' MOTION TO LIFT DISCOVERY STAY** |

Defendant Jonathan Larmore ("Mr. Larmore"), by and through his undersigned counsel, hereby submits his response to the *Motion to Lift Stay and Withdraw as Intervener* (the "Motion to Lift Stay")(Dkt. 323) that the United States filed on March 21, 2025. In the Motion to Lift Stay, the United States seeks an Order from the Court lifting the discovery stay that the Court imposed on April 22, 2024 (Dkt. 142), and permitting the United States to withdraw its intervention in this action. For the reasons set forth below, Mr. Larmore submits that the stay of discovery this Court previously issued in this action should remain in place.[1] In support thereof, Mr. Larmore states as follows:

---

[1] Mr. Larmore has no objection to the United States' request to withdraw its intervention in this action.

Page 1

**FACTUAL AND PROCEDURAL BACKGROUND**

1. Plaintiff Securities and Exchange Commission (the "SEC") commenced this action against Mr. Larmore and others on November 28, 2023 when the SEC filed its Complaint in this Court for alleged violations of the United States Securities laws. At its core, the SEC's allegations against Mr. Larmore stem from its contention that Mr. Larmore committed securities fraud in connection with entities he allegedly owned and controlled that were headquartered in Phoenix, Arizona, *i.e.* ArciTerra Companies, LLC and related companies, and separately, an alleged unlawful scheme in which Mr. Larmore purportedly manipulated the value and stock prices of the publicly traded securities of a company called WeWork, Inc. ("WeWork").

2. On December 21, 2023, the Court entered an Order appointing Allen D. Applbaum as the temporary Receiver in this action pursuant to its *Order Appointing Temporary Receiver and Temporarily Freezing Assets and Imposing Litigation Injunction* (the "Initial Receivership Order")(Dkt. 77).

3. On March 31, 2024, the United States, by and through the United States Attorneys in the Southern District of New York, filed a Notice of the Government's *Motion to Intervene and for a Stay of Discovery* (the "Motion to Stay Discovery")(Dkt. 123) and *Memorandum of Law in Support of the Government's Motion to Intervene and for a Stay of Discovery* (the "Memo of Law")(Dkt. 124) in the instant case requesting permission to intervene in this action, and seeking a stay of discovery in this action until the conclusion of a parallel criminal case then pending in the Southern District of New York, *i.e. United States v. Jonathan Larmore*, 24 Cr. 140 (PAE)(the "New York Criminal Case"). The claims against Mr. Larmore at issue in the New York Criminal Case related to the alleged WeWork scheme that is the subject of the SEC's claims against Mr. Larmore in the instant action. In fact, in the Motion to Stay Discovery, the United States argued that "[t]he facts underlying the Criminal Case, and the allegations in the Indictment, are essentially identical

to the allegations by the SEC in the SEC Case regarding Mr. Larmore's [WeWork] stock manipulation, as described above." Motion to Stay Discovery, p. 3.

4. Among the arguments advanced by the United States government in support of its Motion to Stay Discovery, the government noted that:

> [T]he requested stay would also eliminate a potential burden on the defendant – namely, having to choose between invoking his Fifth Amendment privileges in the SEC Case, which could be used against him in the SEC Case, and answering the complaint, responding to discovery, and testifying (whether via deposition or otherwise) in the SEC case, which statements and testimony could be used against him in the Criminal Case. *See, e.g., [SEC v.] Nicholas*, 569 F.Supp.2d [1065,] 1073 [(C.D. Ca. 2008)] ("the Court has a substantial interest in protecting [a civil defendant's] right to a fair trial in the criminal case"). Accordingly, this final factor weighs in favor of a stay.

Memo of Law, p. 11.

5. On April 22, 2024, the Court entered its *Order* in which it granted the Motion to Stay Discovery and the United States' request to intervene in the instant action. (Dkt. 142). In the Order, the Court ruled that discovery in the instant action was stayed until the completion of the New York Criminal Case. In addition, the Court directed the parties to confer and work on a "briefing schedule on the SEC's request to exempt Rule 45 subpoenas from the scope of the discovery stay." *Id*. at p. 3, ¶3.

6. On May 2, 2024, the SEC, the Receiver, Mr. Larmore, and Relief Defendant Marcia Larmore filed their *Joint Stipulation Re: Scheduling for Defense Motion to Remove Receiver and Rule 45 Document Subpoenas* (the "Stipulation")(Dkt. 150), in which "the parties stipulated that they are permitted to issue Rule 45 Document Subpoenas during the course of the current stay of discovery." Stipulation, p. 2, ¶1.[2] On May 2, 2024, the Court entered an Order on the Docket approving the parties' Stipulation as to the Rule 45 subpoenas as follows: "ORDER: Pursuant to

---

[2] As set forth in the Stipulation, the "Government does not have an objection to the parties issuing Rule 45 Document Subpoenas." *Id*.

