Monique C. Winkler (Cal. Bar No. 212031)
winklerm@sec.gov
Carina Cuellar (Cal. Bar No. 244578)
cuellarc@sec.gov
Michael J. Friedman (NY Bar No. 4297461)
friedmanmi@sec.gov
Neal Jacobson (NY Bar No. 2342772)
jacobsonn@sec.gov
Amanda L. Straub (NY Bar No. 4396982)
strauba@sec.gov
Heather E. Marlow (Cal. Bar No. 215261)
marlowh@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
100 F Street, N.W.
Washington, D.C. 20549
Telephone: (202) 551-7977

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Securities and Exchange Commission, | Case No.: 23-CV-2470-PHX-DLR |
| Plaintiff, | |
| v. | **SECURITIES AND EXCHANGE COMMISSION'S RESPONSE IN SUPPORT OF UNITED STATES' MOTION TO LIFT STAY** |
| Jonathan Larmore, *et al.*, | |
| Defendants and Relief Defendants. | |

Plaintiff Securities and Exchange Commission (the "SEC") respectfully submits this Response in support of the United States' Motion to Lift Stay and Withdraw as Intervenor (Dkt No. 323).

**BACKGROUND**

On November 28, 2023, the SEC filed the Complaint in this case, which at a high level alleges two fraudulent schemes: (1) The ArciTerra Scheme in which certain defendants misappropriated funds and engaged in other improper conduct related to ArciTerra Companies, LLC, and (2) the WeWork Scheme in which certain defendants sought to manipulate the stock price of WeWork, Inc.

On March 31, 2024, the U.S. Attorney's Office for the Southern District of New York ("United States") moved under Federal Rule of Civil Procedure 24 to intervene in this SEC civil enforcement action and for an order staying discovery in this matter until the conclusion of the criminal case *United States v. Jonathan Larmore*, 24-cr-140 (PAE), in the Southern District of New York (the "SDNY criminal case") (Dkt Nos. 123, 124). The two charges in the SDNY criminal case closely track the factual basis for the SEC's allegations relating to the WeWork Scheme in this civil case. (Dkt No. 124 at 4.) The parties stipulated that the United States' motion should be granted (Dkt No. 141) and, on April 22, 2024, the Court ordered that discovery in this civil action be stayed "until completion of the parallel criminal action *United States v. Jonathan Larmore*, 24-cr-140 (PAE)," *i.e.*, the SDNY criminal case (Dkt No. 142).[1]

On March 21, 2025, the United States moved to lift the stay on discovery and to withdraw as intervenor (Dkt No. 323). As noted in the United States' motion, the SDNY criminal case against Jonathan Larmore ("Larmore") had proceeded to trial on October 15, 2024, and on October 22, 2024, Larmore was found guilty of both charges in the indictment. On March 18, 2025, Larmore was sentenced to 60 months of

---

[1] The Court later ordered pursuant to stipulation that the parties may issue subpoenas for documents under Federal Rule of Civil Procedure 45 notwithstanding the stay of discovery (Dkt No. 151).

1

imprisonment to be followed by three years of supervised release. (*Id.* at 2; SDNY criminal case Dkt No. 130.) The United States' motion described that the proceedings had concluded in the SDNY criminal case, and that the SEC agreed that the discovery stay can be lifted. (Dkt No. 323 at 2.)

On April 1, 2025, Larmore filed a notice of appeal in the SDNY criminal case and, on April 20, 2025, Larmore moved the court in the SDNY criminal case that commencement of his sentence be deferred pending that appeal. (SDNY criminal case Dkt No. 135, 137.)

On April 11, 2025, Larmore filed a memorandum in this case opposing the United States' motion to lift the stay on discovery (and noting no objection to the United States' request to withdraw as intervenor). (Dkt No. 333.) Larmore argues that discovery should continue to be stayed "[i]n light of an ongoing criminal investigation by the United States in the District of Arizona against Mr. Larmore for the very same securities fraud allegations the SEC is making against Mr. Larmore," and because his appeal in the SDNY criminal case "could result in a new trial." (*Id.* at 4.) Larmore provides few details about a criminal investigation by the United States in the District of Arizona aside from noting that "the investigation tracks the allegations in the [SEC's] Complaint," and that an indictment has not been returned. (*Id.* at 6-7.)

Undersigned counsel for the SEC learned from the U.S. Attorney's Office for the District of Arizona ("USAO-AZ") that although that office has an ongoing criminal investigation into the ArciTerra Scheme, that office has no objection to the Court lifting the stay on discovery in this matter.

**ARGUMENT**

Larmore raises only weak and speculative arguments in support of his position that discovery should be stayed despite that judgment has been entered in the SDNY criminal case and there are no other pending criminal charges against him. A continued stay of discovery would adversely impact the strong interests of the SEC, investors, and

the public, in an expeditious resolution of this SEC enforcement action. The United States' motion to lift the stay should be granted.

