1  Lee Stein (#012368)
   lee@mscclaw.com
2  Anne Chapman (#025965)
   anne@mscclaw.com
3  MITCHELL | STEIN | CAREY | CHAPMAN, PC
4  2600 North Central Avenue, Suite 1000
5  Phoenix, AZ 85004
   Telephone: (602) 358-0292
6  Facsimile: (602) 358-0291
7
8  Attorneys for Relief Defendant
   Michelle Larmore
9
                    UNITED STATES DISTRICT COURT
10
11                      DISTRICT OF ARIZONA

12 United States Securities and Exchange      ) No. 2:23-cv-02470-PHX-DLR
   Commission,                                )
13                                            )
                   Plaintiffs,                ) **RELIEF DEFENDANT MICHELLE**
14                                            ) **LARMORE'S LIMITED OBJECTION**
                                              ) **TO ARCITERRA RECEIVER'S**
15         v.                                 ) **FIFTH APPLICATION FOR**
                                              ) **ALLOWANCE AND PAYMENT OF**
16 Michelle Larmore,                          ) **PROFESSIONAL FEES AND**
                                              ) **REIMBURSEMENT OF EXPENSES**
17                 Relief Defendant.          ) **[DKT 358] AND RESERVATION OF**
                                              ) **RIGHTS**
18                                            )
19 _____   )

20

21         Relief Defendant Michelle Larmore ("<u>Michelle</u>"), through counsel, hereby submits

22 this limited objection (the "<u>Limited Objection</u>") to *Arciterra Receiver's Fifth Application*

23 *for Allowance and Payment of Professional Fees and Reimbursement of Expenses for the*

24 *Period January 1, 2025 through March 31, 2025*, dated May 19, 2025 [Docket No. 358]

25 (the "<u>Motion</u>"),[1] and states as follows:

26

27 _____
   [1] Michelle did not object to the Receiver's First Application for Allowance and Payment of
28 Professional Fees and Reimbursement of Expenses [Docket No. 165] (the "<u>First Fee Application</u>")
   as no Community Assets had been sold at the time. *See also* note 3 *infra*. Michelle did, however,
   file limited objections to the Receiver's Second, Third and Fourth Applications for Allowance and

## Limited Objection

1.      Michelle recently filed her *Limited Objection to the Receiver's Motion for an Order (I) Designating Additional Receivership Entities and (II) Granting Related Relief* [Docket No. #336] (the "<u>Prior Objection</u>"). As Michelle demonstrated in the Prior Objection, there is a fundamental jurisdictional problem with the receivership. In short, Michelle and Jonathan M. Larmore ("<u>Jon</u>") are parties to a dissolution of marriage proceeding (the "<u>Dissolution Case</u>")[2] that Michelle commenced in the Maricopa County Superior Court (the "<u>State Court</u>") over two years ago—well before this Court created the receivership.

2.      Jon is the ultimate equity holder in several entities and properties that are now presently under the Receiver's control. As a consequence, Michelle holds significant equity interests by operation of Arizona community property law in those assets (the "<u>Community Assets</u>"). As Michelle explained in the Prior Objection, her commencement of the Dissolution Case *before* this Court appointed the Receiver has a significant jurisdictional consequence. The State Court was the first court to acquire in rem jurisdiction over the Community Assets. As a result, all such assets and their proceeds are subject to the prior *exclusive* jurisdiction of the State Court.

3.      This principle—commonly known as the prior exclusive jurisdiction doctrine—deprives a federal district court from exercising subject-matter jurisdiction when another court already has in rem jurisdiction over the same res. That is exactly the case with the Community Assets. Because the State Court has prior exclusive jurisdiction over the Larmores' Community Assets, the Receiver cannot consume those assets (or their proceeds) to pay professional fees, and this Court is without jurisdiction to permit him to do so. In the interests of brevity and judicial economy, Michelle hereby incorporates her

---

Payment of Professional Fees and Reimbursement of Expenses. *See* Docket No. 231, 284 and 313 respectively.

[2] *In re Marriage of Larmore*, No. FC2023-001520.

Prior Objection by reference.

4.    While Michelle does not oppose the Motion to the extent it seeks allowance of the Receiver's fees and expenses, she is constrained to object to any use of her presumptive fifty percent[3] (50%) of the Community Assets and their proceeds to pay the estate's administrative expenses or for any other purpose.[4]

## Conclusion and Reservation of Rights

5.    Michelle believes that she and the Receiver could reach a compromise that would consensually resolve the defect in the Court's power over the Community Assets in such a way that does not prejudice investors yet recognizes her property rights that exist as a matter of law and the undisputed fact that ***Michelle is not subject to the asset freeze***. After all, Arizona law is clear that "the community is generally entitled to the profits and gains attributable to community assets." *Schickner v. Schickner*, 237 Ariz. 194, 199 (Ct. App. 2015) (quoting *In re Marriage of Fong*, 121 Ariz. 298, 305 (Ct. App. 1978)). Under ordinary circumstances, the State Court would have divided the proceeds of the Community Assets, and Michelle could use that cash to live her life and pay her usual expenses. But the intercession of the receivership has prevented that from happening.

---

[3] Michelle also has waste claims against Jon that may, under applicable Arizona law, entitle her to a greater percentage interest in Community Assets.

[4] On September 16, 2024, the Receiver and Michelle entered into a stipulation that, in effect, cleared the way for the Receiver and his counsel to be paid the fees that the Court allowed in its order on the First Fee Application, and reserved Michelle's rights in connection with her original limited objection. [Docket No. 229] On September 26, 2024, the Receiver and Michelle entered into a stipulation that, in effect, cleared the way for the Receiver and his counsel to be paid the fees that the Court allowed in its order on the Second Fee Application, and reserved Michelle's rights in connection with her original limited objection. [Docket No. 235] On December 27, 2024, the Receiver and Michelle entered into a stipulation that, in effect, cleared the way for the Receiver and his counsel to be paid the fees that the Court allowed in its order on the Third Fee Application, and reserved Michelle's rights in connection with her original limited objection. [Docket No. 292] On April 4, 2025 the Receiver and Michelle entered into a stipulation that, in effect, cleared the way for the Receiver and his counsel to be paid the fees that the Court allowed in its order on the Fourth Fee Application, and reserved Michelle's rights in connection with her original limited objection. [Docket No. 328]

6.      The receivership presently has control over all of the profits and gains of the Community Assets—including Michelle's presumptive fifty percent share—leaving her assets de facto frozen. The SEC evidently never intended this result.

7.      Michelle must therefore respectfully reserve all rights with regard to the Court's assertion of jurisdiction over, and any attempt by the Receiver to use, any Community Assets or their proceeds.

RESPECTFULLY SUBMITTED on June 3, 2025.

MITCHELL | STEIN | CAREY | CHAPMAN, PC

By:___*/s/ Lee Stein*_____
        Lee Stein
        Anne Chapman
        Attorneys for Michelle Larmore

**CERTIFICATE OF SERVICE**

I certify that on June 3, 2025, I electronically transmitted a PDF version of this document to the Clerk of Court, using the CM/ECF System for filing, and which will be sent electronically to all registered CM/ECF participants as identified on the Notice of Electronic Filing.

__*/s/ B. Wolcott*_____

-4-