# **EXHIBIT 3**

# **SALE PROCEDURES ORDER**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| United States Securities and Exchange Commission,<br><br>Plaintiff,<br><br>v.<br><br>Jonathan Larmore, et al.,<br><br>Defendants, and<br><br>Michelle Larmore, Marcia Larmore, CSL Investments, LLC, MML Investments, LLC, Spike Holdings, LLC, and JMMAL Investments, LLC,<br><br>Relief Defendants. | Case No. 23-CV-02470-PHX-DLR<br><br>**[PROPOSED] ORDER (I) APPROVING (A) THE ENGAGEMENT AND COMPENSATION OF MARCUS & MILLICHAP REAL ESTATE INVESTMENT SERVICES AS BROKER TO SELL THE REAL PROPERTIES SUBJECT TO THE CMBS LOAN SERVICED BY 3650 REIT LOAN SERVICING LLC, AND (B) THE SALE AND AUCTION PROCEDURES FOR THE SALE OF THE PROPERTIES; AND (II) GRANTING RELATED RELIEF** |

The Court having considered the Receiver's *Motion for Orders Approving (I) (a) the Engagement and Compensation of Marcus & Millichap Real Estate Investment Services as Broker to Sell the Real Properties Subject to the CMBS Loan Serviced By 3650 REIT Loan Servicing LLC and (b) the Sale and Auction Procedures for the Sale of the Properties; (II) Approving (a) the Sale of the Properties, Free and Clear of All Liens, Claims, Encumbrances and Interests, (b) the Engagement and Compensation of the Defeasance Consultant, and (c) the Receiver's Use of the Sale Proceeds to Defease and*

*Satisfy the CMBS Loan; and (III) Granting Related Relief* (the "Motion");[1] and upon consideration of any and all responses and replies relating to the Motion; and upon due and sufficient notice of the Motion having been given and that no other or further notice need be given; and after due deliberation; and it appearing that the relief sought in the Motion is in the best interest of the Receivership Estate, its creditors, and other parties in interest,

**IT IS HEREBY FOUND, DETERMINED, AND CONCLUDED THAT:**

1. This Court has jurisdiction over this matter, the above-captioned defendants and relief-defendants, and over all property of the Receivership Estate.

2. Proper, timely, adequate, and sufficient notice of the Motion has been provided, such notice was sufficient and appropriate under the particular circumstances, and no other or further notice of the Motion or relief sought in the Motion is necessary or required.

3. A reasonable opportunity to object or be heard regarding the requested relief in the Motion and this Order has been afforded to all interested parties, including, without limitation, all parties to this action and all persons or entities known to the Receiver that have or may have an interest in any portion of the Properties.

4. The Receiver has the power and authority to sell the Properties, or any portion of the Receivership Estate, at a public sale pursuant to and in accordance with the Sale Procedures, free and clear of liens, claims, and encumbrances, with such liens, claims,

---

[1] Capitalized, undefined terms shall have the meanings ascribed to them in the Motion.

and encumbrances attaching to the proceeds of such sale with the same validity and in the same order of priority.

5. Upon the Receiver's appointment and after investigating the financial condition of the Receivership Estate, the Receiver evaluated the real estate holdings of the Receivership Estate and determined to undertake a comprehensive effort to solicit interest from potential purchasers for the Properties.

6. The Receiver's entry into the M&M Agreement, and the underlying retention of Marcus & Millichap, as a disinterested professional, is in the best interest of the Receivership Estate and its creditors.

7. The Receiver's existing and continued marketing efforts, combined with the publication set forth herein is reasonable and sufficient.

8. The Receiver has demonstrated a sufficient basis and compelling circumstances requiring the entry of this Order and the proposed sale of the Properties in accordance with the Sale Procedures, and such actions: (a) are appropriate exercises of the Receiver's reasonable business judgment; (b) are in the best interest of the Receivership Estate and its creditors; and (c) meet the requirements of and are consistent with 28 U.S.C. §§ 2001 and 2002.

9. The Sale Procedures are reasonable, non-collusive, negotiated in good faith, substantively and procedurally fair, and will enable the Receiver to obtain the highest value for the Property.

