ARCHER & GREINER, P.C.
1211 Avenue of the Americas
New York, New York 10036
Tel: (212) 682-4940
Allen G. Kadish[1]
Harrison H.D. Breakstone[2]
Email: akadish@archerlaw.com
hbreakstone@archerlaw.com

*Counsel for Allen D. Applbaum as Receiver*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

United States Securities and Exchange Commission,

Plaintiff,

v.

Jonathan Larmore, et al.,

Defendants, and

Michelle Larmore; Marcia Larmore; CSL Investments, LLC; MML Investments, LLC; Spike Holdings, LLC; and JMMAL Investments, LLC,

Relief Defendants.

Case No. CV-23-02470-PHX-DLR

**RECEIVER'S MOTION FOR AN ORDER (I) APPROVING ABANDONMENT OF 15085 WEST 119TH STREET, OLATHE, KANSAS 66062 BY AT OLATHE OUTLOT 5, LLC; AND (II) GRANTING RELATED RELIEF**

---

1 Admitted *pro hac vice.*

2 Admitted *pro hac vice.*

# TABLE OF CONTENTS

Page

Table of Authorities ........ ii

I. Preliminary Statement ........ 1

II. Background ........ 1

III. Relief Requested ........ 4

IV. Basis for Relief Requested ........ 4

V. Conclusion ........ 5

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*In re Cmty. Healthcare of Douglas, Inc.*, 2013 WL 12291504 (Bankr. D. Ariz. Oct. 22, 2013) .... 14

*Gockstetter v. Williams*, 9 F.2d 354 (9th Cir. 1925) .... 10

*Quilling v. Trade Partners, Inc.*, 2007 WL 296211 (W.D. Mich. 2007) .... 15

*Regions Bank v. Egyptian Concrete Co.*, 2009 WL 4431133 (E.D. Mo. Dec. 1, 2009) .... 15

*S.E.C. v. Princeton Econ. Int'l Ltd.*, 2008 WL 7826694 (S.D.N.Y. Sept. 30, 2008) .... 15

*Samjens Partners I v. Burlington Industries Inc.*, 663 F.Supp. 614 (S.D.N.Y. 1988) .... 14

*In re Sea Island Co.*, 2010 WL 4393269 (Bankr. S.D. Ga. Sept. 15, 2010) .... 14

*Seaboard Natl. Bank v. Rogers Milk Prod. Co.*, 21 F.2d 414 (2d Cir. 1927) .... 15

*Sec. & Exch. Com'n v. Cap. Cove Bancorp LLC*, 2015 WL 9701154 (C.D. Cal. Oct. 13, 2015) .... 14

*Securities and Exchange Com'n v. American Capital Invest., Inc.*, 98 F.3d 1133 (9th Cir. 1996), *abrogated on other grounds by Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998) .... 10

*Securities and Exchange Com'n v. Capital Consultants, LLC*, 397 F.3d 733 (9th Cir. 2005) .... 9

*Securities and Exchange Com'n v. Credit Bancorp Ltd.*, 290 F.3d 80 (2d Cir. 2002) .... 9

*Securities and Exchange Com'n v. Hardy*, 803 F.2d 1034 (9th Cir. 1986) .... 9, 13

*Securities and Exchange Com'n v. Wencke*,
622 F.2d 1363 (9th Cir. 1980) .......... 9

**Federal Statutes**

28 U.S.C. § 2001 .......... 10, 11, 17

28 U.S.C. § 2002 .......... 10, 11, 17

28 U.S.C. § 2004 .......... 10, 11, 17

**Other Authorities**

2 Ralph E. Clark, *Treatise on Law & Practice of Receivers* § 482 (3d ed. 1992) .......... 10

Allen D. Applbaum as receiver for ArciTerra Companies, LLC and related entities (the "Receiver"), by and through his counsel, Archer & Greiner, P.C., hereby respectfully moves this Court for an order (i) approving the abandonment of the property known as15085 West 119th Street, Olathe, Kansas 66062 (the "Property") by ArciTerra Companies, LLC ("ArciTerra"), as manager for AT Olathe Outlot 5, LLC ("AT Olathe"), to LSM Blue Sky, LLC**,** the secured lender thereon (the "Lender") pursuant to a certain Receiver's Deed and a Release, attached hereto as Exhibit 1 and Exhibit 2, respectively; and (ii) granting related relief as follows:

