1  ARCHER & GREINER, P.C.
   1211 Avenue of the Americas
2  New York, New York 10036
   Tel: (212) 682-4940
3  Allen G. Kadish[1]
   Harrison H.D. Breakstone[2]
4  Email:  akadish@archerlaw.com
          hbreakstone@archerlaw.com
5
   *Counsel for Allen D. Applbaum as Receiver*
6
                IN THE UNITED STATES DISTRICT COURT
7                  FOR THE DISTRICT OF ARIZONA

8
   United States Securities and Exchange          Case No. CV-23-02470-PHX-DLR
9  Commission,

10           Plaintiff,

11   v.                                            **RECEIVER'S OBJECTION TO
                                                   RELIEF DEFENDANT
12 Jonathan Larmore, et al.,                       MARCIA LARMORE'S
                                                   MOTION AND MEMORANDUM
13           Defendants, and                       TO QUASH SUBPOENAS**

14 Michelle Larmore; Marcia Larmore;
   CSL Investments, LLC;
15 MML Investments, LLC;
   Spike Holdings, LLC;
16 and JMMAL Investments, LLC,

17           Relief Defendants.

18

19

20

21  ─────────────────────────
   [1]  Admitted *pro hac vice.*
22 [2]  Admitted *pro hac vice.*


1

**TABLE OF CONTENTS**

2

**Page(s)**

3   Table of Authorities.................................................................................................ii

4   I.  Preliminary Statement........................................................................................2

    II. Background ........................................................................................................3
5       A.   The Receivership Order and Appointment of the Receiver .....................3

6       B.   The Receiver's Investigation...................................................................4

7   III. Objection .......................................................................................................... 6
        A.   Marcia Larmore Has No Protectable Privacy Interest in the Non-Party
8            Subpoenas............................................................................................... 6

        B.   The Receiver's Interests Substantially Outweigh Any Privacy Interest Marcia
9            Larmore May Have in the Information Requested....................................7

10  IV. Conclusion ...................................................................................................... 11

11

12

13

14

15

16

17

18

19

20

21

22

1

**TABLE OF AUTHORITIES**

2

**Page(s)**

3

**Federal Cases**

4

*Blotzer v. L-3 Commun. Corp.*,
   287 F.R.D. 507 (D. Ariz. 2012) ................................................................................ 6, 8

5

*Brown v. Sperber-Porter*,
   2017 WL 10409840 (D. Ariz. Nov. 6, 2017) .................................................................. 7

6

7

*Bryant v. Tristate Logistics of Arizona LLC*,
   2020 WL 13864561 (D. Ariz. Apr. 9, 2020) ................................................................... 6

8

*Eritrean Assn. of Greater Seattle v. Gebrekidan*,
   2025 WL 2614106 (W.D. Wash. Sept. 10, 2025) ........................................................... 8

9

*Martinez v. Ryan*,
   2020 WL 13900916 (D. Ariz. Jan. 31, 2020) ................................................................. 7

10

11

*Ocean Garden Products Inc. v. Blessings Inc.*,
   2020 WL 4933646 (D. Ariz. Aug. 24, 2020) .................................................................. 6

12

*R. Prasad Indus. v. Flat Irons Envt'l Sols., Corp.*,
   2014 WL 2804276 (D. Ariz. June 20, 2014) .................................................................. 6

13

14

*Reiserer v. United States*,
   479 F.3d 1160 (9th Cir. 2007) ....................................................................................... 6

15

*Sec. & Exch. Comm'n v. American Pension Services*,
   2014 WL 5513717 (D. Utah Oct 31, 2014) .................................................................. 10

16

17

*Sec. & Exch. Comm'n v. Davison*,
   2023 WL 3995479 (M.D. Fla. May 16, 2023) ......................................................... 10, 11

18

*Sec. & Exch. Comm'n v. Elfindepan, S.A.*,
   169 F. Supp. 2d 420 (M.D.N.C. 2001) ..................................................................... 8, 10

