Chantel M. Schimming, Esq.
Arizona Bar No. 025738
GHIDOTTI BERGER, LLP
1920 Old Tustin Ave.
Santa Ana, CA  92705-7811
Telephone: (949) 427-2010
Facsimile: (949) 427-2732
Email: cschimming@ghidottiberger.com
Attorney for Secured Creditor,
*Wintrust Mortgage, A Division of*
*Barrington Bank and Trust Co., N.A.*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States Securities and Exchange Commission,<br><br>          Plaintiff,<br><br>vs.<br><br>Jonathan Larmore, et al.,<br><br>          Defendants, and<br><br>Michelle Larmore; Marcia Larmore; CSL Investments, LLC; MML Investments, LLC ; Spike Holdings, LLC; and JMMAL Investments, LLC,<br><br>          Relief Defendants. | Case No. 2:23-cv-2470-DLR<br><br>**SECURED CREDITOR'S MOTION FOR RELIEF FROM STAY, OR ALTERNATIVELY, INSTRUCTIONS TO COMPEL ADMINISTRATION OR ABANDONMENT OF PROPERTY LOCATED AT 11751 N BLACK POINT ROAD, SYRACUSE, IN 46567** |

Movant, Wintrust Mortgage, A Division of Barrington Bank and Trust Co., N.A. ("**Secured Creditor**"), respectfully moves the Court for entry of an order granting limited relief from the receivership stay, or alternatively, directing the Receiver to promptly abandon or take definitive action with respect to that certain real property known as 11751 N. Black Point Road Syracuse, IN 46567. (the "**Property**").

**1**

## I.    <u>INTRODUCTION</u>

Secured Creditor seeks narrowly tailored relief to prevent the ongoing prejudice caused by the continued stay prohibiting enforcement of its contractual rights with respect to the Property, which is not generating revenue for or necessary to the receivership and is not being actively administered by the Receiver. The Property is subject to Secured Creditor's lien, and to at least a partial interest held by Defendant, Jonathan Larmore's ("**Larmore**") spouse, who has expressed a desire to sell.

Secured Creditor does not seek to disrupt the receivership or impair investor recoveries. It simply seeks limited relief to enforce its security interest under applicable law, or alternatively, an order compelling the Receiver to abandon or promptly administer the Property. Any equity realized through the sale or foreclosure can be preserved and deposited into the receivership estate, thereby avoiding continued waste.

## II.    <u>FACTUAL/PROCEDURAL BACKGROUND</u>

The Property is subject to a loan, in the original amount of $2,633,800.00 made by Secured Creditor to Larmore. The Loan was secured by a Mortgage against the Property dated November 18, 2021, naming Secured Creditor as the Lender and Mortgagee under said security instrument.

Pursuant to the Order Appointing Temporary Receiver and Temporarily Freezing Assets and Imposing Litigation Injunction entered on December 21, 2023 [ECF No. 77], and the Order Appointing Receiver, Freezing Assets, and Imposing Litigation Injunction entered May 6, 2024 [ECF No. 154], disposition of the Property is frozen due to operation of the receivership stay. The Property is not an income-producing asset, is not being used in furtherance of the receivership's purposes, and is not generating income for the receivership estate. To further complicate things, Larmore is currently incarcerated and is a party to ongoing divorce proceedings in which the parties cannot agree on disposition of the Property. Larmore's wife has communicated her desire to sell the Property, but no progress can occur while the receivership stay remains in place without some form of agreement

involving the Receiver or other Court involvement. Since at least September 2024, Secured Creditor has conferred with counsel for the Receiver regarding potential resolution. Despite these efforts, no plan for sale, abandonment, preservation value, or otherwise have been implemented.[1] The Property is believed to contain equity. However, that equity currently remains idle while Secured Creditor is being irreparably prejudiced from accrual of interest, carrying costs and market risk. Continued restraint serves no apparent benefit to the receivership.

