ARCHER & GREINER, P.C.
1211 Avenue of the Americas
New York, New York 10036
Tel: (212) 682-4940
Allen G. Kadish[1]
Harrison H.D. Breakstone[2]
Email:  akadish@archerlaw.com
          hbreakstone@archerlaw.com

*Counsel for Allen D. Applbaum as Receiver*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States Securities and Exchange Commission,<br><br>Plaintiff,<br><br>v.<br><br>Jonathan Larmore, et al.,<br><br>Defendants, and<br><br>Michelle Larmore; Marcia Larmore; CSL Investments, LLC; MML Investments, LLC; Spike Holdings, LLC; and JMMAL Investments, LLC,<br><br>Relief Defendants. | Case No. CV-23-02470-PHX-DLR<br><br>**RECEIVER'S OBJECTION TO DEFENDANT JONATHAN LARMORE'S MOTION TO QUASH RECEIVER'S THIRD PARTY SUBPOENAS** |

---

[1] Admitted *pro hac vice.*
[2] Admitted *pro hac vice*.

# **TABLE OF CONTENTS**

**Page**

Table of Authorities ................................................................................................... ii

I.  Preliminary Statement ........................................................................................ 1

II. Background ........................................................................................................ 2

   A. The Receivership Order and Appointment of the Receiver ..................................... 2

   B. The Receiver's Investigation ..................................................................................... 3

III. Objection ............................................................................................................ 4

   A. The Motion to Quash is Not Supported by Factual Evidence or Legal Authority ................................................................................................................ 4

   B. Jonathan Larmore Does Not Have Standing to Move to Quash ............................. 5

   C. The Receiver is Authorized to Issue the Subpoenas under the Receivership Order Irrespective of the Outcome of the Motions to Designate .............................. 6

   D. Any Privilege Deriving from Communications with Blaine Rice and Todd Tuggle Belong Exclusively to the Receiver ............................................................ 7

   E. Jonathan Larmore's Request for a Protective Order is Not Supported by the Record ..................................................................................................................... 10

IV. Conclusion ........................................................................................................ 11

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Beckman Indus., Inc. v. International Ins. Co.*,
　966 F.2d 470 (9th Cir. 1992) .................................................................................... 9

*Blotzer v. L-3 Commun. Corp.*,
　287 F.R.D. 507 (D. Ariz. 2012) ................................................................................ 4

*Briggs v. Adel*,
　2021 WL 1193019 (D. Ariz. Mar. 30, 2021) ............................................................ 3

*Brown v. Sperber-Porter*,
　2018 WL 4091696 (D. Ariz. Aug. 23, 2018) ............................................................ 3

*Bryant v. Tristate Logistics of Arizona LLC*,
　2020 WL 13864561 (D. Ariz. Apr. 9, 2020) ............................................................ 5

*Clayton Brokerage Co., Inc. of St. Louis v. Clement*,
　87 F.R.D. 569 (D. Md. 1980) .................................................................................... 5

*Commodity Futures Trading Commission v. Weintraub*,
　105 S. Ct. 1986 (1985) .............................................................................................. 7

*Eritrean Assn. of Greater Seattle v. Gebrekidan*,
　2025 WL 2614106 (W.D. Wash. Sept. 10, 2025) ..................................................... 4

*Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*,
　307 F.3d 1206 (9th Cir. 2002) .................................................................................. 9

*Marshall v. Galvanoni*,
　2019 WL 2491524 (E.D. Cal. June 14, 2019) .......................................................... 4

*Ocean Garden Products Inc. v. Blessings Inc.*,
　2020 WL 4933646 (D. Ariz. Aug. 24, 2020) ............................................................ 4

*R. Prasad Indus. v. Flat Irons Envt'l Sols., Corp.*,
　2014 WL 2804276 (D. Ariz. June 20, 2014) ............................................................ 5

*Reiserer v. United States*,
　479 F.3d 1160 (9th Cir. 2007) .................................................................................. 5

*Rivera v. NIBCO, Inc.*,
   364 F.3d 1057 (9th Cir. 2004) ............................................................................................... 9

*U.S. v. Plache*,
   913 F.2d 1375 (9th Cir. 1990) ............................................................................................... 7

*U.S. v. Spangler*,
   No. 2:12-cr-00133 (W.D. Wash. Jun 20, 2013) .................................................................... 7

*United States v. Bauer*,
   132 F.3d 504 (9th Cir. 1997) ................................................................................................. 7

