Lee Stein (#012368)
lee@mscclaw.com
Anne Chapman (#025965)
anne@mscclaw.com
MITCHELL | STEIN | CAREY | CHAPMAN, PC
2600 North Central Avenue, Suite 1000
Phoenix, AZ 85004
Telephone: (602) 358-0292
Facsimile: (602) 358-0291

Terence G. Banich (IL 6269359) (pro hac vice)
terence.banich@katten.com
KATTEN MUCHIN ROSENMAN LLP
525 W. Monroe St.
Chicago, IL 60661
Telephone: (312) 902-5665

Attorneys for Relief Defendant
Michelle Larmore

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| United States Securities and Exchange Commission, | ) No. 2:23-cv-02470-PHX-DLR |
|---|---|
| Plaintiffs, | ) |
| v. | ) **RELIEF DEFENDANT MICHELLE** |
| | ) **LARMORE'S LIMITED OBJECTION** |
| Michelle Larmore, | ) **TO ARCITERRA RECEIVER'S** |
| | ) **NINTH APPLICATION FOR** |
| Relief Defendant. | ) **ALLOWANCE [DKT 539] AND** |
| | ) **RESERVATION OF RIGHTS** |

Relief Defendant Michelle Larmore ("Michelle"), through counsel, hereby submits this limited objection (the "Limited Objection") to Arciterra Receiver's Ninth Application for Allowance and Payment of Professional Fees and Reimbursement of Expenses for the Period January 1, 2026 through March 31, 2026 dated May 19, 2026 [Docket No. 539] (the "Motion"), and states as follows:

**Limited Objection**

1.     Over two years ago, Michelle commenced a dissolution of marriage proceeding against defendant Jon Larmore ("Jon") in the Maricopa County Superior Court (the "State Court"). Jon is the ultimate equity holder in several entities and properties that are now presently under the Receiver's control. As a consequence, Michelle holds significant equity interests by operation of Arizona community property law in those assets.[1]  Michelle has, through her counsel, worked very cooperatively and constructively with the Receiver team, and expects that this will continue as this case moves forward. This is, perhaps, because Michelle and the Receiver share the objective of preserving the assets of the receivership estate ("Estate") and liquidating them for the benefit of creditors and equity holders. So, Michelle supports the Receiver's work and wants to see the Receiver and his professionals be paid.

2.     That said, the Receiver cannot use any Larmore community property assets or their proceeds to pay their fees (or for any other purpose) because the State Court has prior exclusive jurisdiction over them.  On March 14, 2023, Michelle commenced an action for legal separation from Jon in the State Court, styled *In re Marriage of Larmore*, No. FC2023-001520 (the "Dissolution Case"). In the Dissolution Case, the State Court determined that all assets and liabilities acquired by the Larmores after the date of the Larmores' marriage (November 25, 1998) and through March 14, 2023, are community assets and liabilities within the meaning of Title 25, Arizona Revised Statutes (the "Community Assets") and that it has continuously exercised *in rem* jurisdiction over the Community Assets and their proceeds since March 14, 2023. (Docket No. 284-1 at ¶ 18.) *See, e.g., Schickner v. Schickner*, 237 Ariz. 194, 199, 348 P.3d 890, 895 (Ct. App. 2015) ("[p]roperty takes its character as separate or community at the time of acquisition and retains that character throughout the marriage."). Michelle commenced the Dissolution Case approximately eight months before the SEC filed this civil action and over nine

---

[1] Ariz. Rev. Stat. § 25-211(A).

months before the Court appointed the Receiver and purported to take exclusive jurisdiction of the Community Assets.

