Chantel M. Schimming, Esq.
Arizona Bar No. 025738
GHIDOTTI BERGER, LLP
1920 Old Tustin Ave.
Santa Ana, CA  92705-7811
Telephone: (949) 427-2010
Facsimile: (949) 427-2732
Email: cschimming@ghidottiberger.com
Attorney for Movants,
*Wintrust Mortgage, A Division of Barrington Bank and Trust Co., N.A.,*
*Green Prairies, LLC, and RH FUND 37, LLC*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| United States Securities and Exchange Commission, | Case No. 2:23-cv-2470-DLR |
| Plaintiff, | **SUPPLEMENTAL SECURED CREDITOR'S NOTICE OF TRANSFER OF INTEREST AND SUPPLEMENT TO MOTION TO SUBSTITUTE PARTY, OR IN THE ALTERNATIVE, MOTION TO INTERVENE** |
| vs. | |
| Jonathan Larmore, et al., | |
| Defendants, and | |
| Michelle Larmore; Marcia Larmore; CSL Investments, LLC; MML Investments, LLC ; Spike Holdings, LLC; and JMMAL Investments, LLC, | |
| Relief Defendants. | |

Wintrust Mortgage, A Division of Barrington Bank and Trust Co., N.A. ("Wintrust" or "Lender"), Green Prairies LLC ("GP LLC") and RH FUND 37, LLC ("RH" or "Assignee") (collectively "Movants"), by and through their attorneys, of the law firm of Ghidotti | Berger LLP, respectfully supplement their motion pursuant to Federal Rule of Civil Procedure 25(c) to substitute. This supplement is being submitted as a result of an assignment of all right, title and interest into the subject Mortgage from GP LLC to RH as the Secured Creditor in the above-captioned action, which

**1**

assignment occurred subsequent to the filing of the pending motion, but before a corresponding Order granting the pending motion. Movants are now seeking substitution of RH in place and stead of Wintrust, as RH is the current assignee. RH is the current assignee of record of the mortgage and, as such, is the proper real party-in-interest and should be granted the right to substitute into the pending litigation, or in the alternative, to intervene, pursuant to Fed. R. Civ. P. 24.

This Supplement to Motion is made based upon the attached Memorandum of Points and Authorities, the pleadings and papers on file herein, and any oral arguments as the Court may deem necessary.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   NOTICE OF TRANSFER OF INTEREST

Please take notice that on or about June 4, 2026, that certain Mortgage dated November 18, 2021, executed by Jonathan Larmore ("Mortgagor") in favor of Wintrust and recorded on December 2, 2021, in the Office of the Recorder of Kosciusko County, Indiana, as Document No. 2021120147 (the "Mortgage") was assigned to from GP LLC to RH FUND 37, LLC pursuant to an Assignment of Mortgage recorded on June 4, 2026, as Document No. 2026060184 ("Current Assignment"). Prior to this assignment, the mortgage had been assigned from Wintrust to GP LLC pursuant to an Assignment of Mortgage recorded on April 6, 2026, as Document No. 2026040113 (the "Assignment"). By virtue of the Current Assignment, RH is the current Assignee of the Mortgage and the party entitled to enforce the same.

### II.   INTRODUCTION

This action arises from a civil enforcement proceeding brought by the U.S. Securities and Exchange Commission, in which the Court has imposed an asset freeze and appointed a receiver. On January 30, 2026, Wintrust filed its Motion for Relief from Stay, or Alternatively, Instructions to Compel Administration or Abandonment ("Motion for Relief") with respect to that certain real

property known as 11751 N. Black Point Road Syracuse, IN 46567. (the "Property"). Specifically, Wintrust moved for relief from the asset freeze to exercise its foreclosure rights. On March 31, 2026, the interest in the Note and Mortgage was transferred to Assignee GP LLC. As a result of the transfer of interest, a notice and motion to substitute or alternatively intervene was filed on 05/03/2026 (ECF No. 529). The motion is fully briefed and pending decision by this Court. The subsequent assignment from GP LLC to RH has necessitated the instant supplemental notice and supplement to the pending motion. RH is the current party with the right to enforce the loan and pursue foreclosure, subject to this Court's receivership orders. Following assignment of the loan, Wintrust and GP LLC, and then GP LLC to RH, Movants now seeks substitution of RH as the real party-in-interest.

Just cause exists to do so because public records show that RH is the correct name of the current Assignee under the Mortgage and RH is currently in possession of and entitled to enforce the note secured by the Mortgage.

## III.   STATEMENT OF FACTS

On or about November 18, 2021, for valuable consideration, Borrower, Jonathan Larmore ("Borrower"), executed a Note in the original principal sum of $2,633,800.00 in favor of Wintrust Mortgage, A Division of Barrington Bank and Trust Co., N.A. [ECF No. 529-1]. To secure payment of the principal sum and interest provided in the Note, as part of the same transaction, Borrower executed a Mortgage in favor of Lender Wintrust as mortgagee, which Mortgage encumbering the Property was recorded in the Kosciusko County, IN Official Records on December 2, 2021, as Instrument number 2021120147. [ECF No. 529-2].

The Mortgage was assigned by Wintrust Mortgage, a division of Barrington Bank and Trust Co., N.A. to Old Plank Trail Community Bank, N.A., by that certain Assignment of Mortgage recorded in the Kosciusko County, IN Official Records on May 30, 2025, as Instrument No. 2025051008. [ECF 529-3].

The Mortgage was subsequently assigned by Old Plank Community Bank, N.A., successor in interest to Wintrust Mortgage, a division of Barrington Bank and Trust Co., N.A. to the current Assignee, Green Prairies, LLC, by that certain Assignment of Mortgage recorded in Kosciusko County, IN Official Records on April 6, 2026, as Instrument number 2026040113. [ECF No. 529-4].

