**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

United States Securities and Exchange Commission,

Plaintiff,

v.

Jonathan Larmore, et al.,

Defendants.

No. CV-23-02470-PHX-DLR

**ORDER**

At issue is Defendant Jonathan Larmore's ("Jonathan") motion to quash subpoenas. (Doc. 518.) This motion was filed before the Court addressed similar issues in orders on other motions to quash (Docs. 599-601), issued an order designating additional Receivership entities (Doc. 594), and entered a stipulated protective order (Doc. 607). Accordingly, on October 21, 2026, the Court ordered the parties to re-confer regarding the issues raised in Jonathan's motion to quash and to notify the Court whether the issues raised in the motion have been mooted or narrowed by recent case developments. (Doc. 608.)

In their joint response, the parties largely agree that the issues raised in Jonathan's motion to quash are now moot. (Doc. 622.) Jonathan contends only two issues remain: (1) whether the Receiver's subpoena on attorney John M. McIntyre should be narrowed to exclude communications in McIntyre's possession, custody, or control that relate to legal advice provided to Jonathan in his personal capacity only, as opposed to his capacity as an officer of the Receivership entities (*Id.* at 3-4), and (2) whether any personal financial

information of Jonathan's that the Receiver seeks from Interactive Brokers, First City National Bank & Trust, and City National Bank should be governed and treated in accordance with the protective order's provisions regarding the handling of Personally Identifiable Information (*Id.* at 4).

Based on the Receiver's representations in the joint response, there is no dispute regarding these issues. On the first point, the Court previously imposed limits on similar subpoenas directed to two other attorneys. (Doc. 601.) Jonathan argues a similar limitation should apply to the subpoena at issue here. (Doc. 622 at 4.) The Receiver, however, states that he does not seek the production of any such privileged communications. (*Id.* at 5.) On the second point, the Receiver agrees that documents produced by Interactive Brokers, First-Citizens Bank & Trust, and City National Bank are governed by the protective order, including its provisions concerning Personally Identifiable Information. (*Id.*)

There being no substantial disagreement between the parties,

**IT IS ORDERED** that Jonathan's motion to quash (Doc. 518) is **DENIED as moot**, except that the Court, out of an abundance of caution, narrows the subpoena directed to John M. McIntyre to exclude communications in his possession, custody, or control that relate to legal advice he provided to Jonathan Larmore in his *personal* capacity, as opposed to his capacity as an officer of the Receivership entities.

Dated this 2nd day of November, 2026.

Douglas L. Rayes
Senior United States District Judge