Page 3

the parties stipulation (Doc. 150), IT IS ORDERED that the parties may issue Fed. R. Civ. P. 45 document subpoenas, notwithstanding the stay of discovery entered on April 22, 2024 (Doc. 142) . . . . This is a TEXT ENTRY ONLY.  There is no PDF document associated with this entry."

7. On May 6, 2024, the Court entered its *Order Appointing Receiver, Freezing Assets, and Imposing Litigation Injunction* (the "Receivership Order")(Dkt. 154).   As a result, the Receiver is still in place over all of the Receivership Assets in this action.

8. On October 22, 2024, a jury found Mr. Larmore guilty of the two charges that had been brought against him in the New York Criminal Case.   Motion to Lift Stay, p. 2.   On March 18, 2025, Judge Paul A. Engelmayer sentenced Mr. Larmore to 60 months' imprisonment, to be followed by three years of supervised release.  *Id.*

9. On April 1, 2025, Mr. Larmore filed a Notice of Appeal in the New York Criminal Case.  *See* New York Criminal Case Dkt. 135.

10. Now that Mr. Larmore has been convicted and sentenced, and while his case is on appeal, the New York prosecutors in the New York Criminal Case have moved to withdraw as an intervenor in this action and to lift the stay imposed by this Court.    As noted above, Mr. Larmore has no objection to the United States' withdrawal as intervenor.  In light of an ongoing criminal investigation by the United States in the District of Arizona against Mr. Larmore for the very same securities fraud allegations the SEC is making against Mr. Larmore relating to the ArciTerra Companies and related entities in the instant case, and the appeal of the conviction in the New York Criminal Case which if successful, could result in a new trial, the current stay of discovery should not be lifted.

## ARGUMENT

It is clear that federal courts have the discretion to stay civil proceedings when the interests of justice require such action. *Keating v. Office of Thrift Supervision,* 45 F.3d 322, 324 (9th Cir.

1995).[3] In exercising its discretion, a court is required to evaluate the particular circumstances and competing interests involved in the case. *Id.* at 324 (citing *Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F2d 899, 902 (9th Cir. 1989)). A stay may be especially appropriate when civil and criminal proceedings co-occur and involve related facts. *Chao v. Fleming*, 498 F.Supp.2d 1034, 1037 (W.D. Mich. 2007). In fact, "the extent to which the issues in the criminal case overlap with those in the civil case, is regarded as 'the most important factor' because if there is no overlap, then there would be no danger of self-incrimination and no need for a stay." *Id.* at 1039. *See also Apex Systems, LLC v. Sperber*, 2025 WL 745603, *1 (S.D. Cal. March 7, 2025)(quoting *Chao v. Fleming*); *Consumer Financial Protection Bureau v. Global Financial Support, Inc.*, 2016 WL 2868698, *2 (S.D. Cal. May 17, 2016).

In deciding whether to stay a civil case, courts should consider the extent to which the defendant's fifth amendment rights are implicated. *Id*.

> In addition, the decisionmaker should generally consider the following factors: (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

*Keating,* 45 F.3d at 324-25 (citing *Federal Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.3d 899, 903 (9th Cir. 1989). In this case, an examination of all of these factors warrants the continued imposition of what is, in actuality, a limited discovery stay in the instant case.

Here, there is, in fact, an overlap between the instant case and the potential new criminal case in Arizona. In the instant case, undersigned counsel for Mr. Larmore has been advised by the United States government, through its representatives in the Southern District of New York and the

---

[3]     The United States cited to *Keating* in its Memo of Law.

District of Arizona, that the government is continuing to investigate Mr. Larmore for offenses related to the specific conduct alleged in the Complaint that forms the basis of this case, namely, the alleged securities fraud in connection with the ArciTerra Companies and related entities. Additionally, the charges for which Mr. Larmore stands convicted in New York may arguably be deemed to constitute 404(b) evidence in any Arizona prosecution and in the instant case. As noted above, the conviction in the Southern District of New York is on appeal. Because the Arizona investigation tracks the allegations of the Complaint, the criminal and civil issues overlap and justify a continued stay of discovery in this civil proceeding by the SEC.

For the reasons given by the government in its original Memo of Law in which it analyzed these considerations in support of its motion, it is submitted that the need for a stay still exists. Indeed, that need continues with even greater urgency in light of Mr. Larmore's conviction in the New York Criminal Case.  Given the comprehensive nature of the allegations in the Complaint, Mr. Larmore has a heightened interest in asserting his Fifth Amendment rights in this action.  And as noted above, if successful in his appeal of the conviction, Mr. Larmore may get a new trial in connection with the New York Criminal Case.   It is almost certain that Mr. Larmore would need to continue to assert his Fifth Amendment rights if he were required to provide any testimony or respond to any written discovery.[4]   Therefore, the burden on Mr. Larmore if the stay is not maintained is substantial.