### I. Stay of Discovery is an Extraordinary Remedy Appropriate Only When It Would Serve the Interests of Justice.

"The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings." *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995) (citations omitted). Although "a court may decide in its discretion to stay civil proceedings . . . when the interests of justice seem [ ] to require such action," absent a showing of "substantial prejudice" to the rights of the parties involved, the Ninth Circuit has held that no stay of civil proceedings is required pending the outcome of criminal proceedings. *See Keating*, 45 F.3d at 324. The proponent of a stay has the burden of establishing its need. *See Gonzalez v. United States*, 2017 WL 2773668, at *1 (E.D. Cal. June 27, 2017). Courts consider a stay in a civil action an "extraordinary remedy" imposed only "when the interests of justice require it." *SEC v. Braslau*, 2015 WL 9591482 at *2 (C.D. Cal. Dec. 29, 2015) (denying stay and citing *Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989)).

In determining whether to stay civil proceedings in the face of parallel criminal proceedings, courts in this circuit consider "the extent to which defendant's fifth amendment rights are implicated" and generally deny such requests when an indictment has not been issued. *Keating*, 45 F.3d at 324 (quoting *Molinaro*, 889 F.2d at 902 (9th Cir. 1989)). Courts weigh five factors that seek to balance the competing interests involved in a stay including: (1) the interest of the plaintiff in proceeding expeditiously; (2) the burden the proceedings may impose on the defendant; (3) the convenience of the court and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation. *Keating*, 45 F.3d at 324-25.

3

## II. *Any Implication of Fifth Amendment Rights is Speculative.*

The extent to which Larmore's Fifth Amendment rights are implicated is far lower and more speculative than it was when the Court imposed the stay of discovery last year.

No indictment has been returned in the District of Arizona, a fact which seriously weakens the argument for a stay. "[T]he strongest case for deferring civil proceedings . . . is where a party *under indictment* for a serious offense is required to defend a civil or administrative action involving the same matter." *SEC v. Dresser Industries*, 628 F.2d 1368, 1375-76 (D.C. Cir. 1980) (emphasis added). By contrast, where there has been no criminal indictment, "[t]he case for staying civil proceedings is 'a far weaker one.'" *Molinaro*, 889 F.2d at 903 (quoting *Dresser*, 628 U.S. at 1376). *See also SEC v. Global Express Capital Real Estate Inv. Fund, I, LLC,* 289 Fed. App'x 183, 191 (9th Cir. 2008) (affirming denial of stay because "[t]he case for staying civil proceedings is weak when no indictment has been returned."); *SEC v. Red Rock Secured, LLC,* 2024 WL 1136428, at *2 (C.D. Cal. Feb. 12, 2024) ("[C]ourts generally deny requests to stay civil cases in which a defendant is the subject of a parallel criminal investigation and has not been indicted). Larmore has submitted no evidence suggesting that an indictment is imminent or even likely.

The pre-indictment cases that Larmore relies upon in support of a continued stay of discovery are distinguishable. In *Apex Systems, LLC v. Sperber*, 2025 WL 745603 (S.D. Cal. Mar. 7, 2025), it was the plaintiff who initiated the lawsuit that was seeking the stay, a factor that heavily influenced the court. 2025 WL 745603, at *2. In *Consumer Fin. Prot. Bureau v. Glob. Fin. Support, Inc.*, 2016 WL 2868698 (S.D. Cal. May 17, 2016), the court in authorizing a 120-day stay was presented with evidence that the defendants' residence had been searched and federal agents seized electronic equipment, financial documents, and cash, and the federal government had closed business credit card and bank accounts associated with a corporate defendant. 2016

WL 2868698, at *3. Larmore has presented none of those sorts of specific indicia here. In *Estate of Limon v. City of Oxnard*, 2013 WL 12131359 (C.D. Cal. Dec. 10, 2013), the plaintiffs had *agreed* that the trial date and depositions of defendant police officers (who had participated in or witnessed a shooting alleged to be a wrongful death) should be postponed, and the court granted only a limited stay of discovery against some defendants (the individual police officers) for a period of six months.

As to the SDNY criminal case, judgment has already been entered against Larmore, and the extent to which his Fifth Amendment rights are implicated during a criminal appeal is far more speculative than it was while the criminal case was pending. "Where the trial in the parallel criminal proceeding has concluded, and a conviction is challenged on appeal, courts are generally more reluctant to stay parallel civil proceedings." *Braslau*, 2015 WL 9591482, at *2. *See also Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1215 (8th Cir. 1973) (upholding denial of request to stay civil proceedings indefinitely during appeal of criminal conviction); *Doe v. City of San Diego*, 2012 WL 6115663, at *2 (S.D. Cal. Dec. 10, 2012) (denying indefinite stay of civil proceedings during criminal appeal); *Federal Trade Commission v. Mytel Int'l, Inc.*, 2022 WL 2101898, at *2 (C.D. Cal. Apr. 14, 2022) (denying request to continue stay of civil case during criminal appeal in part because "the appeal process is an uncertain, potentially long-ranging process" during which "[o]nly unusual circumstances would justify an order staying a post-conviction civil proceeding") (*citing Parallel Civil and Criminal Proceedings*, 129 F.R.D. 201, 204 (1990)); *United States v. Davis*, 2016 WL 8809717, at *1 (S.D. Fla. May 4, 2016) ("In addition, Davis has already been tried, convicted, and sentenced, and courts generally disfavor imposing a stay in parallel proceedings based on a pending criminal appeal") (internal citations omitted).