**NOW, THEREFORE, BASED UPON THE FOREGOING FINDINGS AND THE RECORD BEFORE THIS COURT, IT IS HEREBY**

3

**ORDERED** that the Motion is GRANTED as set forth in this Order; and it is further

**ORDERED** that any and all objections to the Motion concerning the Sale Procedures and relief granted in this Order that have not been withdrawn, waived, resolved, sustained, or settled, are expressly denied and overruled in their entirety; and it is further

**ORDERED** that the M&M Agreement as set forth in Exhibit A to the Coxworth Declaration, is approved, and it is further

**ORDERED** that the Sale Procedures, as set forth in **Exhibit A** to this Order, are approved in their entirety; and it is further

**ORDERED** that the Receiver may proceed to sell the Properties, in accordance with the Sale Procedures, and subject to further Order of the Court approving such sale as being in the best interest of the Receivership Estates; and it is further

**ORDERED** that the Receiver may proceed to sell the Properties free and clear of liens, claims, encumbrances, and other interests at a public auction to be held on the RealINSIGHT Marketplace Auction Platform at https://rimarketplace.com in accordance with, and subject to, the Sale Procedures with an auction commencing on September 9, 2025 at 12:00 Noon (Eastern Standard Time) and ending on September 11, 2025 at 12:00 Noon (Eastern Standard Time) (the "Auction"); and it is further

**ORDERED** that the Sale Hearing shall be held in Courtroom [          ] at the United States District Court for the District of Arizona, Sandra Day O'Connor U.S. Courthouse, 401 W. Washington St., Suite 130, SPC 1, Phoenix, Arizona 85003-2118, on September __, 2025, at [  :     ] [.m] (Phoenix Time); and it is further

4

**ORDERED** that any objection on any basis to the proposed sale of any of the Properties must be filed in writing with the Court no later than September __, 2025, at [   :   ] [_.m] (Phoenix Time) (the "Objection Deadline") and served on counsel to the Receiver, Archer & Greiner, P.C., Attn: Allen G. Kadish and Harrison H.D. Breakstone, 1211 Avenue of the Americas, New York, New York 10036; and it is further

**ORDERED** that the notice of sale attached as Exhibit B hereto (the "Sale Notice"), is hereby approved; and it is further

**ORDERED** that the Receiver shall cause service of the Sale Notice, within five (5) business days of entry of this Order, by United States first class mail on: (a) all known creditors of the Receivership Borrowers at the address set forth in the Receivership Entities' books and records or as updated pursuant to a request by a creditor or by returned mail from the post office with a forwarding address; (b) 3650 and any other party known or reasonably believed to have asserted any Lien and Encumbrance or other interest in the Properties; (c) all parties to pending litigation against the Receivership Borrowers (as of the date of entry of this Order); (d) any party known or reasonably believed to have expressed an interest in acquiring the Property; (e) the Securities and Exchange Commission, the United States Attorney for the Southern District of New York, the Internal Revenue Service and all local governmental units; (f) the Mezzanine Lender; and (g) such additional persons and entities deemed appropriate by the Receiver; and it is further

**ORDERED** that the Receiver shall cause the Sale Notice to be published in general circulation publications in the counties where the Properties are located once a week for at least four (4) weeks prior to the Auction, which publication shall be deemed due, timely,

good, and sufficient notice of the entry of this Order, the Sale Order and all proceedings to be held in accordance with this Order; and it is further

**ORDERED** that any person or entity seeking to participate as a bidder at the Auction shall comply with the Sale Procedures; and it is further

**ORDERED** that each bidder participating at the Auction will be required to confirm that it has not engaged in any collusion with respect to the bidding on or sale of the Property; and it is further

**ORDERED** that under no circumstances shall any bidder or prospective purchaser for the Property have any claims at law or equity against the Receiver, his professionals or the Receivership Estate arising out of their participation or involvement in the Auction or the purchase and sale of the Property; and it is further

**ORDERED** that, notwithstanding the acceptance of a bid at the Auction, the Receiver retains the right to seek approval by the Court of a transaction pursuant to which the Receivership Borrowers sell, transfer, or otherwise dispose of all or substantially all the Properties, directly or indirectly, including through an asset sale, stock sale, credit bid or other similar transaction or series of transactions to a person or entity other than the highest bidder for any Property at the Auction (an "Alternate Transaction"); and it is further

**ORDERED** that, upon approval by the Court of an Alternate Transaction, any asset purchase agreement with the highest bidder or back-up bidder for any Property shall be deemed terminated and the Receiver and Receivership Estates shall have no liability to any bidder for the Property, other than the return of any deposit made by a bidder; and it is further

6

1 **ORDERED** that this Order shall become effective immediately upon its entry; and it is further

**ORDERED** that this Court shall retain jurisdiction over any and all matters or disputes arising from or related to this Order or its enforcement.