## I. Preliminary Statement

1. The Receiver brings this Motion to approve the abandonment of the Property, by ArciTerra Companies, LLC, as manager for AT Olathe, to the Lender in accordance with the Receiver's Deed and Release. The Receiver's Deed provides for the conveyance of title of the Property to the Lender with no representations or warranties in return for $10.00 and the Release provides for a full irrevocable release of the Receiver and the Receivership Entities. As set forth herein, the Receiver believes, in his reasonable business judgment, that the Property not only has no value to the Receivership Estate but also that its retention will only serve to deplete assets of the Receivership Estate.

## II. Background

### A. The Receivership Order and Appointment of the Receiver

2. On November 28, 2023, the Securities and Exchange Commission filed its Complaint [ECF 1] against Jonathan Larmore; ArciTerra Companies, LLC ("ArciTerra"); ArciTerra Note Advisors II, LLC; ArciTerra Note Advisors III, LLC; ArciTerra Strategic Retail

Advisor, LLC; and Cole Capital Funds, LLC. Michelle Larmore; Marcia Larmore; CSL Investments, LLC; MML Investments, LLC; Spike Holdings, LLC and JMMAL Investments, LLC were named as relief defendants.

3. On December 21, 2023 and May 6, 2024, the Court appointed the Receiver pursuant to the *Order Appointing Temporary Receiver and Temporarily Freezing Assets and Imposing Litigation Injunction* [ECF No. 77] and *Order Appointing Receiver, Freezing Assets, and Imposing Litigation Injunction* [ECF No. 154] (the "Receivership Order"). Since his appointment, the Receiver and his retained professionals have, among other things, assumed control of the Receivership Entities and Receivership Assets, conducted preliminary investigations into the claims and liens asserted against Receivership Assets, negotiated standstill and forbearance stipulations with parties asserting liens and other interests in Receivership Assets, and conducted other activities required by the Receivership Order to administer the Receivership Estate (as defined in the Receivership Order).

4. Paragraph 6(N) of the Receivership Order provides that the Receiver shall have the power and duty to:

> Sell, assign, transfer or otherwise dispose of any assets of the Receivership Entities either directly or through one or more Retained Personnel, subject to approval by this Court with respect to any material assets[.]

5. The Receiver brings this Motion to approve the abandonment of the Property by ArciTerra Companies, LLC, as manager for AT Olathe, to the Lender.

6. On October 13, 2021, ArciTerra was named manager of AT Olathe pursuant to the *Operating Agreement of AT Olathe Outlot 5, LLC* (the "Operating Agreement"). Pursuant to the Operating Agreement, ArciTerra, as manager, has authority to "dispose of any real

property."

7. On November 3, 2021, AT Olathe and the Lender entered into a Loan Agreement for $2,500,000 (the "Loan").

8. The Loan is evidenced by a promissory note from the Lender to AT Olathe dated November 3, 2021, in the original principal amount of $2,500,000 and secured by a first mortgage lien against the Property pursuant to a Mortgage, Security Agreement, Assignment of Rents and Leases and Fixture Filing dated November 3, 2021 (the "Mortgage").

9. On November 3, 2022, AT Olathe and the Lender entered into the First Amendment to Loan Documents (the "Loan Amendment").

10. Based on the Loan and Loan Amendment, the Loan matured on November 3, 2022.

11. The Property, a 10,135 square foot former restaurant, has remained vacant, upon information and belief, since some time in 2021.

12. As set forth in the Declaration of Randall Coxworth (the "Coxworth Declaration") attached hereto as Exhibit 3, the Receiver conducted an analysis of the Property and engaged with the Lender and several real estate professionals. The Receiver's Deed provides for the conveyance of title of the Property to the Lender with no representations or warranties in return for $10.00 and a full irrevocable release of the Receiver and the Receivership Entities.

13. The Receiver reviewed two Broker Opinions of Value, one prepared by Frontline Real Estate Partners (the "Frontline BOV") and one prepared by CBRE (the "CBRE BOV"). Both the Frontline BOV and the CBRE BOV are attached to the Coxworth Declaration.