19

*Sec. & Exch. Comm'n v. Gallagher*,
   2019 WL 10980480 (N.D. Tex. Nov. 1, 2019) ............................................................... 9

20

21

*Sec. & Exch. Comm'n v. Haab*,
   2016 WL 6610851 (S.D. Ind. Nov. 9, 2016) ............................................................... 10

22

*Sec. & Exch. Comm'n v. Healy*,
2009 WL 3448237 (M.D. Penn. Oct. 21, 2009) ........................................................... 9

*Sec. & Exch. Comm'n v. Levine*,
2009 WL 10712514 (S.D. Fla. May 5, 2009) .............................................................. 7

*Sec. & Exch. Comm'n v. Private Equity Mgmt. Grp., Inc.*,
2009 WL 2019943 (C.D. Cal. July 2, 2009) ................................................................ 8

*United States v. Miller*,
425 U.S. 435 (1976) ...................................................................................................... 7

*Venus Med. Inc. v. Skin Cancer & Cosmetic Dermatology Ctr. PC*,
2016 WL 159952 (D. Ariz. Jan. 14, 2016) .................................................................. 7

*Winkler v. McCloskey*,
83 F.4th 720 (9th Cir. 2023) ...................................................................................... 11

*Xfinity Mobile v. Globalgurutech LLC*,
2023 WL 6795084 (D. Ariz. Oct 13, 2023) ................................................................ 6

**Rules**

Fed. R. Civ. P. 45 ..................................................................................................... 5,7,8

1    Allen D. Applbaum, as receiver for ArciTerra Companies, LLC, and related entities, by

2 and through his counsel, Archer & Greiner, P.C., submits this objection (the "Objection") to *Relief*

3 *Defendant Marcia Larmore's Motion and Memorandum to Quash Subpoenas Directed at Marcia*

4 *Larmore, Moynahan Investments LLC, Wawasee Family Investments Limited Partnership,*

5 *Morrison Island, LLC, and HV Gardens, LLC* [ECF No. 468] (the "Motion to Quash"). In support

6 of this Objection, the Receiver submits the accompanying Declaration of David Holley (the

7 "Holley Declaration") annexed hereto **Exhibit A**, and respectfully represents as follows:

8 **I.      Preliminary Statement**

9    1.    In her Motion to Quash, Marcia Larmore urges the Court to "rein in the overreach

10 of the Subpoenas" directed at her and Moynahan Investments, LLC ("Moynahan"), Wawasee

11 Family Investments Limited Partnership ("WFILP"), Morrison Island, LLC ("Morrison"), and

12 HV Gardens, LLC ("HV"), arguing that the information sought is "unrelated to the subject of this

13 case [and is] an abuse of the subpoena power." *See* Motion to Quash at 4 and 9.

14    2.    As set forth herein and in the Holley Declaration, Marcia Larmore was not a mere

15 bystander in the ArciTerra enterprise. The Receiver discovered over $6 million of transfers that

16 were made from Receivership Entities to or for Marcia Larmore's benefit while many investors

17 remain unpaid to the tune of over $48 million. In fact, Marcia Larmore was an officer and principal

18 of the ArciTerra Group and held officer roles in various investment vehicles.

19    3.    Likewise, whether Moynahan, WFILP, Morrison and HV were originally estate

20 planning vehicles unrelated to ArciTerra and/or Johnathan Larmore, as Marcia Larmore now

21 claims, is irrelevant. The business, accounting, bookkeeping and banking of these entities were

22

conducted as part of the ArciTerra enterprise.[3]

4.     The Motion to Quash is simply the latest in a series of efforts by Marcia Larmore[4]
to frustrate the Receiver from executing his court-appointed duties and should be denied.