### III.    LEGAL STANDARD

Courts imposing a receivership assume custody and control of all assets and property of the receivership and have broad authority to determine appropriate actions to be taken and to issue all orders necessary in the administration of the receivership estate. *Securities and Exchange Com'n v. Capital Consultants*, 397 F.3d 733, 738 (9th Circuit); *Securities and Exchange Com'n v. Credit Bancorp Ltd., 290 F. 3d 80, 82-83* (2d Cir. 2002). In supervising a receivership, a court has the power to order the disposition of any real property within the receivership. *See, e.g.*, *Securities and Exchange Com'n v. American Capital Invest., Inc.,* 98 F.3d 1133, 1144 (9th Cir. 1996), cert. denied 520 U.S. 1185 (1997) (decision abrogated on other grounds) ("The power of sale necessarily follows the power to take possession and control of and to preserve property"); *Securities and Exchange Com'n v. Elliott*, 953 F.2d 1560, 1566 (11th Cir. 1992) (the District Court has broad powers and wide discretion to determine relief in an equity receivership).

This authority includes the discretion to modify or lift litigation stays where appropriate to approve a sale, abandonment or other disposition of property subject to the stay, and to incur

---

[1] The attorney for the receiver advised in September 2024 that the Receiver was open to the possibility of entering a stipulation to allow Secured Creditor to proceed with foreclosure but the Receiver wanted to first determine whether Larmore's ex-wife, who was occupying the property, would be willing to purchase the property. In February 2025, the Receiver stated that the ex-wife could not afford the property, and it was being prepared to sell. A year and numerous follow-ups later, the property is still not listed for sale.

reasonable expenses in connection with such actions. *See* 28 U.S.C. § 3103. In exercising that discretion, courts generally balance the prejudice to the movant caused by continuation of the stay, the time during the receivership at which the motion for relief is made and the merits of the moving party's underlying claim. *Securities and Exchange Com'n v. Wencke,* 742 F.2d 1230, 1231 (9th Cir. 1984). The analysis often includes assessing practical considerations, such as whether the property is necessary to the receivership's purposes or operations and whether granting relief would interfere with the ordinary administration of the receivership. *See e.g., Commodity Futures Trading Comm'n v. Topworth Int'l*, 205 F.3d 1107 (9th Cir. 2000).

In circumstances such as those here, where the Property is not actively being administered, is not generating value for the estate, and continued restraint is causing undue prejudice, the exercise of this discretion to grant limited relief from the stay is appropriate.

## IV.    ARGUMENT

In the instant matter, Secured Creditor's collateral has been frozen indefinitely without oversight or progress, resulting in ongoing prejudice to Secured Creditor. Presumably, the receivership orders here were not intended to function as a long-term bar preventing secured creditors from enforcing their rights where the asset at issue is not being used to benefit the estate.

The Property at issue in this Motion is not producing income for the receivership. The Receiver has not taken steps to sell, rent, or otherwise monetize the Property. Additionally, the Property is subject to a community interest held by Larmore's spouse, who has expressed a desire to sell. The Receiver's authority to resolve marital property rights is limited, and the ongoing divorce proceedings prevent the Receiver from effectively managing or disposing of this Property.

Finally, granting limited relief will not impair the receivership in this instance. To the contrary, if the Property is foreclosed or sold, any net equity can be deposited into the receivership

estate, preserving its value. Alternatively, compelling abandonment would clarify rights and eliminate ongoing unnecessary delay and idle loss.

## V.    CONCLUSION

Secured Creditor respectfully requests that this Court grant relief from the receivership stay as appropriate to permit enforcement of its security interest in accordance with applicable law. This Motion is not intended to disrupt the receivership, but rather to prevent it from operating as an indefinite restraint of the secured Property absent necessary oversight.

WHEREFORE, Secured Creditor respectfully requests that the Court enter an order:

1. Granting Secured Creditor relief from the receivership stay, solely as to Secured Creditor's ability to enforce its security with respect to the Property;

2. Alternatively, directing the administration, abandonment, or formal position regarding disposition of the Property within thirty (30) days; and,

3. Granting such other and further relief as the Court deems just and equitable.

DATED: January 30, 2026.

**GHIDOTTI BERGER, LLP**

*/s/ Chantel M. Schimming*
Chantel M. Schimming, Esq.
1920 Old Tustin Ave.
Santa Ana, CA  92705-7811
Email: cschimming@ghidottiberger.com
Attorney for Secured Creditor, *Wintrust Mortgage, A Division of Barrington Bank and Trust Co., N.A.*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on January 30, 2026, I electronically transmitted the foregoing document with the Clerk of the Court using the CM/ECF systems, which will provide electronic mail notice to all counsel of record.

*/s/ Chantel Schimming*
for Ghidotti | Berger LLP