*United States v. Graf*,
   610 F.3d 1148 (9th Cir. 2010) ............................................................................................... 7

*United States v. Martin*,
   278 F.3d 988 (9th Cir. 2002) ................................................................................................. 8

*United States v. Osborn*,
   561 F.2d 1334 (9th Cir. 1977) ............................................................................................... 8

*United States v. Richey*,
   62 F.3d 559 (9th Cir. 2011) ................................................................................................... 7

*Xfinity Mobile v. Globalgurutech LLC*,
   2023 WL 6795084 (D. Ariz. Oct 13, 2023) .......................................................................... 3

**Rules**

Fed. R. Civ. P. 26 ........................................................................................................................ 8, 9

Fed. R. Civ. P. 45 ....................................................................................................................... 1,3,4

Allen D. Applbaum, as receiver for ArciTerra Companies, LLC, and related entities, by and through his counsel, Archer & Greiner, P.C., submits this objection (the "Objection") to *Defendant Jonathan Larmore's Motion to Quash Receiver's Third Party Subpoenas* [ECF No. 472] (the "Motion to Quash"). In support of this Objection, the Receiver submits the accompanying Declaration of David Holley (the "Holley Declaration") annexed hereto **Exhibit A**, and respectfully represents as follows:

## I. Preliminary Statement

1. Jonathan Larmore's motion seeks to quash all seventy subpoenas issued by the Receiver to date pursuant to Federal Rule 45(d)(3), asserting, without evidence, that the requests seek his privileged information.

2. In support of his claims, Jonathan Larmore incorporates by reference the arguments raised by Marcia Larmore in her motion to quash,[3] in lieu of a sworn statement of facts, which would be required, and does not cite to a single case or other legal authority.

3. Jonathan Larmore's Motion to Quash serves no purpose but to delay the Receiver's investigation into the affairs of the ArciTerra entities. This itself is a violation of the Receivership Order,[4] and a further insult to investors which should not be countenanced by this Court.

---

[3] *See* Motion to Quash ¶ 13. Marcia Larmore similarly avoids submission of any sworn statement or evidence. The Receiver incorporates by reference the arguments raised in the *Receiver's Objection to Relief Defendant Marcia Larmore's Motion and Memorandum to Quash Subpoenas* [ECF No. 476].

[4] *See* Receivership Order § 16 (Injunction Against Interference with Receiver).

1

4. For these reasons and those set forth below, the Motion to Quash should be denied in its entirety.

## II. Background

A. The Receivership Order[5] and Appointment of the Receiver

5. On November 28, 2023, the Securities and Exchange Commission ("SEC") filed its Complaint [ECF No. 1] against Jonathan Larmore; ArciTerra Companies, LLC ("ArciTerra"); ArciTerra Note Advisors II, LLC; ArciTerra Note Advisors III, LLC; ArciTerra Strategic Retail Advisor, LLC; and Cole Capital Funds, LLC (collectively, the "Defendants"). Michelle Larmore; Marcia Larmore; CSL Investments, LLC; MML Investments, LLC; Spike Holdings, LLC; and JMMAL Investments, LLC, were named as Relief Defendants.

6. On November 29, 2023, the SEC filed the *Plaintiff SEC's Ex Parte Motion for Temporary Restraining Order and Related Equitable Relief* [ECF No. 4) (the "TRO Motion"), seeking, *inter alia*, to enjoin certain actions by the Defendants, freezing assets of the Defendants, the Relief Defendants and their affiliates, and appointing the Receiver. On December 21, 2023, the Court granted the relief requested by the TRO Motion and appointed the Receiver in accordance with the terms of the Receivership Order [ECF No. 77]. On consent of the Defendant and Relief Defendants, the Court issued a permanent Receivership Order on May 6, 2024 [ECF No. 154].

---

[5] Undefined, capitalized terms are as in the Order Appointing Temporary Receiver and Temporarily Freezing Assets and Imposing Litigation Injunction [ECF No. 77], as supplemented by the May 6, 2024, Order Appointing Receiver Freezing Assets, and Imposing Litigation Injunction [ECF No. 154] (the "Receivership Order").

2

7. Pursuant to the Receivership Order, the Receiver is authorized to, *inter alia,*

> ***investigate*** the manner in which the financial and business affairs of the Receivership Entities were conducted … ***institute*** such ***actions*** and legal proceedings, for the benefit and on behalf of the Receivership Estate [and] ***issue subpoenas*** for documents and testimony consistent with the Federal Rules of Civil Procedure and Court orders without further leave of Court.