3.    Because the State Court was the first court to assert *in rem*/quasi *in rem* jurisdiction over the Community Assets, those assets remain subject to the prior *exclusive* jurisdiction of the State Court. "The ancient and oft-repeated...doctrine of prior exclusive jurisdiction holds that when a court of competent jurisdiction has obtained possession, custody, or control of particular property, that possession may not be disturbed by any other court." *Applied Underwriters, Inc. v. Lara*, 37 F.4th 579, 591 (9th Cir. 2022) (cleaned up) (quoting *State Eng'r v. S. Fork Band of Te-Moak Tribe of W. Shoshone Indians*, 339 F.3d 804, 809 (9th Cir. 2003)), *cert. denied*, 143 S. Ct. 748 (2023). Put another way, "where one court first takes proper *in rem* jurisdiction over a res, another court is precluded from exercising its jurisdiction over the same res." *Id.* (quoting *Kline v. Burke Constr. Co.*, 260 U.S. 226, 229 (1922) and citing *Princess Lida of Thurn & Taxis v. Thompson*, 305 U.S. 456, 466-67 (1939)). In Arizona, marital dissolution cases are *in rem* proceedings. *See, e.g., Schilz v. Superior Court*, 144 Ariz. 65, 68, 695 P.2d 1103, 1106 (Ariz. 1985); *Anonymous Wife v. Anonymous Husband*, 153 Ariz. 570, 572, 739 P.2d 791, 793 (Ct. App. 1986), *aff'd in part, rev'd in part on other grounds*, 153 Ariz. 573, 739 P.2d 794 (1987); *see also Martin v. Martin*, 156 Ariz. 440, 446, 752 P.2d 1026, 1032 (Ct. App. 1986) (Arizona court may divide community property "even if that property is located in another state"), *modified on other grounds*, 156 Ariz. 452, 752 P.2d 1038 (1988).

4.    Because the State Court was the first court to assume jurisdiction over the Community Assets, the Court was without power[2] to have "take[n] exclusive jurisdiction and possession"[3] over the same assets. The Community Assets, consequently, remain

---

[2] While the Ninth Circuit has described the prior exclusive jurisdiction rule as, among other things, "a rule of subject-matter jurisdiction…the doctrine is now best understood as a prudential (although mandatory) common law rule of judicial abstention." *Sexton v. NDEX W., LLC*, 713 F.3d 533, 536 n.5 (9th Cir. 2013).

[3] Docket No. 77 at ¶ 1; Docket No. 154 at ¶ 1.

subject to the exclusive jurisdiction of the State Court, and thus are not an asset of the Estate that the Receiver may use or consume.[4] *Cf. L.I.G. Pet Goods Trading, LLC v. Goldfarb*, No. 08-CV-5345, 2009 WL 141845, at *5 (E.D. Pa. Jan. 16, 2009) (prior exclusive jurisdiction rule prevented federal court from appointing receiver over certain businesses because previously filed state court divorce proceeding was "also an *in rem* action in that the state court was asked to make binding dispositions of the marital assets—including the businesses—that will involve determining ownership and distributing to each spouse his or her equitable share"). While Michelle does not oppose the Motion to the extent it seeks allowance of the Receiver's fees and expenses, she is constrained to object to any use of her presumptive fifty percent[5] (50%) of the Community Assets and their proceeds to pay the Estate's administrative expenses or for any other purpose.[6]

---

[4] For this reason, Michelle filed a limited objection [Docket No. 155] to the Receiver's then-pending sale motions [Docket Nos. 139 and 147], but the Receiver and Michelle thereafter stipulated that the issue presented by Michelle's limited objection was not then ripe, and that the Court should set a briefing schedule at a later time. [Docket Nos. 162 and 167 at p.4.] The Court approved that stipulation. [Docket No. 168 ¶ 3]

[5] Ms. Larmore also has waste claims against Jon that may, under applicable Arizona law, entitle her to a greater percentage interest in Community Assets.

[6] On September 16, 2024, the Receiver and Michelle entered into a stipulation that, in effect, cleared the way for the Receiver and his counsel to be paid the fees that the Court recently allowed in its order on the First Fee Application, and reserved Michelle's rights in connection with her original limited objection. [Docket No. 229]  On September 26, 2024, the Receiver and Michelle entered into a stipulation that, in effect, cleared the way for the Receiver and his counsel to be paid the fees that the Court recently allowed in its order on the Second Fee Application, and reserved Michelle's rights in connection with her original limited objection. [Docket No. 235]  On December 27, 2024, the Receiver and Michelle entered into a stipulation that, in effect, cleared the way for the Receiver and his counsel to be paid the fees that the Court recently allowed in its order on the Third Fee Application, and reserved Michelle's rights in connection with her original limited objection. [Docket No. 292]  ] On April 4, 2025, the Receiver and Michelle entered into a stipulation that, in effect, cleared the way for the Receiver and his counsel to be paid the fees that the Court recently allowed in its order on the Fourth Fee Application, and reserved Michelle's rights in connection with her original limited objection. [Docket No. 328]  On June 5, 2025, the Receiver and Michelle entered into a stipulation that, in effect, cleared the way for the Receiver and his counsel to be paid the fees that the Court recently allowed in its order on the Fifth Fee Application, and reserved Michelle's rights in connection with her original limited objection. [Docket No. 373]  On August 28, 2025 Michelle filed a Limited Objection to Arciterra Receiver's