The Mortgage has now been assigned by Green Prairies, LLC to RH FUND 37, LLC, by that certain Assignment of Mortgage recorded in Kosciusko County, IN Official Records on June 4, 2026, as Instrument number 2026060184. A true and correct copy of that Assignment is attached hereto as **Exhibit "A"**. Assignee, RH, is the current assignee of the mortgage and is the person entitled to enforce the Note.

## IV.    MOTION TO SUBSTITUTE

Under Fed. R. Civ. P. 25(c), "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." The Rule does not require substitution, and the action can continue in the name of the original party. However, application of Fed. R. Civ. P. 25 is generally within the trial court's discretion. *See McComb v. Row River Lumber Co.*, 177 F.2d 129 (9th Cir. 1949); *United States use of Acme Granite & Tile Co. v. F. D Rich Co.*, 437 F.2d 549 (9th Cir. 1970). Substitution should be granted where the transferee's presence "would facilitate the conduct of the litigation." *In re Bernal*, 207 F.3d 595, 598 (9th Cir. 2000).

Here, Assignee, RH, is now the record real party-in-interest and should be permitted to substitute accordingly. As the current mortgagee, RH has a direct and substantial interest in the case due to its interest in the Property and the existing asset freeze on Borrower Jonathan Larmore's assets that is precluding the Secured Creditor on the Property from exercising its contractual and legal rights. RH should be afforded the opportunity to litigate the pending Motion for Relief seeking entry of an

order granting limited relief from the receivership stay/asset freeze, or alternatively, directing the Receiver to promptly abandon or take definitive action with respect to the Property.

Substitution or joinder will facilitate clarify of the record and ensure that the party with the current enforceable interest is before the Court at the time it rules on the Motion for Relief. Accordingly, the Court should grant the request to substitute RH rather than GP LLC into the case in the place of Wintrust.

## V. ALTERNATIVE MOTION TO INTERVENE

In the alternative, in the event the Court does not believe substitution is appropriate, RH requests that it be permitted to intervene in the action, and Wintrust be dismissed and any relief as to GP LLC deemed moot. Fed. R. Civ. P. 24 provides the mechanism by which a person may intervene:

Rule 24. Intervention

(a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:

(1) is given an unconditional right to intervene by a federal statute; or
(2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

(b) Permissive Intervention.

(1) *In General*. On timely motion, the court may permit anyone to intervene who:
(A) is given a conditional right to intervene by a federal statute; or
(B) as a claim or defense that shares with the main action a common question of law or fact.
…
(3) *Delay or Prejudice*. In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

Here, Assignee RH, the current mortgagee of record, is a necessary party to the litigation and has a direct and substantial interest in the case due to its interest in the Property, which is subject to the asset freeze on Jonathan Larmore's assets, and the pending Motion for Relief. *See* Fed. R. Civ. P.

Rule 19(a)(1) (a person is necessary if "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."). No other party in the case can adequately represent RH's interest. Neither Wintrust, nor GP LLC, own the loan and they are no longer a mortgagee under the Mortgage. Thus, if this Court deems substitution inappropriate, it should permit RH to intervene of right.

Alternatively, permissive intervention under Rule 24(b) is appropriate because RH, as the current owner of the Note and mortgagee under the Mortgage previously asserted in the Motion for Relief seeks only to protect the same lien-based rights already placed before the Court in the pending Motion for Relief from the asset freeze. The Motion for Relief demonstrates that adjudication of the freeze as it relates to the Property directly affects enforcement of the secured interest, and that interest has now been assigned to RH without altering the underlying legal or factual issues before the Court. Allowing intervention will not prejudice any parties or unduly delay the proceedings, but will instead promote judicial efficiency by ensuring that the party currently holding the secured interest is properly positioned to participate in and be bound by determinations affecting its collateral, rather than requiring repetitive or duplicative motion practice regarding the same relief previously sought by its predecessor in interest.

The Motion, as briefed, remains substantively unchanged. This filing simply updates the identity of the party currently holding the secured interest. Addressing this issue now will avoid any standing concerns and promote efficient resolution of the Motion.

## VI.    CONCLUSION

At bottom, the Mortgage relevant to the pending Motion for Relief is currently assigned to RH. Therefore, neither Wintrust nor GP LLC have an interest in the Property or the outcome of the

6

Motion for Relief and RH is the real party-in-interest. Accordingly, RH should be substituted as Secured Creditor in place of Wintrust. Alternatively, RH should be granted leave to intervene pursuant to Fed. R. Civ. P. 24 and Wintrust should be dismissed and GP LLC removed from any requested relief.

DATED: June 26, 2026.

**GHIDOTTI BERGER, LLP**

*/s/ Chantel M. Schimming*
Chantel M. Schimming, Esq.
1920 Old Tustin Ave.
Santa Ana, CA  92705-7811
Email: cschimming@ghidottiberger.com
Attorney for *Wintrust Mortgage, A Division of Barrington Bank and Trust Co., N.A., Green Prairies, LLC* and *RH FUND 37, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 27, 2026, I electronically transmitted the foregoing document with the Clerk of the Court using the CM/ECF systems, which will provide electronic mail notice to all counsel of record. I also mailed the document via US Mail, Postage prepaid as follows:

Jonathan Larmore (Reg. #04456-511)
FCI Lewisburg Federal Correctional Institution
Satellite Camp
P.O. Box 1000
Lewisburg, PA 17837

*/s/ Chantel Schimming*
for Ghidotti | Berger LLP