To the extent that the government argues that there might be an adverse financial impact on persons and entities characterized by the SEC as "victims," the undersigned submits that those concerns should not weigh heavily against a continued stay because the Receiver in this action for

---

[4]     The United States made clear in its underlying Motion to Stay Discovery that the allegations in its indictment in New York were essentially identical to the allegations in the SEC's Complaint as it related to the alleged WeWork scheme.   There is little reason to believe that the same would not be the case in any indictment in Arizona as it relates to the SEC's allegations as to Mr. Larmore and the ArciTerra Entities.

Mr. Larmore and the ArciTerra entities has been actively engaged in liquidating the Receivership Assets. Thus, insofar as sales of assets and activities of the receivership, this case has not been simply lingering and will not linger going forward. And, because the Receiver has control over all of the Arciterra Entities (not Mr. Larmore), there is no concern of any further harm to any persons who the SEC may characterize as "victims." *See, e.g., Consumer Financial Protection Bureau v. Global Financial Support, Inc*., 2016 WL 2868698, *4 (it was unlikely that the alleged violations will continue if the case is stayed).

Additionally, judicial efficiency also warrants the continued imposition of the discovery stay. The ultimate decision of the Arizona criminal matter would likely limit the scope of issues to be decided in the instant litigation before the Court. Moreover, as noted above, maintaining the *status quo* would not result in a complete discovery stay -- the Court is already permitting the issuance of Rule 45 document subpoenas. Thus, if the existing stay were to be continued, some discovery could and would still proceed. In fact, the SEC just recently notified the undersigned of its intent to issue such Rule 45 subpoenas. Therefore, a continued stay should cause little or no harm to the SEC because it is able to take some discovery going forward, if it so chooses.

Finally, to the extent the SEC might argue that the discovery stay should not be continued because an indictment has not yet been handed down in the District of Arizona, the fact that an indictment has not yet been returned does not and should not preclude the continued relief requested by Mr. Larmore. The conduct alleged in the SEC's Complaint in this action, if proven, could likely be the basis of criminal charges which would necessarily require Mr. Larmore to invoke his Fifth Amendment rights if full discovery were to be permitted in this case. Several courts in the Ninth Circuit have recognized that it is appropriate to impose some stay of discovery where there are parallel criminal investigations pending for the same overlapping subject matter. *See, e.g., Apex Systems, LLC v. Sperber,* 2025 WL 745603, *1 (court stayed civil action where DOJ Fraud Section

1 and U.S. Attorney's Office, Eastern District of Virginia, were investigating, but had not obtained an indictment, relating to conduct for a parallel matter, and required the filing of status reports every 90 days); *see also, Consumer Financial Protection Bureau v. Global Financial Support, Inc.*, 2016 WL 2868698, *3 (although no criminal charges had been filed, fact of a current ongoing criminal investigation by IRS and FBI warranted stay of 120 days); *Estate of Limon v. City of Oxnard,* 2013 WL 12131359 (C.D. Cal. Dec. 10, 2013)(district court, while denying a six-month stay of all proceedings in a wrongful death action, granted a six-month stay as to individual officers who were possible subjects of a District Attorney's investigation of a shooting death by police officers).[5]  The same result is required here.

**CONCLUSION**

For the above and foregoing reasons, it is respectfully submitted that the Motion to Lift Stay should be denied, and the current stay of discovery should remain in effect until the conclusion of the criminal investigation (or subsequent criminal case) in the District of Arizona.[6]

BRUCE L. UDOLF, P.A.

Dated: April 11, 2025            By:   /s/ Bruce L. Udolf
                                       BRUCE L. UDOLF
                                       Attorneys for Jonathan Larmore

---

[5]  Therefore, while Mr. Larmore recognizes that Ninth Circuit has noted that the case for staying civil proceedings is weaker when no indictment has been returned, *see, e.g., Federal Savings and Loan Insurance Corporation v. Molinaro*, 889 F.2d 899, 903 (9th Cir. 1989), the lack of an indictment is not, in an of itself, a reason or basis to deny a stay.   And, as noted already, Mr. Larmore is not seeking a stay of the instant proceeding in its entirety.

[6]  If the Court requires, Mr. Larmore is certainly amenable to his undersigned counsel and counsel for the SEC filing a joint status report with the Court in 90 to 120 days.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on April 11, 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing which will provide electronic mail notice to all counsel of record in this matter.

By: */s/ Bruce L. Udolf*
          Bruce L. Udolf