5

### III. *A Stay is Not Warranted Under the Other Keating Factors.*

Each of the other *Keating* factors weighs against continuing the stay of discovery in this case.

First, the SEC has a strong interest in the expeditious resolution of this action. "[A]s the agency responsible for enforcement of the securities laws, the SEC must be able to respond quickly to securities violations and seek prompt judicial redress." *Braslau*, 2015 WL 9591482, at *3. It has been 17 months since the SEC filed the complaint, and the Court ordered that discovery be stayed over a year ago. The SEC would be prejudiced by any further delay in this case. *See, e.g., Dresser Indus., Inc.*, 628 F.2d at 1377 (noting that the SEC has a strong interest in proceeding expeditiously with litigation).

Second, although there is a speculative burden that Larmore may choose to assert his Fifth Amendment right against self-incrimination with respect to either the SDNY criminal case or the District of Arizona investigation, as set forth above there is no constitutional right to a stay of civil proceedings pending completion of a criminal appeal. Any burden on Larmore can be minimized by asserting a Fifth Amendment privilege on an issue-by-issue basis throughout the proceedings, "giving him the opportunity to defend himself even while asserting the privilege." *Braslau*, 2015 WL 9591482, at *4.

Third, the Court's convenience and judicial economy typically weigh against further delay, as the Court has an "interest in clearing its docket." *Molinaro*, 889 F.2d at 903. Indeed, here, "[j]udicial economy weighs against granting a stay because no judicial resources will be saved given that there is no parallel criminal proceeding." *SEC v. Chen*, 2016 WL 7444922, at *2 (C.D. Cal. Apr. 8, 2016); *see also Gen. Elec. Co. v. Liang*, 2014 WL 1089264, at *6 (C.D. Cal. Mar. 19, 2014) (explaining that judicial efficiency is not served where "no indictment has been returned and there is no way to predict when the criminal investigation [will] end.") (citation omitted);

*A.H. v. County of San Bernardino*, 2023 WL 9646224, at *7 (C.D. Cal. Dec. 28, 2023) ("Here, delaying this matter with a prolonged stay would impair the Court's ability manage its docket. Absent an indictment, any benefits to judicial efficiency are uncertain at best."). Because "judicial efficiency is not furthered by waiting indefinitely for a resolution that may never come," *Chrome Hearts LLC v. Old Sch. Fairfax, Inc.*, 2017 WL 8943005, at *5 (C.D. Cal. Aug. 25, 2017), a stay is not warranted.

Fourth, "[i]nvestors have an interest in the timely enforcement of this civil action because defendants have allegedly misappropriated investor funds, which the SEC seeks to return." *SEC v. SHE Beverage,* 2022 WL 17968832, at *4 (C.D. Cal. Dec. 22, 2022). This relief to investors requires the case to proceed. Larmore suggests that the work of the receiver should alone allay the concerns of investors, but his contention is wholly speculative at best. (Dkt No. 333 at 6-7.) The distribution amount will depend upon the realized value of the assets under receivership, the amounts owed to the various investment vehicles under the ArciTerra umbrella, and the ultimate amount of a civil judgment in favor of noteholders. Larmore has not argued that the interests of any nonparties counsel in favor of continuing the stay.

Finally, "the general public has an interest in the SEC's seeking relief for alleged fraudulent conduct." *Id.*; *see also United States v. Kordel*, 397 U.S. 1, 11 (1970) ("It would stultify enforcement of federal law to require a government agency . . . invariably to choose either to forego recommendation of criminal prosecution once it seeks civil relief, or to defer proceedings pending the ultimate outcome of a criminal trial.").

**CONCLUSION**

For the foregoing reasons, the SEC respectfully submits that the United States' motion to lift the stay on discovery and to withdraw as intervenor should be granted.

Dated: April 30, 2025                    Respectfully submitted,


                                         */s/ Michael J. Friedman*
                                         Michael J. Friedman
                                         Carina A. Cuellar
                                         Attorneys for Plaintiff
                                         SECURITIES AND EXCHANGE
                                         COMMISSION

8

**CERTIFICATE OF SERVICE**

I hereby certify that on April 30, 2025, I caused a true and correct copy of the foregoing document to be served on all counsel of record via the Court's ECF system.

*/s/ Michael J. Friedman*
Michael J. Friedman