Dated: July __, 2025

_____

# EXHIBIT A

## SALE PROCEDURES FOR:

### [SEE EXHIBIT A-1 FOR LIST OF PROPERTIES TO BE SOLD]

Securities and Exchange Commission v. Larmore, *et al.*
Case No. 23-CV-02470-DLR
United States District Court for the District of Arizona (the "Court")

Allen D. Applbaum, as receiver (the "Receiver") for ArciTerra Companies, LLC and related entities, submits the following sale and auction procedures (the "Sale Procedures") for the sale of the twelve properties on Exhibit A-1 (each a "Property", and collectively, the "Properties"), each of which is owned by Receivership Entities, and two additional properties under the control of Martha R. Lehman, as receiver pursuant that certain Order dated August 18, 2023 of the Hamilton Superior Court of the State of Indiana, Case No. 29D02-2305-PL-004542.  The sale of each Property shall be free and clear of all liens, claims, encumbrances and interests, and subject to the below auction procedures approved by the Court:

   a.   Auction Place and Time. There will be a public Auction to submit and accept bids for the Property held on the RealINSIGHT Marketplace Auction Platform at https://rimarketplace.com (the "Marketplace Auction Platform") commencing on September 8, 2025 at 12:00 Noon (Eastern Standard Time) and ending on September 11, 2025 at 12:00 Noon (Eastern Standard Time).

   b.   Qualification to Bid.  Any bidder interested in purchasing the Property must register to bid with the Marketplace Auction Platform at https://rimarketplace.com and submit financial information, including proof of funds.  Bidders who register and provide sufficient information and proof of funds will receive an email confirming eligibility to bid.

   c.   Bidding at Auction and Selection of Successful Bidders.  Upon the conclusion of the Auction and attaining the aggregate minimum reserve price of $70 million for all Properties, the Receiver will accept the bid from the bidder who submits the highest and best offer for the Property (the "Successful Bidder").

   d.   Execution of the Purchase Agreement. The Successful Bidder will be required to execute the Purchase Agreement, substantially in the form approved by the Court, within two hours of being selected as the Successful Bidder.

   e.   Submission of Non-Refundable Deposit.  No later than twenty-four hours after conclusion of the Auction, the Successful Bidder shall submit a non-refundable

deposit of ten percent (10%) of the purchase price (the "Deposit") to be held in escrow pending entry of the Order of the Court approving the sale and closing on the sale.

  f. Platform Fee.  The Successful Bidder shall be obligated to pay the Platform Fee due to Marketplace Auction Platform upon closing of the sale.

  g. Due Diligence.  All bidders who execute confidentiality agreements will be permitted to conduct due diligence on the Property, including via a review of the due diligence materials prepared by Marcus & Millichap, prior to the Auction.  Due diligence materials will be made available by the Marketplace Auction Platform.

  h. No Contingencies.  The sale to the Successful Bidder shall not be subject to any contingencies, including without limitation, for financing, due diligence, or inspection.

  i. As Is/Where Is Purchase. The sale to the Successful Bidder shall be on an "AS-IS, WHERE-IS" basis, with no representations or warranties made by the Receiver, his professionals, or the Receivership Entities.

  j. Properties Subject to Cross-Collateralized CMBS Loan.  The Properties are subject to a cross-collateralized CMBS mortgage loan to be satisfied upon closing of the sale.  The closing on the sale of the Properties shall occur simultaneously.  If the auction does not generate anticipated aggregate sale proceeds in excess of $70 million, the Receiver retains the right to withdraw the proposed sale and proceed with an alternative disposition upon consultation with the holder of the CMBS mortgage and subject to further order of this Court.

## **EXHIBIT A-1 TO AUCTION PROCEDURES - PROPERTIES TO BE SOLD**

|  | Borrower | Address of Property |
|---|---|---|
| 1. | AT Seven Hills Aurora CO II, LLC | 18511, 18581, 18757 & 18883 E. Hampden Ave, Aurora, CO 80013 ("Seven Hills Plaza Property") |
| 2. | AT ALTUS Cumberland GA II, LLC | 2997 & 2999 Cumberland Blvd. Smyrna, GA 30339 ("Cumberland Place Property") |
| 3. | AT Eastman GA II, LLC | 970 Indian Drive Eastman, GA 31023 ("Eastman Shopping Center Property") |
| 4. | ATA Lanier Fayetteville GA II, LLC | 320 West Lanier Avenue Fayetteville, GA 30214 ("Main Street Office Property") |
| 5. | AT PT Danville IL II, LLC | 22 West Newell Road Danville, IL 61834 ("Pine Tree Plaza Property") |
| 6. | AT New Lenox IL-Inline II, LLC | 2021 East Laraway Road New Lenox, IL 60451 ("Heather Glen Property") |
| 7. | AT Auburn Plaza IN II, LLC | 506 N. Grandstaff Drive Auburn, IN 46706 ("Auburn Cord Plaza Property") |
| 8. | AT HL Burlington IA II, LLC | 3351 Agency Street Burlington, IA 52601 ("Burlington Plaza West Property") |
| 9. | AT Ville Platte LA II, LLC | 925 E. LaSalle Street Ville Platte, LA 70586 ("Ville Platte Shopping Center Property") |
| 10. | AT Sweden NY II, LLC | 1561 Nathaniel Poole Trail Brockport, NY 14420 ("Sweden Shopping Center Property") |
| 11. | AT Mayodan NC II, LLC | 131 Commerce Drive Mayodan, NC 27027 ("Mayodan Shopping Center Property") |
| 12. | AT Longview TX II, LLC | 711 Estes Drive Longview, TX 75602 ("Longview Center Property") |
|  | Indiana Properties Subject to Indiana Receiver | Address of Property |
| 13. | AT Plainfield Village IN II, LLC | 160 Plainfield Village Drive Plainfield, IN 46168 ("Plainfield Village Property") |
| 14. | Arciterra Westgate Indianapolis IN II, LLC | 5173 W. Washington Street Indianapolis, IN 46241 ("Westgate Plaza Property") |