14. The Receiver believes, in his reasonable business judgment, that the Property not only has no value to the Receivership Estate but also that its retention will only serve to deplete the receivership assets. Based on the Receiver's analysis, any liquidation of the Property by the Receiver would leave no proceeds for the Receivership Estate. According to the Frontline BOV and the CBRE BOV the amount due on the Loan exceeds the current value of the vacant Property. Additionally, the Property has been operating at a net loss and, if it were to remain under the receivership, the Receiver would continue to incur the costs and time associated with maintaining and attempting to stabilize the Property. The Lender has agreed that it will waive and not assert any deficiency claim as against the Receivership Estate.

**III. Relief Requested**

15. Therefore, by this Motion, the Receiver seeks entry of an Order, in the form attached hereto as Exhibit 4 (the "Abandonment Order"), that provides for the approval of the abandonment of the Property, by ArciTerra, as manager for AT Olathe, to the Lender, in accordance with the terms of the Receiver's Deed and Release.

**IV. Basis for Relief Requested**

16. The Court's power to supervise an equity receivership and to determine the appropriate actions to be taken in the administration of the receivership is extremely broad. *See Securities and Exchange Com'n v. Capital Consultants, LLC*, 397 F.3d 733, 738 (9th Cir. 2005) (*quoting Securities and Exchange Com'n v. Hardy*, 803 F.2d 1034, 1037 (9th Cir. 1986)). "The power of a district court to impose a receivership or grant other forms of ancillary relief does not in the first instance depend on a statutory grant of power from the securities laws. Rather, the authority derives from the inherent power of a court of equity to fashion effective relief."

*Securities and Exchange Com'n v. Wencke*, 622 F.2d 1363, 1369 (9th Cir. 1980). A court imposing a receivership assumes custody and control of all assets and property of the receivership, and it has broad equitable authority to issue all orders necessary for the proper administration of the receivership estate. *See Securities and Exchange Com'n v. Credit Bancorp Ltd.*, 290 F.3d 80, 82-83 (2d Cir. 2002).

17. The district court in its supervisory role over a receivership has the power to order the disposition of any real property within the receivership. *See, e.g., Securities and Exchange Com'n v. American Capital Invest., Inc.*, 98 F.3d 1133, 1144 (9th Cir. 1996), cert. denied 520 U.S. 1185 (1997) (decision abrogated on other grounds) ("The power of sale necessarily follows the power to take possession and control of and to preserve property"); *see also Securities and Exchange Com'n v. Elliott*, 953 F.2d 1560, 1566 (11th Cir. 1992) (the District Court has broad powers and wide discretion to determine relief in an equity receivership).

18. Accordingly, the Court has broad equitable powers and discretion in approving the abandonment of the Property.

## V. Conclusion

19. No prior motion for the relief sought herein has been made to any court.

20. Given the authorities set forth herein, request is made to waive any requirement to file a separate memorandum of law. *See* LRCiv 7.2(b).

WHEREFORE, the Receiver respectfully requests that this Court enter an order (a) approving the abandonment of the Property to the Lender in accordance with the Receiver's Deed and Release; and (b) granting such other relief as is just and equitable.

Dated: August 14, 2025

ARCHER & GREINER, P.C.

By: *_/s/ Allen G. Kadish_*

Allen G. Kadish[1]
Harrison H.D. Breakstone[2]
1211 Avenue of the Americas
New York, New York 10036
Tel: (212) 682-4940
Email: akadish@archerlaw.com
hbreakstone@archerlaw.com

*Counsel for Allen D. Applbaum as Receiver*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 14, 2025, I electronically transmitted the foregoing document with the Clerk of the Court using the CM/ECF systems, which will provide electronic mail notice to all counsel of record.

*/s/ Allen G. Kadish*
Allen G. Kadish

# INDEX TO EXHIBITS

**Exhibit 1 – Receiver's Deed**

**Exhibit 2 – Release**

**Exhibit 3 – Coxworth Declaration**

**Exhibit A – Curriculum Vitae**

**Exhibit B – Frontline BOV**

**Exhibit C – CBRE BOV**

**Exhibit D – Declaration of Larry Long**

**Exhibit 4 – Proposed Abandonment Order**