**II.     Background**

A.     The Receivership Order[5] and Appointment of the Receiver

5.     On November 28, 2023, the Securities and Exchange Commission ("SEC") filed its
Complaint [ECF No. 1] against Jonathan Larmore; ArciTerra Companies, LLC ("Arciterra");
ArciTerra Note Advisors II, LLC; ArciTerra Note Advisors III, LLC; ArciTerra Strategic Retail
Advisor, LLC; and Cole Capital Funds, LLC (collectively, the "Defendants"). Michelle Larmore;
Marcia Larmore; CAL Investments, LLC; MML Investments, LLC; Spike Holdings, LLC and
JMMAL Investments, LLC were named as Relief Defendants.

6.     On November 29, 2023, the SEC filed the *Plaintiff SEC's Ex Parte Motion for
Temporary Restraining Order and Related Equitable Relief* [ECF No. 4) (the "TRO Motion"),

---

[3] *See Receiver's Motion for an Order (I) Designating Additional Receivership Entities; and (II)
Granting Related Relief* [ECF No. 332] and *Omnibus Reply to Objections to Receiver's Motion
for an Order (I) Designating Additional Receivership Entities; and (II) Granting Related Relief*
[ECF No. 375] and the declarations therein.

[4] Including *Relief Defendant Marcia Larmore's Limited Opposition to [ECF 332] Receiver's
Motion for an Order (i) Designating Additional Receivership Entities; and (ii) Granting Related
Relief* [ECF No. 335]; *Relief Defendant Marcia Larmore's Motion to Strike Exhibit A To
Receiver's Reply And "Corrected" Reply* [ECF No. 388] and *Relief Defendant Marcia Larmore's
Reply to the Receiver's Response [ECF No. 382] to Marcia Larmore's Motion to Strike Exhibit A
to Receiver's Reply and "Corrected" Reply* [ECF No. 480].

[5] Undefined, capitalized terms are as in the Order Appointing Temporary Receiver and
Temporarily Freezing Assets and Imposing Litigation Injunction [ECF No. 77], as supplemented
by the May 6, 2024, Order Appointing Receiver Freezing Assets, and Imposing Litigation
Injunction [ECF No. 154] (the "Receivership Order").

seekingCASE

seeking, *inter alia*, to enjoin certain actions by the Defendants, freezing assets of the Defendants, the Relief Defendants and their affiliates, and appointing the Receiver.  On December 21, 2023, the Court granted the relief requested by the TRO Motion and appointed the Receiver in accordance with the terms of the Receivership Order [ECF No. 77]. On consent of the Defendant and Relief Defendants, the Court issued a permanent Receivership Order on May 6, 2024 [ECF No. 154].

7.      Pursuant to the Receivership Order, the Receiver is authorized to, *inter alia,*

> *investigate* the manner in which the financial and business affairs of the Receivership Entities were conducted … *institute* such *actions* and legal proceedings, for the benefit and on behalf of the Receivership Estate [and] *issue subpoenas* for documents and testimony consistent with the Federal Rules of Civil Procedure and Court orders without further leave of Court.

*See* Receivership Order [ECF No. 154] ¶¶ 24-25 (emphasis added).

B.      The Receiver's Investigation

8.      As noted in previously-filed status reports, since his appointment, the Receiver and his professionals have reviewed volumes of financial data of the 285 Receivership Entities—including bank statements, credit card statements, and general ledger data related to approximately 50,000 transactions involving approximately 1,000 counterparties—in an effort to assess the financial transactions of the Receivership Estate.

9.      Through these efforts, the Receiver has concluded that there is ample support for the proposition that, between 2006 and 2015, ArciTerra raised the aggregate amount of $128,406,961 from third-party investors in connection with sixteen (16) Investor Funds. *See ArciTerra Receiver's Seventh Status Report* [ECF No. 441] at 20.

1    10.    The Receiver's analysis of the books and records has also revealed that ArciTerra

2 transferred substantial value out of the ArciTerra entities at the expense of creditors, investors,

3 and other victims and that the Receivership Estate may have causes of action against third parties.