*See* Receivership Order [ECF No. 154] ¶¶ 24-25 (emphasis added).

B. The Receiver's Investigation

8. As noted in previously-filed status reports, since his appointment, the Receiver and his professionals have reviewed volumes of financial data of the 285 Receivership Entities—including bank statements, credit card statements, and general ledger data related to approximately 50,000 transactions involving approximately 1,000 counterparties—in an effort to assess the financial transactions of the Receivership Estate. *See* ArciTerra Receiver's Seventh Status Report [ECF No. 441] at 20.

9. The Receiver requires additional information from certain entities and individuals in order to further his analysis and determine the amounts owed to investors. *See* Holley Declaration *¶¶* 6-10.

10. On December 31, 2025, the Receiver served a *Notice of Subpoenas* upon the SEC, the Defendants and Relief Defendants pursuant to Rule 45(a)(4) of the Federal Rules of Civil Procedure, and subsequently served subpoenas for the production of documents on seventy (70) individuals and entities, including certain banks, broker/dealers and former employees. *See* Certificate of Service of Notice of Subpoenas [ECF No. 467].

3

**III.   Objection**

   A.   <u>The Motion to Quash is Not Supported by Factual Evidence or Legal Authority</u>

   11.   A party moving to quash a subpoena pursuant to Federal Rule 45(d)(3)(A)(iii), must articulate "a personal right or privilege regarding the information sought [and] describe the nature of the documents, communications, or tangible things not produced or disclosed … in a manner that … will enable other parties to assess the claim." *See Briggs v. Adel*, 2021 WL 1193019, at \*19  (D. Ariz. Mar. 30, 2021); *see also Xfinity Mobile v. Globalgurutech LLC,* 2023 WL 6795084 (D. Ariz. Oct. 13, 2023).

   12.   Conclusory objections and bare assertions of privilege or disclosure of confidential information are insufficient to support a motion to quash. *See Brown v. Sperber-Porter*, 2018 WL 4091696, at \*3 (D. Ariz. Aug. 23, 2018) (denying motion to quash when movant did not specifically argue that the documents were privileged and failed to explain how bank records are "other protected matters" for purposes of Rule 45(d)(3)(A)(iii)); *Eritrean Assn. of Greater Seattle v. Gebrekidan*, 2025 WL 2614106, at \*2 (W.D. Wash. Sept. 10, 2025) ("[T]he party seeking to quash a nonparty subpoena must provide some level of specificity or evidence in support of its motion").

   13.   Courts routinely deny motions to quash that do not proffer sufficient factual and legal support. *See, e.g., Marshall v. Galvanoni*, 2019 WL 2491524, at \*4 and \*7 (E.D. Cal. June 14, 2019) (denying motion to quash when "no legal authority or description of documents was provided") ("It is difficult to find any privilege attaches given plaintiff's conclusory arguments. That plaintiff 'believes' communications are privileged is

4

insufficient to carry his burden here, and the court will not guess whether a privilege applies to the unidentified documents at issue").

14. Here too, the Court should deny the Motion to Quash with prejudice for lack of evidentiary support.

B. Jonathan Larmore Does Not Have Standing to Move to Quash

15. A party has standing to challenge a subpoena served on another entity only "if the party can show it has a personal right or privilege regarding the subject matter of the subpoena." *Blotzer v. L-3 Commun. Corp.*, 287 F.R.D. 507, 509 (D. Ariz. 2012); *see also Ocean Garden Products Inc. v. Blessings Inc.*, 2020 WL 4933646, at *2 (D. Ariz. Aug. 24, 2020).

16. As discussed in the *Receiver's Objection to Marcia Larmore's Motion and Memorandum to Quash Subpoenas* [ECF No. 476] (the "First Objection"),[6] courts in the Ninth Circuit have held that bank records "are the bank's business records" and that there is no privacy interest held by the account holder. *See, e.g., Bryant v. Tristate Logistics of Arizona LLC*, 2020 WL 13864561, at *2 (D. Ariz. Apr. 9, 2020) (*citing Clayton Brokerage Co., Inc. of St. Louis v. Clement*, 87 F.R.D. 569, 571 (D. Md. 1980)); *R. Prasad Indus. v. Flat Irons Envt'l Sols., Corp.*, 2014 WL 2804276, at *6 (D. Ariz. June 20, 2014) ("this Court has not found ... [any Arizona legal authority] 'recogniz[ing] any privilege or other special protection from discovery that applies to an individual's private financial information held by a bank'") (denying motion to quash); *see also Reiserer v. United*

---

[6] As set forth above, the Receiver incorporates the arguments raised in his First Objection [ECF No. 476].