-4-

5.      To be clear, Michelle supports the receivership and wants to see it accomplish its intended aims of recompensing allegedly harmed investors. But, ultimately, "the authority of a SEC receiver is defined by the entity or entities in the receivership," and the "receiver has no greater rights or powers than the corporation itself would have." *Sec. & Exch. Comm'n v. Horwitz*, No. 2:21-CV-2927-CAS-PDX, 2023 WL 11694914, at *5 (C.D. Cal. Aug. 11, 2023).  Here, when the Court appointed the Receiver, the Larmores' equity in the various ArciTerra entities now in receivership was *already* subject to division and distribution by the State Court under Title 25 of the Arizona Revised Statutes. The prior exclusive jurisdiction doctrine—and the principles of comity it upholds (*Sexton*, 713 F.3d at 536)—prevents a unilateral divestiture of the State Court's power and authority over those assets, even if there is a broader federal remedial objective at work. *Cf. Canatella v. Cal.*, 404 F.3d 1106, 1113 (9th Cir. 2005) (district courts have "no discretion" to exercise jurisdiction when the requirements for mandatory abstention are met).

### Conclusion and Reservation of Rights

6.      Michelle previously advised the Court that she believed that she and the Receiver could reach a compromise that would consensually resolve the defect in the Court's power over the Community Assets and that she would notify the Court if she and the Receiver were unable to resolve her limited objections.

7.      Michelle and the Receiver have not been able to reach a compromise to

---

Sixth Application for Allowance and Reservation of Rights. [Docket 426].  The Receiver filed a Reply on September 4, 2025.  [Docket 430]. On December 3, 2025 Michelle filed a Limited Objection to Arciterra Receiver's Seventh Application for Allowance and Reservation of Rights. [Docket 446].  The Receiver filed a Reply on December 10, 2025.  [Docket 448]. ion of Rights. [Docket 426].  The Receiver filed a Reply on September 4, 2025.  [Docket 430]. On March 4, 2026 Michelle filed a Limited Objection to Arciterra Receiver's Eighth Application for Allowance and Reservation of Rights. [Docket 506].  The Receiver filed a Reply on March 3, 2026.  [Docket 508].

-5-

resolve the defect in the Court's power over the Community Assets. As Michelle noted in her Response to Receiver's Status Report [ECF 411], she and the Receiver have been unable to resolve the limited objections regarding the defect in the Court's power over the Community Assets and Ms. Larmore has requested that the Court set a hearing to resolve the jurisdictional issues raised in her prior Limited Objection [ECF 396] and Sur-reply [ECF 393], which apply with equal force here.

8.    Notwithstanding the above, Michelle remains willing to enter into another Stipulation with respect to the Receiver's Application. While disputes about a federal court's subject matter jurisdiction generally must be resolved before the merits (see ECF #393 at 2 n.2), Michelle recognizes that the Receiver and his professionals have provided valuable services to the estate that are compensable. But Michelle continues to reserve all rights with regard to the Court's assertion of jurisdiction over, and any attempt by the Receiver to use, any Community Assets or their proceeds. Michelle further respectfully requests that the Court hear and determine her jurisdiction objection at the Court's first convenience.

RESPECTFULLY SUBMITTED on June 2, 2026.

MITCHELL | STEIN | CAREY | CHAPMAN, PC

By:   */s/ Lee Stein*

Lee Stein
Anne Chapman
Attorneys for Michelle Larmore

KATTEN MUCHIN ROSENMAN LLP

Terence G. Banich (pro hac vice)
Attorneys for Michelle Larmore

-6-

## CERTIFICATE OF SERVICE

I certify that on June 2, 2026, I electronically transmitted a PDF version of this document to the Clerk of Court, using the CM/ECF System for filing, and which will be sent electronically to all registered CM/ECF participants as identified on the Notice of Electronic Filing.

_/s/_

_Gina Armstrong_