# EXHIBIT B

# <u>SALE NOTICE</u>

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States Securities and Exchange Commission, | Case No. 23-CV-02470-PHX-DLR |
| Plaintiff, | **NOTICE OF PUBLIC SALE OF:** |
| v. | **[INSERT NAME AND ADDRESS OF PROPERTY TO BE SOLD]** |
| Jonathan Larmore, et al., | |
| Defendants, and | |
| Michelle Larmore; Marcia Larmore; CSL Investments, LLC; MML Investments, LLC; Spike Holdings, LLC; and JMMAL Investments, LLC, | |
| Relief Defendants. | |

TO ALL PARTIES IN INTEREST:

Notice is hereby given that Allen D. Applbaum, as Receiver for ArciTerra Companies, LLC and related entities, intends to sell, through his broker, Marcus & Millichap Real Estate Investment Services ("<u>Marcus & Millichap</u>"), a multi-use retail center located in **[INSERT ADDRESS OF PROPERTY]**, and owned by **[INSERT RECEIVERSHIP ENTITY]** (the "<u>Property</u>"), free and clear of all liens, claims, interests and encumbrances (the "<u>Sale</u>").

Pursuant to the Motion for Entry of an Orders: (I) approving (a) the Receiver's engagement and compensation of Marcus & Millichap as broker for the sale of the Property, and (b) the proposed sale and auction procedures for the sale of the Property (the "<u>Sale Procedures</u>"), including the scheduling of an Auction and Sale Hearing to consider the sale of the Property; (II) approving the sale of the Property to the bidders who submit the highest and best offers at a public auction to be conducted on RealINSIGHT

Marketplace Auction Platform at https://rimarketplace.com (the "Marketplace Auction Platform"), free and clear of all liens, claims, encumbrances and interests; and (III) granting related relief (the "Sale Motion"), the Receiver is soliciting higher and better offers for the Property.

The Receiver is soliciting higher and better offers by means of an Auction to be conducted on the Marketplace Auction Platform, which shall be governed by the terms and conditions of the order establishing sale and auction procedures (the "Sale Procedures Order") approved by the Court on [            ], 2025.

The Sale Motion and the Sale Procedures Order are on file with the United States District Court for the District of Arizona, Sandra Day O'Connor U.S. Courthouse, 401 W. Washington St., Suite 130, SPC 1, Phoenix, Arizona 85003-2118 (the "Court"), and are available for review during regular business hours. **Copies of the Sale Motion, the Sale Procedures Order, and the proposed Purchase Agreement to be executed by the Successful Bidders are also available upon request from the undersigned or by visiting the Receiver's website at www.arciterrareceivership.com.**

OBJECTIONS, if any, to the relief requested in the Sale Motion or to final approval of the proposed Sale of the Property must be filed in writing with the Clerk of the Court on or before [            ] , 2025 at 5:00 p.m., Phoenix Time (the "Objection Deadline"). A copy of the objection must also be served on all of the following so as to be received by the Objection Deadline: counsel to the Receiver, Archer & Greiner, P.C., Attn: Allen G. Kadish and Harrison H.D. Breakstone, 1211 Avenue of the Americas, New York, New York 10036.

**Through this Notice, HIGHER AND BETTER OFFERS to purchase the Property are hereby solicited.** The Auction will be held on the Marketplace Auction Platform beginning on September 9, 2025 at 12:00 Noon (Eastern Standard Time) and ending on September 11, 2025 at 12:00 Noon (Eastern Standard Time). Instructions for attending the Auction are available at: at https://rimarketplace.com.

A FINAL HEARING on the Sale Motion will take place on [            ] , 2025 at __:00 a.m., Phoenix Time, at the United States District Court for the District of Arizona, Sandra Day O'Connor U.S. Courthouse, 401 W. Washington St., Suite 130, SPC 1, Phoenix, Arizona 85003-2118, before the Honorable Douglas L. Rayes.

Please be advised that any of the foregoing dates may be changed by the Court without further notice.

If you have any questions regarding or would like copies of materials relating to the information in this Notice, please make such request in writing to Counsel for the Receiver,

Archer & Greiner, P.C., 1211 Avenue of the Americas, New York, New York 10036 Attn: Allen G. Kadish and Harrison H.D. Breakstone.