4 *See id.* at 24.

5    11.    At this juncture, due to extensive commingling of funds at the direction of the

6 Defendants and Relief Defendants, the Receiver requires additional information from certain

7 entities and individuals in order to further his analysis and determine the amounts owed to

8 investors. *See* Holley Declaration ¶ 18.

9    12.    To that end, on December 31, 2025, the Receiver served a *Notice of Subpoenas* upon

10 the SEC, the Defendants and all Relief Defendants pursuant to Rule 45(a)(4) of the Federal Rules

11 of Civil Procedure, informing them of his intent to serve subpoenas for the production of

12 documents on seventy (70) entities, including certain banks, broker/dealers and former employees.

13 *See Certificate of Service of Notice of Subpoenas* [ECF No. 467].

14    13.    On January 14, 2026, Marcia Larmore filed the Motion to Quash, claiming that

15 certain subpoenas[6] are improper, "to the extent they request information related to Marcia

16 Larmore, Moynahan Investments, LLC, Wawasee Family Investments Limited Partnership,

17 Morrison Island, LLC, and HV Gardens, LLC." *See* Motion to Quash at 1-2.

18    14.    For the reasons discussed below and set forth in the Holley Declaration, the Motion

19 to Quash should be denied.

20

21 [6] The Non-Parties include Bank of Arizona, Charles Schwab, Enterprise Bank Trust, Fidelity, JP
Morgan Securities LLC, JPMorgan Chase Bank NA, KS State Bank, Scottrade, TD Ameritrade,
Wells Fargo Advisors, Wells Fargo, and all Broker/Dealer subpoenas (collectively, the
22 "Subpoenas").

III.   **Objection**

    A.   <u>Marcia Larmore Has No Protectable Privacy Interest in the Non-Party Subpoenas</u>

15.   Marcia Larmore asserts that she has standing to challenge the "Subpoenas insofar as they seek her personal financial information [and] the financial information sought" from entities in which she has an interest. *See* Motion to Quash at 1.

16.   "A party has standing to challenge a subpoena served on another entity only if the party can show it has a personal right or privilege regarding the subject matter of the subpoena." *Blotzer v. L-3 Commun. Corp.,* 287 F.R.D. 507, 509 (D. Ariz. 2012); *Ocean Garden Products Inc. v. Blessings Inc*., 2020 WL 4933646, at *2 (D. Ariz. Aug. 24, 2020) (*citing Crispin v. Christian Audigier, Inc.*, 717 F. Supp. 2d 965, 973-74 (C.D. Cal. 2010); 9A Charles Wright & Arthur Miller, FED. PRAC. & PROC. § 2459 (3d ed.)).

17.   Courts in this circuit consistently have held that bank records "are the bank's business records" and that there is no privacy interest held by the account holder. *See Bryant v. Tristate Logistics of Arizona LLC*, 2020 WL 13864561, at *2 (D. Ariz. Apr. 9, 2020) (*citing Clayton Brokerage Co., Inc. of St. Louis v. Clement*, 87 F.R.D. 569, 571 (D. Md. 1980)); *R. Prasad Indus. v. Flat Irons Envt'l Sols., Corp*., 2014 WL 2804276, at *6 (D. Ariz. June 20, 2014) ("this Court has not found any Arizona legal authority 'recogniz[ing] any privilege or other special protection from discovery that applies to an individual's private financial information held by a bank'") (denying motion to quash); *see also Reiserer v. United States*, 479 F.3d 1160, 1165 (9th Cir. 2007) ("As to the bank subpoenas, "there is no privilege between a bank and a depositor"); *Xfinity Mobile v. Globalgurutech LLC,* 2023 WL 6795084 (D. Ariz. Oct 13, 2023) (denying motion to quash where defendants failed to articulate a personal right or privilege regarding the

6

1    bank statements at issue); *United States v. Miller,* 425 U.S. 435, 442-43 (1976) (a bank customer

2    has no "legitimate expectation of privacy" in the contents of checks, deposit slips, and other

3    banking documents).