5

*States*, 479 F.3d 1160, 1165 (9th Cir. 2007) ("As to the bank subpoenas, "there is no privilege between a bank and a depositor").

17.  Failing to allege any personal right or privilege (*see infra*), Jonathan Larmore lacks standing to move to quash the subpoenas at issue.

C.  <u>The Receiver is Authorized to Issue the Subpoenas under the Receivership Order Irrespective of the Outcome of the Motions to Designate</u>

18.  Jonathan Larmore's argument that it is premature for the Receiver to obtain documents related to non-Receivership Entities is also unavailing and inconsistent with the Receivership Order.

19.  Regardless of the Complaint in this action (which is between plaintiff and defendant, and not the Receiver), the Receiver has businesses and properties to operate (and sell or transact as appropriate), books and records left behind to make sense of, and the interests of investors and creditors to address.

20.  As described in the pending motions to designate [ECF Nos. 332 and 372], and the sworn statements submitted therewith, due to extensive commingling of assets and affairs over the decades of their existence, the Receiver believes that the entities sought to be designated as receivership entities are intimately interconnected with the other receivership entities. Their financial and operational affairs are intertwined by common control, common accounting, common officers and directors, and common marketing.

21.  Having control of the assets and operations of the Additional Entities – as was the pre-receivership situation artificially adjusted by the Exhibit "A" list of entities provided to the SEC subject to revision–would allow for the efficient administration of the

6

estate and ensure that that all available assets are properly analyzed, marshalled and distributed for the benefit of investors and creditors. *See* First Motion to Designate [ECF No. 332] ¶¶ 13-17 (and the sworn statements submitted therewith). The Receiver simply seeks to restore the situation to *status quo ante* from the point of view of authority and accounting.

22. The Receiver has an independent duty to investigate the financial and business affairs of the Receivership Entities and potential causes of action on behalf of the Receivership Estate, and is authorized "to issue subpoenas for documents and testimony consistent with the Federal Rules of Civil Procedure and Court orders **without further leave of Court**." *See* Receivership Order [ECF No. 154] ¶¶ 24-26 (emphasis added).

23. Thus, the Receiver's requests for documents from third parties under this mandate is not dependent on the outcome of other pending motions.

D. <u>Any Privilege Deriving from Communications with Blaine Rice and Todd Tuggle Belong Exclusively to the Receiver</u>

24. Jonathan Larmore also asserts that the attorney-client privilege protects communications with Blaine Rice and Todd Tuggle. *See* Motion to Quash at 8.

25. "The party asserting the attorney-client privilege has the burden of establishing the relationship and privileged nature of the communication." *United States v. Richey*, 62 F.3d 559, 566 (9th Cir. 2011) (*citing United States v. Bauer*, 132 F.3d 504, 507 (9th Cir. 1997)).

26. Under Ninth Circuit law, the presumption is that the attorney-client privilege over communications with corporate or in-house counsel is held by the entity, not by

7

individual officers or employees. *See United States v. Graf*, 610 F.3d 1148 (9th Cir. 2010) ("any privilege that exists as to a corporate officer's role and functions within a corporation belongs to the corporation, not the officer").

27. A corporate officer can only assert a personal claim of privilege over communications with corporate counsel upon a heightened showing that a true independent attorney-client relationship was formed. *See id.* (defendant was not entitled to personal claim of attorney-client privilege to protect communications with corporate counsel when counsel never informed defendant that he was their client, all matters discussed were related to the company, the company paid all legal bills, and defendant admitted that he never requested that counsel represent him personally).

28. Here, Jonathan Larmore doesn't identify to the Court who Blaine Rice and Todd Tuggle are, in what capacity they served as might be relevant to the Motion to Quash, what other roles they might have occupied, what documents governed their relationship with ArciTerra entities and the Larmores and what privileges already may have been waived.

29. Jonathan Larmore's bare assertion that Messrs. Rice and Tuggle also represented him in his personal capacity is insufficient and must be rejected. *See, e.g., United States v. Martin,* 278 F.3d 988, 1000 (9th Cir. 2002) ("A party claiming the privilege must identify specific communications and the grounds supporting the privilege as to each piece of evidence over which privilege is asserted") (*citing United States v. Osborn*, 561 F.2d 1334, 1339 (9th Cir. 1977)).