4        18.    As such, Marcia Larmore has no privacy interest in the information sought and does

5    not have standing to bring the Motion to Quash. The Motion to Quash should be denied on this

6    basis alone.[7]

7        B.    The Receiver's Interests Substantially Outweigh Any Privacy Interest Marcia
             Larmore May Have in the Information Requested

8        19.    "A court determining the propriety of a subpoena balances the relevance of the

9    discovery sought, the requesting party's need, and the potential hardship to the party subject to the

10   subpoena." *Martinez v. Ryan*, 2020 WL 13900916, at *1 (D. Ariz. Jan. 31, 2020) (*citing Gonzales

11   v. Google, Inc.*, 234 F.R.D. 674, 680 (N.D. Cal. 2006)).

12       20.    Conclusory objections of disclosure of confidential information however are

13   insufficient to support a motion to quash. *Brown v. Sperber-Porter*, 2017 WL 10409840, at *3 (D.

14   Ariz. Nov. 6, 2017) (denying motion to quash when movant did not specifically argue that the

15   documents were privileged and failed to explain how bank records are "other protected matters"

16

---

17   [7] The Receiver also notes that the Motion to Quash was not filed in the "compliance court." *See*
     Fed. R. Civ. P. 45(d)(3)(A); Adv. Comm. Notes to 2013 Amendment, Rule 45 ("Under Rules
18   45(d)(2)(B), 45(d)(3), and 45(e)(2)(B), subpoena-related motions and applications are to be made
     to the court where compliance is required under Rule 45(c)"); *Venus Med. Inc. v. Skin Cancer &*
19   *Cosmetic Dermatology Ctr. PC*, 2016 WL 159952, at *2 (D. Ariz. Jan. 14, 2016) (Rayes, J.)
     ("challenges to the subpoena are to be heard by the district court encompassing the place where
20   compliance with the subpoena is required"). Courts in other receivership cases have held that the
     "issuing court" is the proper court to adjudicate motions to enforce or quash a subpoena. *See, e.g.,*
21   *Sec. & Exch. Comm'n v. Levine,* 2009 WL 10712514 (S.D. Fla. May 5, 2009) (issuing court in
     SEC receivership has authority to enforce or quash the receiver's subpoenas). Given the
22   circumstances, the Receiver is content with this Court adjudicating the Motion to Quash.

1    for purposes of Rule 45(d)(3)(A)(iii)). "[T]he party seeking to quash a nonparty subpoena must

2    provide some level of specificity or evidence in support of its motion." *Eritrean Assn. of Greater*

3    *Seattle v. Gebrekidan*, 2025 WL 2614106, at \*2 (W.D. Wash. Sept. 10, 2025).

4          21.     In her Motion to Quash, Marcia Larmore asserts (without any factual support) that

5    her interest in maintaining the confidentiality of financial documents[8] "outweighs any negligible

6    benefit the Receiver might assert for its need to manage ArciTerra assets." *See* Motion to Quash

7    at 7.

8          22.     And while the Motion to Quash makes much of the argument that the information

9    sought is "unrelated to the subject of this case" because the Complaint "does not contain a single

10   allegation against Moynahan, WFILP, Morrison Island, or HV Gardens,"[9] the Receiver's authority

11   to issue the subpoenas does not actually derive from the SEC's Complaint. The Receiver acts in

12   accordance with the Receivership Order and is independent of the plaintiff and the defendants.