30.     As set forth in the Holley Declaration, Blaine Rice and Todd Tuggle were employed or utilized as company counsel, among other positions. *See* Holley Declaration ¶¶ 12-24.

31.     It is well-settled that once a corporation goes into receivership, the right to assert the corporate attorney-client privilege is exclusively held by the receiver to the exclusion of displaced management. *See U.S. v. Plache*, 913 F.2d 1375 at 1381 (9th Cir. 1990) ("[A]ny right to assert the attorney-client privilege on behalf of the corporation passed when the receiver of [the corporation] and its affiliates and subsidiaries was appointed by the court"); *U.S. v. Spangler*, No. 2:12-cr-00133 (W.D. Wash. Jun 20, 2013) ("[c]ourts have uniformly held that a receiver, like a trustee, controls the attorney-client privilege for the entities under its control") (*citing Commodity Futures Trading Commission v. Weintraub*, 105 S. Ct. 1986 (1985) (the trustee, not displaced management, controls the privilege in bankruptcy)).

32.     To be sure, the Receivership Order, consented to by Jonathan Larmore, expressly provides this much:

> Any and all **attorney-client privilege**, work product protection, common interest or joint defense privilege, or other privilege or immunity (collectively, the "Privileges") of the Receivership Entities (but excluding any of the Relief Defendants), and/or attaching to or arising in or in connection with any of their documents, data or communications (whether written or oral), **are hereby** transferred and **belong exclusively to the Receiver** for the benefit of the Receivership Estate.

*See* Receivership Order [ECF No. 154] ¶ 27 (emphasis added).

9

33. Thus, any privilege deriving from communications with Blaine Rice and Todd Tuggle belongs exclusively to the Receiver.

### E. Jonathan Larmore's Request for a Protective Order is Not Supported by the Record

34. Jonathan Larmore's request that no documents be produced absent an appropriate protective order, similarly lacks legal and factual support and should be denied.

35. Federal Rule 26(c) provides the standard for federal courts to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense ... for good cause shown." *See* Fed. R. Civ. P. 26(c).

36. "For good cause to exist, the party seeking protection bears the burden of showing **specific prejudice or harm** will result if no protective order is granted." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002) (emphasis added); *see also Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063-4 (9th Cir. 2004) (substantial and particularized harm must be established).

37. "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. International Ins. Co.,* 966 F.2d 470, 476 (9th Cir. 1992); *see also Phillips*, 307 F.3d at 1211.

38. The Receiver submits that Jonathan Larmore's request for a protective order outside of the bounds of Rule 26 is improper and should not prevent or delay the Receiver from fulfilling his duties under the Receivership Order.

### IV. Conclusion

39. The Motion to Quash serves up exactly the broad allegations against which the courts warn, with no facts properly alleged or showing of prejudice or harm as required under these standards, and should be denied.

40. Given the authorities set forth herein, request is made to waive any requirement to file a separate memorandum of law. *See* LRCiv 7.2(b).

WHEREFORE, the Receiver respectfully requests that this Court deny the Motion to Quash in its entirety and for such other and further relief as the Court deems just and proper.

Dated: February 4, 2026

ARCHER & GREINER, P.C.

By: _____
Allen G. Kadish[1]
Harrison H.D. Breakstone[2]
1211 Avenue of the Americas
New York, New York 10036
Tel: (212) 682-4940
Email: akadish@archerlaw.com
hbreakstone@archerlaw.com

*Counsel for Allen D. Applbaum as Receiver*

11

# CERTIFICATE OF SERVICE

I hereby certify that on February 4, 2026, I electronically transmitted the foregoing document with the Clerk of the Court using the CM/ECF systems, which will provide electronic mail notice to all counsel of record.

                                                                          *[signature]*
                                                                          Allen G. Kadish

231659072 v7

12

**INDEX OF EXHIBITS**

**Exhibit A – Holley Declaration**

    **Exhibit 1 – Curriculum Vitae**

    **Exhibit 2 – Declaration of David A. Holley in Support of the Receiver's Objection to Relief Defendant Marcia Larmore's Motion and Memorandum to Quash Subpoenas [ECF No. 476-1]**

    **Exhibit 3 – Resume of Todd Tuggle**

    **Exhibit 4 – Calendar Invite**

    **Exhibit 5 – Email Exchange Dated June 7, 2016**

    **Exhibit 6 – Email Exchange Dated April 24, 2023**

    **Exhibit 7 – Email Exchange Dated February 6, 2017**

    **Exhibit 8 – Rule 69 Agreement**