13         23.     It is well-settled that a court-appointed receiver "has no powers except such as are

14   conferred upon him by order of his appointment." *See Sec. & Exch. Comm'n v. Private Equity*

15   *Mgmt. Grp., Inc.*, 2009 WL 2019943 (C.D. Cal. July 2, 2009)*N. Am. Broad., LLC v. United States*,

16   306 Fed. Appx. 371, 373 (9th Cir. 2008)).  Accordingly, the scope and nature of all of a receiver's

17   actions, including discovery requests, "will [only] depend on the language of the order appointing

18   the receiver." *See Sec. & Exch. Comm'n v. Elfindepan, S.A.,* 169 F. Supp. 2d 420 (M.D.N.C. 2001).

19   _____

20   [8] Tellingly, Marcia Larmore does not explain how the documents requested in the Broker/Dealer
     Subpoenas relate to her personal financial information or provide any other basis for this Court to
21   quash the Broker/Dealer Subpoenas. *See Blotzer*, 287 F.R.D. at 509, n. 1 ("A party wishing to
     assert a claim of privilege must expressly make the claim").

22   [9] *See* Motion to Quash at 4 and 6.

1    24.    Here, the Receivership Order expressly authorizes the Receiver, "in furtherance of

2  [his] power to manage litigation and to conduct an investigation ... to ***issue subpoenas*** for

3  documents and testimony consistent with the Federal Rules of Civil Procedure and Court orders

4  without further leave of Court" and directs **all current and former** "officers, directors, managers,

5  managing members, general and limited partners, agents, attorneys, accountants, and employees"

6  of the Receivership Entities **to cooperate** and assist the Receiver in his efforts to carry out the

7  duties and purposes of the Receivership Order. *See* Receivership Order [ECF No. 154] ¶¶ 8 and

8  25 (emphasis added).

9    25.    Courts have upheld identical provisions in receivership orders and have ordered

10  sanctions for a party's failure to comply. *See, e.g., Sec. & Exch. Comm'n v. Gallagher*, 2019 WL

11  10980480 (N.D. Tex. Nov. 1, 2019) (finding non-party and its principal in civil contempt for

12  failing to comply with the receiver's demand for documents and information about an investment

13  made with receivership funds, when receivership order expressly empowered the receiver "to

14  issue subpoenas for documents and testimony consistent with the Federal Rules of Civil

15  Procedure" and required officers, agents, and "other appropriate persons or entities" to "answer

16  under oath" and "produce all documents as required by the Receiver" regarding any matter

17  relevant to administration of the receivership or collection of funds).

18    26.    Moreover, courts have held that the financial documents of defendants, relief

19  defendants and other related entities are often relevant and necessary for a receiver to "marshal

20  and preserve the [e]state assets and ensure the orderly administration of the estate." *See, e.g., Sec.*

21  *& Exch. Comm'n v. Healy*, 2009 WL 3448237 (M.D. Penn. Oct. 21, 2009) (consolidated SEC and

22  CFTC enforcement action granting receiver's motion to compel production of documents relating

1  to defendant and his wife and her entity named as relief defendants); *Elfindepan,* 169 F. Supp. 2d

2  at 427 (SEC receivership case) ("the utilization of traditional discovery devices, such as requests

3  for production of documents is a reasonable way … of fulfilling the duty to take and maintain

4  custody, control and possession of all assets and properties").

5       27.    Financial information from related individuals and entities is especially relevant

6  when "such an investigation **could lead to future claims**." *See Sec. & Exch. Comm'n v. Haab*,

7  2016 WL 6610851, at *3 (S.D. Ind. Nov. 9, 2016) (defendants' records were determined to be

8  relevant to the receiver's duty to "marshal and preserve" assets and to investigate possible

9  improper transfers) (emphasis added); *Sec. & Exch. Comm'n v. American Pension Services*, 2014

10  WL 5513717 (D. Utah Oct 31, 2014) (granting receiver's motion to compel the production of

11  financial accounts and assets of more than thirty individuals and entities "intimately connected"

12  with the defendant that received receivership funds); *Sec. & Exch. Comm'n v. Davison*, 2023 WL

13  3995479, at *2 (M.D. Fla. May 16, 2023) (receiver has ample authority to seek documents and

14  information related to assets for which the receiver suspects some level of fraud or

15  misrepresentation).

16       28.    Here too, as set forth in the Holley Declaration, the Receiver has thus far identified

17  the movement of over $6 million of Receivership assets ($4.6 million in net receipts) through

18  hundreds of transactions, made to or for the benefit of Marcia Larmore through Moynahan,

19  WFILP, Morrison and HV (*See* Holley Declaration ¶¶ 42-62), as well as evidence to establish that

20  Marcia Larmore held herself out as, *inter alia*, "Senior Vice President and Principal of ArciTerra

21  Group." *See id.* at 29-31.

22       29.    Any privacy interest Marcia Larmore may have in the information requested is

substantially outweighed by the Receiver's interests in assessing the finances of the Receivership

Estate and its outstanding obligations to investors, and investigating into the claims and causes of

action of the Receivership Estate. *See generally Winkler v. McCloskey*, 83 F.4th 720 (9th Cir.

2023) (a receiver has standing to pursue fraudulent transfer claims to recover corporate assets

unlawfully dissipated by the wrongdoer).

**IV.     Conclusion**

30.     Given the authorities set forth herein, request is made to waive any requirement to

file a separate memorandum of law. *See* LRCiv 7.2(b).

WHEREFORE, the Receiver respectfully requests that this Court deny the Motion to

Quash in its entirety and for such other and further relief as the Court deems just and proper.

Dated: January 28, 2026                              ARCHER & GREINER, P.C.

By: _____

Allen G. Kadish[1]
Harrison H.D. Breakstone[2]
P1211 Avenue of the Americas
New York, New York 10036
Tel: (212) 682-4940
Email: akadish@archerlaw.com
        hbreakstone@archerlaw.com

*Counsel for Allen D. Applbaum as Receiver*

1

## INDEX TO EXHIBITS

2

**Exhibit A – Holley Declaration**

3

4

**Exhibit 1 – Curriculum Vitae**

**Exhibit 2 – Consulting Agreement**

5

6

**Exhibit 3 – Excerpt from POM for ArciTerra Real Estate Investment Trust, Inc.**

7

**Exhibit 4 – Excerpt from POM for ArciTerra Note Fund II, LLC**

8

**Exhibit 5 – Excerpt from POM for ArciTerra Note Fund III, LLC,**

9

10

**Exhibit 6 – Excerpt from POM for ArciTerra National REIT, Inc.**

11

**Exhibit 7 – Excerpt from POM for ArciTerra Strategic Income Corporation – Belleville Crossing IL**

12

13

**Exhibit 8 – Excerpt from POM for Strategic Retail – Briargate & Linden I, LLC**

14

**Exhibit 9 – Email Exchange Dated February 20, 2011**

15

**Exhibit 10 – Email Exchange Dated April 17, 2023**

16

**Exhibit 11 – Email Exchange Dated April 17, 2023**

17

**Exhibit 12 – ArciTerra Mortgage Loans Spreadsheet**

18

19

**Exhibit 13 – Email Exchange Dated November 22, 2021**

**Exhibit 14 – Form K-1's**

20

21

**Exhibit 15 – ATA Plaza OK, LLC Organizational Chart**

22

**Exhibit 16 – AT Altus Echelon IN, LLC Organizational Chart**

23

**Exhibit 17 – AT Plainfield IN, LLC Organizational Chart**

24

**Exhibit 18 – Email Exchange Dated February 24, 2023**

25

**Exhibit 19 – Email Exchange Dated January 2, 2020**

26

27

28

1

2

**Exhibit 20 – List of ArciTerra Properties**

3

**Exhibit 21 – Separation Agreement and General Release**

4

**Exhibit 22 – ArciTerra PPP Loan Application**

5

**Exhibit 23 – List of ArciTerra Properties**

6

**Exhibit 24 – Special Master Report**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28